**RTW RETAILWINDS, INC.**

---

**RESOLUTIONS OF THE MEMBERS OF
THE BOARD OF DIRECTORS
AT A MEETING ON JULY 12, 2020**

---

**WHEREAS**, a telephonic meeting (the "Meeting") of the Board of Directors (the "Board" or "Directors") of RTW Retailwinds, Inc., a Delaware corporation (the "Company"), was concluded on July 12, 2020;

**WHEREAS**, a requisite number of the members of the Board, constituting a quorum, participated throughout the Meeting. After it was confirmed that the Meeting was duly convened (and each member of the Board waived any notice requirements in connection therewith), those participating could hear each other and a quorum of the Board was in attendance, the Meeting was called to order;

**WHEREAS**, the Board has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of chapter 11 cases under title 11 of the United States Code (the "Bankruptcy Code"), including materials provided by the financial and legal advisors, and the Board recommends the adoption of these resolutions.

**(Chapter 11 Bankruptcy Petition)**

**WHEREAS**, in light of the Company's current financial condition, the Board has investigated, discussed and considered options for addressing the Company's financial challenges and, after consultation with the Company's advisors, have concluded that it is in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code; now therefore be it

**RESOLVED**, that in the judgment of the Directors of the Company, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company seeking relief under the Bankruptcy Code; and it is further

**RESOLVED**, that the Chief Executive Officer of the Company is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), at such time as

said officer shall determine in consultation with the Company's legal and financial advisors; and it is further

**RESOLVED**, that the law firm of Cole Schotz P.C. is hereby employed as attorneys for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the financial advisory firm of Berkeley Research Group, LLC is hereby employed as financial advisors for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the investment banking firm of B. Riley FBR, Inc. is hereby employed as the investment banker for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the firm of Prime Clerk, LLC is hereby employed as the claims and noticing agent for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Chief Executive Officer and the Other Officers (as defined below) are hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, liquidators and other professionals, and to take and perform any and all further acts and deeds deemed necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 case; and it is further

**RESOLVED**, that the Chief Executive Officer and the Other Officers are hereby authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, including without limitation, the amendment of any organizational, constitutional or similar documents of subsidiaries of the Company for the preservation of such entities and/or the value of the estate, and to take such action as in the judgment of such officer(s) be or become necessary, proper and desirable to effectuate an orderly liquidation of the Company's assets; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Directors, Chief Executive Officer or any Other Officer in the name and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed and approved; and it is further

**RESOLVED,** that the filing by the Company of a petition seeking relief under the provisions of the Bankruptcy Code shall not dissolve the Company.

### (Appointment of Chief Restructuring Officer)

**WHEREAS**, the Directors, in consultation with the Company's professionals, have determined that it is desirable, fair, reasonable, and in the best interests of the Company to

60917/0001-20400607v5

designate Robert Shapiro to serve as an officer of the Company in the position of Chief Restructuring Officer (the "CRO"), effective as of the commencement of the Chapter 11 case; now therefore be it

**RESOLVED**, that Robert Shapiro is appointed to the position of CRO of the Company; and it is further

**RESOLVED**, that the CRO is hereby delegated the authority otherwise vested in the chief executive officer, chief financial officer, president, and/or any other executive or senior vice president, of the Company (collectively, the "Other Officers"), in consultation with the Chief Executive Officer and the Other Officers, and where appropriate and consistent with the CRO's discharge of his fiduciary duties in consultation with the Chief Executive Officer and the Other Officers, over implementation and prosecution of the Chapter 11 case, including causing the Company to enter into one or more restructuring transactions, including, but not limited to, a liquidation of the Company's assets through store closing sales and a sale of the Company's eCommerce business as a going concern (each a "Restructuring Transaction"); and it is further

**RESOLVED**, that the CRO shall report to the Board for the purpose of performing the duties and responsibilities of a Chief Restructuring Officer and such other duties and responsibilities as may be determined by the Board to be reasonably related thereto; and it is further

**RESOLVED**, that the CRO, in consultation with the Chief Executive Officer and the Other Officers, is hereby authorized and empowered, in the name of and on behalf of the Company, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of any Restructuring Transaction to which the Company is or will be a party, including, but not limited to, any management agreements, Chapter 11 plan, disclosure statement, asset purchase agreement, and all exhibits and/or ancillary documents related thereto (collectively, the "Restructuring Documents"); and it is further

**RESOLVED**, that the CRO, in consultation with the Chief Executive Officer and the Other Officers, is hereby authorized and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain bankruptcy court approval of the Restructuring Documents in connection with any Restructuring Transaction, and (ii) obtain bankruptcy court approval of any Restructuring Transaction; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any of the CRO, the Board, any committee of the Board, the Chief Executive Officer or the Other Officers in connection with the appointment and retention of the CRO, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

**(Use of Cash Collateral and Adequate Protection)**

**WHEREAS**, that the Company, among others, are party to that certain Fourth Amended and Restated Loan and Security Agreement, dated as of October 24, 2014 (as amended from time

to time), with Wells Fargo Bank, National Association, in its capacity as administrative agent, pursuant to which the lenders (the "Lenders") party thereto have made certain loans and financial accommodations available to the Company.

WHEREAS, the Company will obtain benefits from the use of collateral, including cash collateral as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Lenders; now therefore be it

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Lenders (the "Adequate Protection Obligations"), as documented in the proposed order regarding the use of cash collateral (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is further

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order; and it is further

RESOLVED, that the CRO be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to the Cash Collateral Order, and, the CRO be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, as necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 case, which agreement(s) may require the Company to grant adequate protection and security interests to the Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the CRO, in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and it is further

RESOLVED, that the CRO, the Chief Executive Officer and the Other Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute, deliver, and file any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to take any other action which shall in his/her or their absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his execution thereof.

(**Store Closing**)

RESOLVED, that the CRO, the Chief Executive Officer and the Other Officers be, and hereby are, authorized and directed, and empowered in the name of, and on behalf of, the Company, to begin the process of closing the Company's stores and liquidating the assets and

60917/0001-20400607v5

inventory related thereto as is determined to be necessary, including entering into an agreement with an agent to represent and assist the Company in operating "store closing" sales as is determined to be necessary and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of such agent.

**(General Resolutions)**

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that the Board be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as the Board shall deem necessary or desirable in its reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.