**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Stuart Komrower, Esq.
Ryan T. Jareck, Esq.
Matteo W. Percontino, Esq.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536
Email: msirota@coleschotz.com
           skomrower@coleschotz.com
           rjareck@coleschotz.com
           mpercontino@coleschotz.com

*Proposed Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re: | Chapter 11 |
|---|---|
| RTW RETAILWINDS, INC., *et al.,* | Case No. 20-_____(    ) |
| Debtors.[1] | Joint Administration Requested |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 521(a)**
**AND FED. R. BANKR. P. 1007(c) FOR ENTRY OF AN ORDER EXTENDING**
**THE TIME TO FILE THEIR SCHEDULES OF ASSETS AND LIABILITIES**
**<u>AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936).  The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

### I.  JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 521(a)(1)(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### II.  BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

4. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

5. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day*

*Pleadings*, sworn to on the date hereof (the "**First Day Declaration**"), which has been filed with the Court contemporaneously herewith.[2]

### III.    RELIEF REQUESTED

6. Pursuant to sections 105(a) and 521(a)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors request that the Court extend the fourteen (14) day period to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") by an additional thirty (30) days, through and including August 26, 2020, without prejudice to their right to request additional time should it become necessary.

### IV.    BASIS FOR RELIEF REQUESTED

7. Section 521 of the Bankruptcy Code requires debtors to file, *inter alia*, "a schedule of assets and liabilities" and "a statement of . . . financial affairs." 11 U.S.C. § 521(a)(1)(B). Bankruptcy Rule 1007(c) provides that "in a voluntary case, the schedules, statements and other documents required by subdivision (b)(1), (4), (5), and (6)," which include the Schedules, "shall be filed with the petition or within 14 days thereafter." Fed. R. Bankr. P. 1007(c).

8. The Court may grant the relief requested herein pursuant to Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . appointed under § 1102 of the Code, [and any] trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c). Moreover, section 105(a) of the Bankruptcy

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).

9. The Debtors have an aggregate of approximately $412 million in assets and approximately $396 million in liabilities and estimate that they have more than 10,000 creditors and other parties-in-interest on a combined basis.  Given the size and complexity of the Debtors' operations, the Debtors anticipate that they will be unable to complete their Schedules in the fourteen (14) days provided under Bankruptcy Rule 1007(c).

10. To prepare the Schedules, the Debtors must review and compile information from their books and records and from other documents relating to, among other things, accounts payable and receivable, real estate leases, employee wages and benefits, intercompany transactions, and vendor and supplier agreements.  Collecting the necessary information to prepare the Schedules requires an enormous expenditure of time and effort from the Debtors, their employees, and their professionals.

11. While the Debtors, their employees, and their professionals, are working diligently to prepare the Schedules, their resources are limited and strained.  Moreover, they are facing competing demands to prepare the Schedules, stabilize business operations during this critical post-petition period, and provide continued support to the Debtors' efforts to maximize value through the restructuring process.  Accordingly, they are unlikely to be able to properly and accurately complete the Schedules within the statutory fourteen (14) day period and anticipate that they will require at least thirty (30) additional days to complete the Schedules.

12. It is within the Court's equitable powers under section 105 of the Bankruptcy Code to extend the deadline to file the Schedules as requested herein.  The Debtors respectfully submit that the relief requested herein is appropriate in light of the vast amount of information

they must review and compile in order to complete the Schedules and the number of hours required to complete the task. Moreover, the magnitude of the task constitutes good and sufficient cause for granting the requested extension of time.

13. This Court has granted the relief requested herein in large, complex chapter 11 cases such as these. *See, e.g.*, *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP) (Bankr. D.N.J. March 13, 2020); *In re Hollister Construction Services, LLC*, Case No. 19-27439 (MBK) (Bankr. D.N.J. Sept. 16, 2019); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re C. Wonder LLC*, Case No. 15-11127 (MBK) (Bankr. D.N.J. Jan. 28, 2015); *In re Crumbs Bake Shop, Inc.*, Case No. 14-24287 (MBK) (Bankr. D.N.J. July 16, 2014); *In re MEE Apparel LLC*, Case No. 14-16484 (CMG) (Bankr. D.N.J. Apr. 7, 2014); *In re Ashley Stewart Holdings, Inc.*, Case No. 14-14383 (MBK) (Bankr. D.N.J. Mar. 11, 2014).

14. Accordingly, the Debtors request that the Court extend the fourteen (14) day period for an additional thirty (30) days, without prejudice to their right to request further extensions, for cause shown. The relief requested herein will not prejudice any party-in-interest. The Debtors intend to cooperate with the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") and other parties in interest to provide access to relevant information regarding the Debtors' businesses and financial affairs.

## V.    NO PRIOR REQUEST

15. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## VI. <u>NOTICE</u>

16. Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for the administrative agent under the Debtors' pre-petition revolving credit facility, Wells Fargo Bank, National Association, c/o Otterbourg P.C. (Attn: Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq.), 230 Park Avenue, New York, NY 10169-0075; (iv) the Internal Revenue Service; and (v) the United States Attorney's Office for the District of New Jersey. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

60917/0001-20080909v1

WHEREFORE the Debtors respectfully request entry of the proposed order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 13, 2020

Respectfully submitted,

**COLE SCHOTZ P.C.**

By:  */s/ Michael D. Sirota*
    Michael D. Sirota, Esq.
    Stuart Komrower, Esq.
    Ryan T. Jareck, Esq.
    Matteo W. Percontino, Esq.
    Court Plaza North
    25 Main Street
    Hackensack, NJ 07601
    Telephone: (201) 489-3000
    Facsimile:  (201) 489-1536
    Email: msirota@coleschotz.com
           skomrower@coleschotz.com
           rjareck@coleschotz.com
           mpercontino@coleschotz.com