**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Stuart Komrower, Esq.
Ryan T. Jareck, Esq.
Matteo W. Percontino, Esq.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536
Email: msirota@coleschotz.com
          skomrower@coleschotz.com
          rjareck@coleschotz.com
          mpercontino@coleschotz.com

*Proposed Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC., *et al.,* | Case No. 20-_____(     ) |
| Debtors.[1] | Joint Administration Requested |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 521, AND FED. R. BANKR. P. 1007(a) AND 2002(a) AND (f), FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF A FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 20 LARGEST UNSECURED CREDITORS AND (C) MAIL INITIAL NOTICES**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936).  The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

60917/0001-20083385v1

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

## I.   JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 1007(a) and 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Bankruptcy Rules**").

## II.   BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in these chapter 11 cases.

4. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

60917/0001-20083385v1

5. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day Pleadings*, sworn to on the date hereof (the "**First Day Declaration**"), which has been filed contemporaneously herewith.[2]

6. As set forth in the First Day Declaration, there are twelve (12) Debtor entities involved in these chapter 11 cases. The Debtors hold an aggregate of approximately $412 million in assets and approximately $396 million in liabilities. The Debtors estimate that they have over 10,000 creditors and other parties-in-interest on a consolidated basis.

7. Concurrently with the filing of this motion, the Debtors have filed an application to retain Prime Clerk, LLC (the "**Claims and Noticing Agent**") as their claims and noticing agent in these chapter 11 cases. If that application is granted, the Claims and Noticing Agent will, among other things, (a) assist with the consolidation of the Debtors' records into a creditor database and prepare creditor lists, (b) mail notices to the parties in such database, including the notice of commencement of these chapter 11 cases (the "**Notice of Commencement**") and (c) undertake any other mailings directed by this Court or the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") or required by the Bankruptcy Code.

### III. RELIEF REQUESTED

8. Pursuant to sections 105(a) and 521 of the title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a)(1) and (d) and 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 1007-1, the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Debtors request entry of an order authorizing the Debtors to (a) prepare a consolidated list of creditors in the format or formats currently maintained in the ordinary course of business in lieu of submitting any required mailing matrix, (b) file a consolidated list of the Debtors' twenty (20) largest unsecured creditors, and (c) mail initial notices through their proposed notice and claims agent.

### IV.    BASIS FOR RELIEF REQUESTED

**A.    Cause Exists to Authorize the Debtors to File a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

9.    Pursuant to section 521of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Rule 1007-1, a debtor is required to file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G and H as prescribed by the Official Forms.  That list must comply with the instructions in the CM/ECF User's Guide which requires the list to be in .txt format.  *See* Local Rule 1007-1.

10.    Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing and uploading a creditor matrix, is warranted under the circumstances of these cases.  Because the Debtors have thousands of creditors, converting the Debtors' computerized information to a format compatible with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error with respect to information already intact on computer systems maintained by the Debtors or their agents.

11.    After consulting with the Claims and Noticing Agent, the Debtors believe that preparing a consolidated list in the format or formats currently maintained by the Debtors in the ordinary course of business will be sufficient to permit the Claims and Noticing Agent to promptly provide notices to all applicable parties.  Indeed, with the assistance of the Claims and

4

Noticing Agent, the Debtors will be prepared to provide parties in interest with a computer-readable consolidated list of creditors upon request (or in non-electronic form at such requesting party's sole cost and expense) and will be capable of undertaking all mailings for the Debtors required during the pendency of these chapter 11 cases.  The Debtors believe that maintaining their lists of creditors in electronic format rather than preparing and filing a creditor matrix will maximize efficiency, increase accuracy, and reduce costs to the benefit of these estates.

12. In light of the foregoing, the Debtors submit that the proposed maintenance of an electronic list of creditors by the Claims and Noticing Agent is warranted under the facts and circumstances present here, consistent with the applicable provisions of the Local Bankruptcy Rules.

B. **Cause Exists to Authorize the Debtors to File a Single List of Creditors**

13. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  This list is primarily used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.[3]

14. The Debtors submit that a single consolidated list of their combined twenty (20) largest unsecured creditors in these chapter 11 cases would be more reflective of the body of

---

[3] "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla.1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Lawrence P. King, et al. eds., 16th ed. 2019) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

unsecured creditors that have the greatest stake in these chapter 11 cases than separate lists for each of the Debtors.  Therefore, the Debtors respectfully request authorization to file a single consolidated list of their twenty (20) largest unsecured creditors in these chapter 11 cases.

C. **Cause Exists to Authorize the Debtors to Mail the Notice of Commencement**

15. To alleviate the administrative and economic burdens that these chapter 11 cases may impose upon the Court and the Clerk's office, the Debtors propose that the Claims and Noticing Agent undertake all mailings directed by this Court or the U.S. Trustee or required by the Bankruptcy Code or Bankruptcy Rules.  The Claims and Noticing Agent will, among other things, serve the Notice of Commencement.

16. Because the Claims and Noticing Agent will work closely with the Debtors, the authorization to serve the Notice of Commencement will facilitate notice in the event of any amendments to the creditor list and will ensure all creditors and parties-in-interest receive timely and proper notice of filing of the Debtors' petitions as well as the date, time, and location for the first meeting of creditors pursuant to section 341 of the Bankruptcy Code.

V. **NOTICE**

17. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for the administrative agent under the Debtors' pre-petition revolving credit facility, Wells Fargo Bank, National Association, c/o Otterbourg P.C. (Attn: Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq.), 230 Park Avenue, New York, NY 10169-0075; (iv) the Internal Revenue Service; and (v) the United States Attorney's Office for the District of New Jersey.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

60917/0001-20083385v1

## VI. NO PRIOR REQUEST

18. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Dated: July 13, 2020

Respectfully submitted,

**COLE SCHOTZ P.C.**

By: _/s/ Michael D. Sirota_
Michael D. Sirota, Esq.
Stuart Komrower, Esq.
Ryan T. Jareck, Esq.
Matteo W. Percontino, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Email: msirota@coleschotz.com
skomrower@coleschotz.com
rjareck@coleschotz.com
mpercontino@coleschotz.com