**PROPOSED FINAL ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Stuart Komrower, Esq.
Ryan T. Jareck, Esq.
Matteo W. Percontino, Esq.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Counsel for Debtors
and Debtors in Possession*

In re:

RTW RETAILWINDS, INC., *et al.,*

Debtors.[1]

Chapter 11

Case No. 20-     (    )

Joint Administration Requested

**Hearing Date and Time:**

# FINAL ORDER PURSUANT 11 U.S.C. §§ 105(A), 363, AND 507(A) AUTHORIZING DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (III) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

(Page 2)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT 11 U.S.C. §§ 105(a), 363, AND 507(a) AUTHORIZING DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (III) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND FOR RELATED RELIEF

Upon the motion (the "**Motion**")[2] of RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, and 507 of the Bankruptcy Code, for an order authorizing the Debtors to (i) pay pre-petition wages, salaries and other compensation, taxes, withholdings, and related costs and reimbursable employee expenses, (ii) pay and honor obligations relating to employee medical, insurance and other benefits programs, (iii) continue their employee medical, insurance, and other benefits programs on a postpetition basis, (iv) continue providing severance and pension benefits, and (v) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b), and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the relief sought in the Motion and the hearing thereon having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held hearings to consider the relief requested in the Motion on an interim (the "**Interim**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the motion.

(Page 3)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT 11 U.S.C. §§ 105(a), 363, AND 507(a) AUTHORIZING DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (III) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND FOR RELATED RELIEF

**Hearing**") and final basis (the "**Final Hearing**"), and the Court having entered an order granting the relief requested in the Motion on an interim basis; and upon the *Declaration of Robert Shapiro in Support of Chapter 11 Petitions and First Day Pleadings, filed contemporaneously with the Motion*, the record of the Interim Hearing and the Final Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, provides a net benefit to the Debtors and their estates after taking into account the priority scheme of the Bankruptcy Code, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 507 of the Bankruptcy Code, to pay and honor all pre-petition obligations associated with the Employee Obligations and to continue the programs and maintain funding in the ordinary course of business, to the extent requested in the Motion, on account of: (i) Unpaid Compensation, Payroll and Workforce Management Fees, Deductions, Union Dues and Payroll Taxes; (ii) Employee Benefit Programs; (iii) Incentive Programs; (iv) Severance Program; (v) Reimbursable Expenses; (vi) Worker's Compensation Policies and Programs; and (vii) the Union Pension

(Page 4)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (\_\_\_)
Caption of Order: FINAL ORDER PURSUANT 11 U.S.C. §§ 105(a), 363, AND 507(a) AUTHORIZING DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (III) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND FOR RELATED RELIEF

Payments; provided that payments for payments for wages, salaries, severance, and paid time off shall not exceed $13,650 for each individual unless otherwise ordered by this Court.

3. Pursuant to sections 105(a), 363, and 503 of the Bankruptcy Code, in connection with the Debtors' store closing sales and any related cost-cutting measures, the Debtors are authorized, but not directed, to continue the Severance Program and make the severance payments to the Eligible Severance Employees terminated post-petition in the ordinary course of business; provided, however, that the payment of severance payments under the Severance Program to the Eligible Severance Employees shall not exceed the 507(a)(4) Priority CAP.

4. The Debtors are authorized to issue severance payments to the two (2) insiders referenced in the Motion provided such payments are consistent with Section 503(c)(2) of the Bankruptcy Code and do not exceed the 507(a)(4) Priority CAP.

5. The Debtors are further authorized, but not directed, to modify or discontinue any benefit program to reduce or eliminate program expenses or the benefits provided thereunder, at any time, in their sole discretion without prior Court approval.

6. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and pre-petition practices.

(Page 5)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT 11 U.S.C. §§ 105(a), 363, AND 507(a) AUTHORIZING DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (III) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND FOR RELATED RELIEF

7. The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations.

8. In accordance with this Final Order (or other Order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise.

9. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of pre-petition obligations and claims to replace any pre-petition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

10. Any payment made or to be made under this Final Order, and any authorization contained in this Final Order, shall be subject to the terms of any orders authorizing the use of cash collateral entered by this Court in these chapter 11 cases.

(Page 6)
Debtors:        RTW RETAILWINDS, INC., *et al*.
Case No.        20-_____ (___)
Caption of Order:   FINAL ORDER PURSUANT 11 U.S.C. §§ 105(a), 363, AND 507(a)
                AUTHORIZING DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES
                AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR
                EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (III) CONTINUE
                EMPLOYEE BENEFITS PROGRAMS, AND FOR RELATED RELIEF

11.     Nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

12.     Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all action necessary to carry out this Final Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.