# **PROPOSED INTERIM ORDER**

<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Stuart Komrower, Esq.
Ryan T. Jareck, Esq.
Matteo W. Percontino, Esq.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Attorneys for Debtors
and Debtors in Possession*

In re:

RTW RETAILWINDS, INC., *et al.,*

Debtors.[1]

</td><td>

Chapter 11

Case No. 20-    (    )

Joint Administration Requested

**Hearing Date and Time:**

</td></tr>
</table>

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

Upon the motion (the "**Motion**")[2] of RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 366 of the Bankruptcy Code for entry of an order (i) approving the Debtors' proposed form of adequate assurance of payment to utility providers, (ii) establishing procedures for determining adequate assurance of payment for future utility services, and (iii) prohibiting utility providers from altering or discontinuing utility service on account of an outstanding prepetition invoice, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)
Debtors:         RTW RETAILWINDS, INC., *et al*.
Case No.         20-_____ (___)
Caption of Order:   INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

the Motion (the "**Hearing**"); and upon the *Declaration of Robert Shapiro in Support of Debtors' Chapter11 Petitions and First Day Pleadings*, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED on an interim basis.

2.  Until such time as the final order with respect to the Motion is entered by the Court, the Debtors' utility providers (the "**Utility Providers**") are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices other than as set forth in the Motion and this Interim Order.

3.  Within twenty (20) days after enter of this Interim Order, the Debtors shall deposit $168,000 (the "**Adequate Assurance Deposit**") into a newly-created, segregated,

(Page 4)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

interest-bearing bank account (the "**Adequate Assurance Account**"), which shall be separately allocated for, and payable to, each Utility Provider (whether directly or through the utility aggregators, as applicable) in the amount set forth in the Utility Service List as to each Utility Provider or as otherwise agreed; provided that to the extent any Utility Provider possesses or receives any other value from the Debtors on account of adequate assurance, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account for such Utility Provider by such amount.

4. The Debtors (i) are authorized to pay, in the ordinary course of business, any post-petition obligations related to ENGIE's service fees in accordance with prepetition practice; and (ii) acknowledge and agree that all pre-petition transfers of the Debtors' funds to the Consolidated Account in order to pay Utility Providers were made in the ordinary course, were not used to pay an antecedent debt owed by the Debtors before the transfers were made, and are not avoidable under the Bankruptcy Code.

5. The Adequate Assurance Deposit attributable to each Utility Provider shall be maintained in the Adequate Assurance Deposit Account until the earlier of (i) the Debtors' termination of services from such Utility Provider and (ii) the confirmation of a plan of

(Page 5)
Debtors:        RTW RETAILWINDS, INC., *et al*.
Case No.        20-_____ (___)
Caption of Order:   INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

reorganization or further order of this court, or upon agreement between the Debtors and the applicable Utility Provider.

6.   If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.  In the event the Adequate Assurance Deposit is drawn upon by any Utility Provider, the Debtor will replenish the Adequate Assurance Deposit in the amount necessary to conform to the amount specified on the Utility Service List.

7.   Within two (2) business days from the date hereof, the Debtors shall serve a copy of this signed Interim Order by first-class mail to the Utility Providers.

8.   The final hearing on the Motion shall be held on _____**, 2020, at _____ .m. (Eastern Time)** (the "**Final Hearing**") and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602 (Attn: Michael D. Sirota, Esq. and Ryan T. Jareck, Esq.); (ii) the

Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

---

Office of the United States Trustee for Region 3, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102; and (iii) counsel for the administrative agent under the Debtors' pre-petition revolving credit facility, Wells Fargo Bank, National Association, c/o Otterbourg P.C. (Attn: Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq.), 230 Park Avenue, New York, NY 10169-0075, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on _____, 2020.** In the event that no Objections are filed, the Court may grant the relief requested in the proposed final order submitted with the Motion without further notice.

9. The Adequate Assurance Procedures for determining requests for additional assurance of payment as described in the Motion are approved on an interim basis as follows:

(a) In the event that any Utility Provider was omitted from the Utility Service List, the Debtors will have the right to amend or supplement the Utility Service List – and deposit two weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such subsequently added Utility Provider that have not been applied to outstanding prepetition amounts) – and will promptly serve the Interim Order or the Final Order, as the case may be, upon such omitted Utility Provider upon learning of such Utility Provider (each such Utility Provider is referred to herein as a "**Subsequently Identified Utility Provider**").

(b) Any Utility Provider that is not satisfied with the Proposed Adequate Assurance and seeks additional or other assurance of payment must serve a request for additional assurance of future payment (an "**Additional Assurance Request**") no later than (i) the date that is seven (7) calendar

(Page 7)
Debtors:         RTW RETAILWINDS, INC., *et al*.
Case No.         20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

days before Final Hearing, or (ii) in the case of a Subsequently Identified Utility Provider, the date that is fourteen (14) days after the date such Subsequently Identified Utility Provider receives notice (as applicable, the "**Additional Assurance Request Deadline**") by serving a request upon the Debtors at the following: (i) RTW Retailwinds, Inc., 330 W. 34th St., 9th Floor, New York, NY 10001, Attn: Marc Schuback and via email at MSchuback@retailwinds.com; and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Michael D. Sirota and Ryan T. Jareck and via email at msirota@coleschotz.com and rjareck@coleschotz.com.

(c) Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable.

(d) If a Utility Provider makes a timely Additional Assurance Request that the Debtors believe is reasonable, the Debtors will be authorized, in their sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Assurance Request, provide such Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

(e) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Utility Provider, (i) the Debtors will request that the Court hear such Additional Assurance Request at the Final Hearing, or (ii) if the party making the Additional Assurance Request is a Subsequently Identified Utility Provider whose

(Page 8)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

Additional Assurance Request Deadline falls after the date of the Final Hearing, the Debtors will schedule a Determination Hearing to determine (x) if additional assurance to such Utility Provider is necessary and, if so, (y) the nature and amount of the adequate assurance to be provided to such Utility Provider

(f) Pending resolution of a Utility Provider's Additional Assurance Request at the Final Hearing or a Determination Hearing, as the case may be, such Utility Provider will be prohibited from altering, refusing or discontinuing service to the Debtors.

(g) If a Utility Provider fails to send an Additional Assurance Request by the applicable Additional Assurance Request Deadline, such Utility Provider will have waived its right to make an Additional Assurance Request and will be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the Adequate Assurance Deposit.

(h) A Utility Provider will be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

10. In accordance with this Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized and directed to (i) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or

(Page 9)
Debtors:        RTW RETAILWINDS, INC., *et al.*
Case No.        20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

11. The Debtors are authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, on account of prepetition utility services to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

12. Any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the terms of any orders authorizing the use of cash collateral entered by this Court in these chapter 11 cases.

13. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

14. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party

15. The requirements of Bankruptcy Rule 6004(a) are waived.

(Page 10)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(**a**) AND 366 (**I**) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

18. The Debtors are authorized to take all action necessary to carry out this Order.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.