**PROPOSED FINAL ORDER**

| UNITED STATES BANKRUPTCY COURT |
| DISTRICT OF NEW JERSEY |

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Stuart Komrower, Esq.<br>Ryan T. Jareck, Esq.<br>Matteo W. Percontino, Esq.<br>Court Plaza North<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Facsimile: (201) 489-1536<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors in Possession* | |
| In re:<br><br>RTW RETAILWINDS, INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 20-     ( )<br><br>Joint Administration Requested<br><br>**Hearing Date and Time:** |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR <u>DISCONTINUING UTILITY SERVICE</u>**

      The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

Upon the motion (the "**Motion**")[2] of RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 366 of the Bankruptcy Code for entry of an order (i) approving the Debtors' proposed form of adequate assurance of payment to utility providers, (ii) establishing procedures for determining adequate assurance of payment for future utility services, and (iii) prohibiting utility providers from altering or discontinuing utility service on account of an outstanding prepetition invoice, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

---

the Motion (the "**Hearing**"); and upon the *Declaration of Robert Shapiro in Support of Debtors' Chapter11 Petitions and First Day Pleadings*, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis.

2. Absent any further order of the Court and except as otherwise provided herein, the Debtors' utility providers (the "**Utility Providers**") are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

3. In accordance with section 366(c)(3)(A) of the Bankruptcy Code and the Interim Order, the Debtors have made (or will make) an Adequate Assurance Deposit into a newly-created, interest-bearing Adequate Assurance Deposit Account, which amount equals the estimated aggregate cost for two weeks of utility service for each Utility Provider listed on

(Page 4)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

Exhibit A to the Motion (the "**Utility List**"), as calculated by the Debtors in accordance with the methodology set forth in the Motion.

4. The Debtors (i) are authorized to pay, in the ordinary course of business, any post-petition obligations related to ENGIE's service fees in accordance with prepetition practice; and (ii) acknowledge and agree that all pre-petition transfers of the Debtors' funds to the Consolidated Account in order to pay Utility Providers were made in the ordinary course, were not used to pay an antecedent debt owed by the Debtors before the transfers were made, and are not avoidable under the Bankruptcy Code.

5. The Adequate Assurance Deposit attributable to each Utility Provider shall be maintained in the Adequate Assurance Deposit Account until the earlier of (i) the Debtors' termination of services from such Utility Provider and (ii) the confirmation of a plan of reorganization or further order of this court, or upon agreement between the Debtors and the applicable Utility Provider.

6. If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount

(Page 5)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider. In the event the Adequate Assurance Deposit is drawn upon by any Utility Provider, the Debtor will replenish the Adequate Assurance Deposit in the amount necessary to conform to the amount specified on the Utility List.

7. Within two (2) business days from the date hereof, the Debtors shall service a copy of this Order via first-class mail on each of the Utility Providers identified on the Utility List.

8. The Debtors are authorized, in their sole discretion, to amend the Utility List to add or delete any Utility Provider, and the Order shall apply to any Utility Provider that is subsequently added to the Utility List. The Debtors shall promptly serve a copy of this Order on any Utility Providers that are subsequently added to the Utility List (a "**Subsequently Identified Utility Provider**"), and deposit two weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Subsequently Identified Utility Provider (less any amounts on deposit with any such Subsequently Identified Utility Provider that have not been applied to outstanding prepetition amounts).

9. The Adequate Assurance Deposit in conjunction with cash flow from operations and cash on hand demonstrate the Debtors' ability to pay for future utility services in the

Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

---

ordinary course of business (together, the "**Proposed Adequate Assurance**") and constitute sufficient adequate assurance to the Utility Providers.

10. The Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code.

11. The Adequate Assurance Procedures for determining Additional Assurance Requests by Subsequently Identified Utility Providers as described in the Motion are approved on a final basis as follows:

> (a) Any Subsequently Identified Utility Provider that is not satisfied with the proposed Adequate Assurance Deposit and seeks additional or other assurance of payment must serve a request for additional assurance of future payment (an "**Additional Assurance Request**") no later than the date that is fourteen (14) days after the date such Subsequently Identified Utility Provider receives notice of this Order (the "**Additional Assurance Request Deadline**") by serving a request upon the Debtors at the following: (i) RTW Retailwinds, Inc., 330 W. 34th St., 9th Floor, New York, NY 10001, Attn: Marc Schuback and via email at MSchuback@retailwinds.com; and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Michael D. Sirota and Ryan T. Jareck and via email at msirota@coleschotz.com and rjareck@coleschotz.com.
>
> (b) Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and

(Page 7)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

       (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable.

(c)     If a Subsequently Identified Utility Provider makes a timely Additional Assurance Request that the Debtors believe is reasonable, the Debtors will be authorized, in their sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Assurance Request, provide such Subsequently Identified Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

(d)     If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Subsequently Identified Utility Provider, Debtors will schedule a Determination Hearing to determine (i) if additional assurance to such Utility Provider is necessary and, if so, (ii) the nature and amount of the adequate assurance to be provided to such Utility Provider

(e)     Pending resolution of a Subsequently Identified Utility Provider's Additional Assurance Request at a Determination Hearing such Subsequently Identified Utility Provider will be prohibited from altering, refusing or discontinuing service to the Debtors.

(f)     If a Subsequently Identified Utility Provider fails to send an Additional Assurance Request by the applicable Additional Assurance Request Deadline, such Subsequently Identified Utility Provider will have waived its right to make an Additional Assurance Request and will be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the Adequate Assurance Deposit.

(Page 8)
Debtors: RTW RETAILWINDS, INC., *et al*.
Case No. 20-_____ (___)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

(g) A Subsequently Identified Utility Provider will be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

12. In accordance with this Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized and directed to (i) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

13. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of prepetition utility services to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

14. Any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the terms of any orders authorizing the use of cash collateral entered by this Court in these chapter 11 cases.

(Page 9)
Debtors:        RTW RETAILWINDS, INC., *et al*.
Case No.        20-_____ (___)
Caption of Order:   FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

15. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

16. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

17. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

18. The requirements of Bankruptcy Rule 6004(a) are waived.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all action necessary to carry out this Order.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.