# **PROPOSED INTERIM ORDER**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Stuart Komrower, Esq.<br>Ryan T. Jareck, Esq.<br>Matteo W. Percontino, Esq.<br>Court Plaza North<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Facsimile:  (201) 489-1536<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors in Possession* | Chapter 11 |
| In re:<br><br>RTW RETAILWINDS, INC., *et al.,*<br><br>Debtors.[1] | Case No. 20-      (     )<br><br>Joint Administration Requested<br><br>**Hearing Date and Time:** |

**INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363 (I) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) AUTHORIZING THE DEBTORS TO CONTINUE <u>INTERCOMPANY TRANSACTIONS</u>**

The relief set forth on the following pages, numbered two (2) through eleven (11), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936).  The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

Page (2)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT
SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(III) AUTHORIZING THE DEBTORS TO CONTINUE
INTERCOMPANY TRANSACTIONS

---

Upon the motion (the "**Motion**")[2] of RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363 of the Bankruptcy Code, for an order (i) approving the continued use of the Cash Management System, (ii) authorizing the Debtors to continue using their existing Bank Accounts and Business Forms, (iii) authorizing the Debtors to implement changes to their Cash Management System in the ordinary course of business, including, without limitation, the opening of new bank accounts or closing existing Bank Accounts, and (iv) continue to perform under and honor Intercompany Transactions, in their business judgement and at their sole discretion, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title* 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT
SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(III) AUTHORIZING THE DEBTORS TO CONTINUE
INTERCOMPANY TRANSACTIONS

---

having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day Pleadings*, filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is **GRANTED** on an interim basis.

    2.    The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363 of the Bankruptcy Code to continue using their integrated Cash Management System and to collect, concentrate, and disburse cash in accordance with the Cash Management System,

Page (4)
Debtors:        RTW RETAILWINDS, INC., *et al.*
Case No.        20-_____ (___)
Caption of Order:   INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
                    (I) APPROVING CONTINUED USE OF CASH MANAGEMENT
                    SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
                    EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
                    (III) AUTHORIZING THE DEBTORS TO CONTINUE
                    INTERCOMPANY TRANSACTIONS

including intercompany funding among Debtor affiliates; provided that the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Petition Date and amounts that are or become due and payable between the Petition Date and the date that a final order on the Motion is entered, unless otherwise ordered by this Court.

3. The Debtors are further authorized, but not directed, to implement changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening of any new bank accounts and the closing of any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion, so long as (i) any such new account is with a bank that is (a) insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation, and (b) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines, and (ii) the Debtors provide notice to the U.S. Trustee of the opening of such account.

4. The relief, rights, and responsibilities provided for in this Interim Order shall be deemed to apply to any and all Bank Accounts maintained in the Debtors' names, including, without limitation, any new bank accounts, whether or not such Bank Accounts are identified on Exhibit A to the Motion, and any Banks at which new accounts are opened shall be subject to the rights and obligations set forth in this Interim Order.

Page (5)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT
SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(III) AUTHORIZING THE DEBTORS TO CONTINUE
INTERCOMPANY TRANSACTIONS

5. The Debtors are further authorized to (i) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, purchase orders, and invoices), as well as checks and all other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; provided that in the event the Debtors generate new checks during the pendency of these chapter 11 cases, such checks shall include a legend referring to the Debtors as "Debtors-In-Possession."

6. Subject to applicable bankruptcy law or other law, (i) those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect and (ii) either the Debtors or the Banks may, without further order of this Court, implement changes to the Cash Management Systems and procedures in the ordinary

Page (6)
Debtors:        RTW RETAILWINDS, INC., *et al.*
Case No.        20-_____ (___)
Caption of Order:   INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT
SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(III) AUTHORIZING THE DEBTORS TO CONTINUE
INTERCOMPANY TRANSACTIONS

course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of Bank Accounts.

7.      The Debtors are further authorized to continue performing under and honoring Intercompany Transactions; provided that the Debtors shall (i) keep records of all post-petition Intercompany Transactions that occur during the chapter 11 cases and (ii) implement accounting procedures to identify and distinguish between pre- and post-petition Intercompany Transactions.

8.      Except as otherwise expressly provided in this Interim Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and ACH Payments issued by the Debtors and drawn on the Bank Accounts after the Petition Date to the extent the Debtors have sufficient funds standing to their credit with such Bank.

9.      The Banks and credit card processors are authorized to charge and the Debtors are authorized to pay and honor, both pre- and post-petition Service Charges to which they may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors.

Page (7)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (III) AUTHORIZING THE DEBTORS TO CONTINUE INTERCOMPANY TRANSACTIONS

10. Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such costs and fees prior to Petition Date, and (iii) all undisputed pre-petition amounts outstanding as of the date hereof, if any, owed to any Bank as Service Charges for the maintenance of the Cash Management System.

11. The Banks may rely on the representations of the Debtor(s) with respect to whether any check, item, or other payment order drawn or issued by the Debtor(s) prior to filing of the Petition should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor(s) as provided for herein, and shall not be liable to any party on account of (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry), (ii) honoring of any pre-petition checks, drafts, wires or ACH Payments in a

Page (8)
Debtors:         RTW RETAILWINDS, INC., *et al.*
Case No.         20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT
SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(III) AUTHORIZING THE DEBTORS TO CONTINUE
INTERCOMPANY TRANSACTIONS

good faith belief or upon a representation by the Debtors that the Court has authorized such pre-petition check, draft, wire, or ACH Payments or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

12. Nothing contained herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services subject to their compliance with applicable law.

13. Any payment made or to be made under this Interim Order, and any authorization contained in this Interim Order, shall be subject to the terms of any orders authorizing the use of cash collateral entered by this Court in these chapter 11 cases.

14. As soon as practicable after the entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on those Banks that make disbursements pursuant to the Debtors' Cash Management System.

15. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

Page (9)
Debtors:        RTW RETAILWINDS, INC., *et al.*
Case No.        20-_____ (___)
Caption of Order:   INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363
(I) APPROVING CONTINUED USE OF CASH MANAGEMENT
SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(III) AUTHORIZING THE DEBTORS TO CONTINUE
INTERCOMPANY TRANSACTIONS

16. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

17. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

18. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

19. The requirements of Bankruptcy Rule 6004(a) are waived.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

21. The Final Hearing on the Motion shall be held on _____, 2020, at __:__ _.m. (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07602-0800 (Attn: Michael D. Sirota, Esq. and Ryan T. Jareck, Esq.); (ii) the Office of the

Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: **INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363 (I) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (III) AUTHORIZING THE DEBTORS TO CONTINUE INTERCOMPANY TRANSACTIONS**

---

United States Trustee for Region 3, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102; (iii) counsel for the administrative agent under the Debtors' pre-petition revolving credit facility, Wells Fargo Bank, National Association, c/o Otterbourg P.C. (Attn: Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq.), 230 Park Avenue, New York, NY 10169-0075; and (iv) the Banks listed on Exhibit A to the Motion, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on _____, 2020.**

22. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; <u>provided</u> that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

23. Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

24. A true copy of this Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

25. The Debtors are authorized to take all action necessary to carry out this Interim Order.

Page (11)
Debtors: RTW RETAILWINDS, INC., *et al.*
Case No. 20-_____ (___)
Caption of Order: INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 363 (I) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (II) AUTHORIZNG THE DEBTORS TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (III) AUTHORIZING THE DEBTORS TO CONTINUE INTERCOMPANY TRANSACTIONS

---

26. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.