**LAW OFFICES OF KENNETH L. BAUM LLC**
Kenneth L. Baum, Esq.
167 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 853-3030
Facsimile:  (201) 584-0297
Email: kbaum@kenbaumdebtsolutions.com

*Proposed Conflicts Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC., *et al.*, | Case No. 20-18445 (JKS) |
| Debtors.[1] | Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

**I.      JURISDICTION**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157(a)-(b) and 1334(b) the *Standing Order of Reference to the Bankruptcy Court*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936).  The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

*Under Title 11* of the United States District Court for the District of New Jersey, dated

September 18, 2012 (Simandle, C.J.).  This is a core proceeding pursuant to 28 U.S.C. §

157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are sections 105(a) and 365(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and

Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.      BACKGROUND

3.      On the date hereof (the "**Petition Date**"), each of the Debtors commenced

with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors

continue to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or

statutory committee of creditors has been appointed in these chapter 11 cases.

4.      Contemporaneously herewith, the Debtors have filed a motion requesting

joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

5.      Information regarding the Debtors' business, capital structure, and the

circumstances leading to the commencement of these chapter 11 cases is set forth in the

*Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day*

*Pleadings*, sworn to on the date hereof (the "**First Day Declaration**"), which has been

filed with the Court contemporaneously herewith.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

### III.    THE REJECTION PROCESS

A.    **Leases to Be Rejected**

6.        In early-2020, the Debtors, with the assistance of their advisors, undertook a comprehensive review and store-by-store analysis of their lease portfolio and the performance of each of their stores.  Following this process, the Debtors determined to close their brick-and-mortar retail business and run "store closing" sales.  Accordingly, the Debtors filed a motion seeking to close the stores contemporaneously herewith.[3]

7.        As described therein, the Debtors initiated the process of shuttering 387 of those stores across the United States.  The Debtors' lease portfolio is a significant contributing factor to their current financial challenges and they have determined, as a sound exercise of business judgment, that closure of the stores and a rejection of the leases would be value maximizing.  The Debtors have also determined that certain stores will not reopen post-COVID 19 (each, a "**Closing Store**" and collectively, the "**Closing Stores**").

8.        By this Motion, the Debtors seek to reject the Leases of certain such Closing Stores, to be effective as of the later of (i) July 13, 2020 or (ii) the date upon which the Debtors surrender the premises to the landlord via delivery of the keys, key codes, or security codes, as applicable, to the respective landlords of the Closing Stores (the "**Rejection Date**"). For the avoidance of doubt, the Debtors may agree with an

---

[3] The *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing Customary Bonuses to Employees of Closing Stores, and (IV) Granting Related Relief.*

affected landlord, through written confirmation (which may be in email), to an alternative Rejection Date earlier than the Rejection Date.

9.      For stores that are already vacant or that are scheduled to be rejected in the first few weeks of the case, the applicable landlords are aware of the Debtors' intent to reject such Lease. As a result of the Debtors' actions, the landlords will have had ample notice of the Debtors' irrevocable and unequivocal surrender of the Closing Stores and associated abandonment of any remaining personal property located therein.

10.      The Leases to be rejected provide no benefit to the Debtors' estates or these chapter 11 cases. By rejecting the Leases, the Debtors believe that they will save significant rent and associated costs. Absent rejection, the Debtors would be obligated to pay rent under the Leases even though they will have ceased operations at, and will no longer be in possession of, such store locations.  As of the Rejection Date, the Debtors will have vacated the Closing Stores for the Leases sought to be rejected by this Motion. Moreover, in addition to their obligations to pay rent under the Leases, the Debtors may be obligated to pay certain real property taxes, utilities, insurance, and other related charges associated with the Leases. The Debtors have determined in their business judgment that such costs constitute a waste of estate assets. Additionally, the Debtors have determined in their business judgment that the costs of the Leases exceed any marginal benefits that could potentially be achieved from assignments or subleases of the Leases.

11.      Therefore, in an effort to reduce unnecessary postpetition rent and administrative costs, the Debtors have determined that it is in the best interests of their estates to reject the Leases set forth on Schedule 1, effective as of the Rejection Date.

**B.**    <u>**Abandonment of Personal Property**</u>

12.    Additionally, before the Debtors vacate the Closing Stores, the Debtors will evaluate the remaining personal property (the "**Personal Property**") located therein and determine whether (a) the personal property is of inconsequential value or (b) the cost of removing and storing the personal property for future use, marketing, or sale exceeds its value to the Debtors' estates.

13.    Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Personal Property as of the Rejection Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## IV.    <u>RELIEF REQUESTED AND BASIS THEREFOR</u>

**A.**    <u>**The Rejection of the Leases Reflect the Debtors' Sound Business Judgment.**</u>

14.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 225 (4th Cir. 2005). For the benefit of the estate, a debtor may, under section 365 of the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains.  *See In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("[T]he authority to reject an executory contract is vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) (alteration in original))); *In re Park*, 275 B.R. 253, 255 (Bankr. E.D. Va. 2002); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (stating that section 365 "allows a

5

[debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (citation omitted)).

15.     The Debtors' rejection of an executory contract is governed by the "business judgment" standard. *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046 (4th Cir. 1985). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith or gross abuse. *See, e.g., Lubrizol*, 756 F.2d. at 1047; *Quality Inns Int'l, Inc. v. L.B.H. Assocs. Ltd. P'ship*, 911 F.2d 724 (4th Cir. 1990). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987) (citing *Lubrizol*, 756 F.2d. at 1047).

**B.      Rejection of the Leases is Within the Debtors' Business Judgment and is in the Best Interests of their Estates**

16.     After evaluation and analysis, the Debtors, with the assistance of their advisors, have determined that there is no net benefit that is likely to be realized from the Debtors' efforts to retain and market the Leases, and that there is little if any likelihood that the Debtors will be able to realize value from the Leases. Therefore, the Leases are

not a part of the Debtors' go-forward store liquidation plan and are otherwise a burden to the Debtors' estates.

17.     The Debtors seek to reject the Leases, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional, unnecessary expenses related to the Leases and the maintenance of the Closing Stores. The Debtors have concluded that the cost of maintaining the Closing Stores outweighs any revenues that such stores or premises currently generate or that they are likely to generate in the near future. Absent rejection, the Debtors believe that the Leases will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business. Rejecting the Leases will help ease the Debtors' cash burn and increase the Debtors' liquidity.

18.     For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Leases, effective as of the Rejection Date. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the Leases pursuant to section 365(a) of the Bankruptcy Code.

C.      **Rejection of the Leases as of the Rejection Date Is Appropriate**

19.     Section 365 of the Bankruptcy Code does not specifically address whether the Bankruptcy Court may order rejection to be applied retroactively.  *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating that section 365 allows for retroactive rejection of nonresidential leases where the principles of equity dictate); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Many courts have held that bankruptcy courts may, in their discretion,

authorize rejection retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favor such relief. *See, e.g., In re Virginia Packaging Supply Co., Inc.*, 122 B.R. 491, 493 (Bankr. E.D. Va. 1990) (allowing retroactive rejection of a lease where the debtor timely filed a motion for rejection); *see also In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) (granting retroactive rejection where equitable considerations did not weigh against it); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) cert. denied sub nom., 546 U.S. 814 (2005) (affirming bankruptcy court's approval of retroactive rejection); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."). In considering whether to approve retroactive rejection, courts examine a number of factors, and generally approve retroactive rejection where it promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Chi-Chi's, Inc.*, 305 B.R. at 339.

20.     In this instance, the balance of the equities favors approval of retroactive rejection of the Leases. Prior to the Petition Date, the Debtors determined in their business judgment to initiate the Store Closings in an attempt to preserve liquidity. As a result of these prepetition actions and notice of this Motion, the landlords are not subject to any uncertainty regarding the Debtors' intent with respect to the Leases. Moreover, the landlords will not be unduly prejudiced if rejection is deemed effective as of the

Rejection Date because they will have received notice of this Motion and had sufficient opportunity to act accordingly. Upon the Rejection Date, the affected landlords will be relieved of their own obligations under the Leases, allowing them to cease performance and immediately repossess their property or enter into new leases. Any postponement of the effective date of rejection of the Leases would compel the Debtors to compensate the landlords, at the estates' expense, for a delay that the Debtors made every effort to avoid, and force the Debtors potentially to incur unnecessary administrative expenses for Leases that provide no benefit to these estates. Such an outcome would be inequitable to the Debtors' other stakeholders.

21.     Pursuant to section 365 of the Bankruptcy Code, the Debtors seek to effectuate rejection of the Leases as of the Rejection Date, which may in some cases occur before the date an order approving rejection of the Leases has been entered by the Court. For the reasons set forth above, permitting rejection of the Leases to occur as of the Rejection Date is fair and equitable to all parties in interest, especially where the counterparties to the Leases will not be prejudiced thereby. Permitting rejection to occur as of the Rejection Date is consistent with prior rulings in this and other jurisdictions. *See, e.g., In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 25, 2017) (approving rejection of unexpired leases to the petition date); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. Sept. 1, 2015) (approving retroactive rejection of unexpired leases); *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) (approving rejection of unexpired leases to the date of rejection); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 16, 2018)

(same); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (approving rejection of unexpired leases).

22.     A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. If the relief requested is not granted, the Debtors and their creditors will be burdened with unnecessary expenses. Moreover, the counterparties to the Leases will not be unduly prejudiced, because (a) the counterparties have sufficient notice of the Debtors' intent to reject the applicable Leases and (b) the Debtors will have vacated and returned the keys to all the counterparties. *See Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *In re Thinking Machs. Corp.*, 67 F.3d at 1028 ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Amber's Stores*, 193 B.R. 819, 827 (N.D. Tex. 1996).

**D.      Abandonment of Any Personal Property Located at the Closing Stores is Authorized by Section 554(a) of the Bankruptcy Code**

23.     Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) ("It is well settled, however, that a trustee is not obligated to accept onerous or unprofitable property surrendered as part of the estate, and may abandon property that is 'burdensome' or 'of

inconsequential value and benefit' under § 554 of the Code.") (internal citations omitted).

The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

24.    The Debtors submit that any Personal Property left at any of the Closing Stores is of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling the Personal Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property. Accordingly, the Debtors have determined, in the exercise of their sound business judgment that abandonment of any Personal Property will be in the best interest of the Debtors and their estates.

## V.    <u>RESERVATION OF RIGHTS</u>

25.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

## VI.    <u>NO PRIOR REQUEST</u>

26.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

11

## VII.    <u>NOTICE</u>

27.    Notice of this Motion has been provided to (i) the Office of the United

States Trustee for Region 3; (ii) the holders of the twenty (20) largest unsecured claims

against the Debtors (on a consolidated basis); (iii) counsel for the administrative agent

under the Debtors' pre-petition revolving credit facility, Wells Fargo Bank, National

Association, c/o Otterbourg P.C. (Attn: Daniel F. Fiorillo, Esq.), 230 Park Avenue, New

York, NY 10169-0075; (iv) the Internal Revenue Service; (v) the United States

Attorney's Office for the District of New Jersey; and (vi) the landlords at the Closing

Stores. The Debtors submit that, in view of the facts and circumstances, such notice is

sufficient and no other or further notice need be provided.


WHEREFORE the Debtors respectfully request entry of the proposed order granting the

relief requested herein and such other and further relief as the Court may deem just and

appropriate.


Dated: July 13, 2020                          Respectfully submitted,

**LAW OFFICES OF KENNETH L. BAUM
LLC**

By:*/s/ Kenneth L. Baum*
      Kenneth L. Baum, Esq.
      167 Main Street
      Hackensack, NJ 07601
      Telephone: (201) 853-3030
      Facsimile:  (201) 584-0297
      Email:kbaum@kenbaumdebtsolutions.com

## **Schedule 1**

| Contract ID | Name | Landlord | Company Name | Notice Address | Expiration | Lease Status | Lease Terms |
|---|---|---|---|---|---|---|---|
| 00281 | CONNECTICUT POST 2006-02-07 | Centennial Real Estate Management | Connecticut Post Mall | Connecticut Post Mall<br>Management Office, 1201 Boston Post Road<br>Milford, CT 06460 | 1/31/2021 | | |
| 00281 | CONNECTICUT POST 2006-02-07 | Centennial Real Estate Management | The Connecticut Post Limited Partnership | The Connecticut Post Limited Partnership<br>8750 N. Central Expressway, Suite 1740<br>Dallas, TX 75231 | | | |
| 00875 | GWB Marketplace | GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC | GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC | GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC<br>11890 SUNRISE VALLEY DRIVE, SUITE 554<br>RESTON, VA 20191 | | | |
| 03678 | ROLLING OAKS 2012-01-17 | WPG | ROLLING OAKS MALL, LLC | ROLLING OAKS MALL, LLC<br>111 Monument Circle, Suite 3500<br>Indianapolis, IN 46204 | 1/31/2022 | | |
| 03678 | ROLLING OAKS 2012-01-17 | WPG | Rolling Oaks Mall, LLC | Rolling Oaks Mall, LLC<br>180 East Broad St., Floor 20<br>Columbus, OH 43215 | | | |
| 02508 | Cherry Hill FTF | Preit | PREIT SERVICES, LLC | PREIT SERVICES, LLC<br>One Commerce Square, 2005 Market Street, Suite 1000<br>Philadelphia, PA 19103 | 4/30/2021 | | |

| Contract ID | Name | Landlord | Company Name | Notice Address | Expiration | Lease Status | Lease Terms |
|---|---|---|---|---|---|---|---|
| 03641 | TOWN MALL OF WESTMINSTER 2004-01-31 | The Woodmont Company | Niles, Barton & Wilmer, LLCP | Niles, Barton & Wilmer, LLCP<br>111 S. Calvert Street, Suite 1400<br>Baltimore, MD 21202 | 1/31/2021 | | Month to Month |
| 03641 | TOWN MALL OF WESTMINSTER 2004-01-31 | The Woodmont Company | TownMall of Westminster | TownMall of Westminster<br>400 North Center Street<br>Westminster, MD 21157 | | | |
| 03641 | TOWN MALL OF WESTMINSTER 2004-01-31 | The Woodmont Company | Westminster Mall, LLC | Westminster Mall, LLC | | | |
| 00567 | MALL OF AMERICA 2011-02-25 | Triple Five Group | MOAC Mall Holdings LLC | MOAC Mall Holdings LLC<br>Mall Of America Management Office, 2131 Lindau Lane - Suite 500<br>Bloomington, MN 55425-2640 | 1/31/2022 | | |
| 02509 | KINGS PLAZA (FTF) | Macerich | Brooklyn Kings Plaza LLC | Brooklyn Kings Plaza LLC<br>5100 Kings Plaza<br>Brooklyn, NY 11234-5208 | Tenant Terminated Effective 7/31/2020 | | |
| 02509 | KINGS PLAZA (FTF) | Macerich | Brooklyn Kings Plaza LLC | Brooklyn Kings Plaza LLC<br>P.O. Box 2172, 401 Wilshire Blvd<br>SUITE 700<br>Santa Monica, CA 90407 | | | |

| Contract ID | Name | Landlord | Company Name | Notice Address | Expiration | Lease Status | Lease Terms |
|---|---|---|---|---|---|---|---|
| 02507 | GREEN ACRES (FTF) | Macerich | Valley Stream Green Acres LLC | Valley Stream Green Acres LLC<br>2034 Green Acres Mall<br>Valley Stream, NY 11581-1545 | Tenant Terminated Effective 7/31/2020 | | |
| 02507 | GREEN ACRES (FTF) | Macerich | Valley Stream Green Acres LLC | Valley Stream Green Acres LLC<br>P.O. Box 2172, 401 Wilshire Blvd<br>SUITE 700<br>Santa Monica, CA 90407 | | | |
| 00835 | CAMBRIDGESIDE GALLERIA 2015-07-31 | New England Development | Cambridgeside Galleria Assoc. Trust | Cambridgeside Galleria Assoc. Trust<br>One Wells Avenue<br>Newton, MA 02459 | 1/31/2026 | | |
| 00835 | CAMBRIDGESIDE GALLERIA 2015-07-31 | New England Development | New England Development | New England Development<br>75 Park Plaza, Third Floor<br>Boston, MA 02116 | | | |
| 00835 | CAMBRIDGESIDE GALLERIA 2015-07-31 | New England Development | Samuels And Associates | Samuels And Associates<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 | | | |
| 00308 | SOUTH HILLS VILLAGE 2012-03-06 | Simon Property Group | South Hills Village Associates, LP | South Hills Village Associates, LP<br>225 W Washington St.<br>Indianapolis, IN 46204-3438 | 1/31/2023 | | |
| 00897 | FAYETTE MALL 2013-12-27 | CBL | CBL & Associates Management, Inc. | CBL & Associates Management, Inc.<br>2030 Hamilton Place Blvd., CBL Center, Suite 500<br>Chattanooga, TN 37421-6000 | 1/31/2025 | | |
| 03616 | KINGSTON COLLECTION 1989-06-16 | Pyramid | Independence Mall Group, LP | Independence Mall Group, LP<br>4 Clinton Sq<br>Syracuse, NY 13202-1078 | 1/31/2021 | | |

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**LAW OFFICES OF KENNETH L. BAUM LLC**
167 Main Street
Hackensack, New Jersey 07601
Kenneth L. Baum, Esq.
(201) 853-3030
(201) 584-0297 Facsimile

*Proposed Conflicts Counsel for Debtors
and Debtors in Possession*

In re:

RTW RETAILWINDS, INC., *et al.,*

                              Debtors.[1]

Chapter 11

Case No. 20-18445 (JKS)

Joint Administration Requested

**Hearing Date and Time:**

## ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

(Page 2)
Debtors:                RTW RETAILWINDS, INC., *et al.*
Case No.                20-18445 (JKS)
Caption of Order:       ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED
                        LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY,
                        EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III)
                        GRANTING RELATED RELIEF

---

Upon the motion (the "**Motion**")[2] of RTW Retailwinds, Inc. and its subsidiaries, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**"), pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, for entry of an

Order (i) authorizing the Debtors to reject the Leases set forth on Schedule 1 attached hereto,

effective as of the Rejection Date, (ii) authorizing the Debtors to abandon any Personal Property

located at any such store locations, effective as of the Rejection Date, and (iii) granting related

relief; all as more fully set forth in the Motion; and the Court having jurisdiction to decide the

Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and notice of the Motion having been given as provided in the Motion; and such

notice having been adequate and appropriate under the circumstances; and it appearing that no

other or further notice of the Motion need be provided; and the Court having held a hearing to

consider the interim relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of*

*Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First**

**Day Declaration**"), filed contemporaneously with the Motion, the record of the Hearing and all

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)
Debtors:          RTW RETAILWINDS, INC., *et al.*
Case No.        20-18445 (JKS)
Caption of Order:  ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED
                      LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY,
                      EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III)
                      GRANTING RELATED RELIEF

---

of the proceedings had before the Court; and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause,

      **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, the Leases identified on

Schedule 1 attached hereto are hereby rejected, to be effective as of the later of (i)

July 13, 2020 or (ii) the date upon which the Debtors surrender the premises to the

landlord via delivery of the keys, key codes, or security codes, as applicable, to

the respective landlords of the Closing Stores (the "**Rejection Date**").

3.      The Debtors may modify the Rejection Date set forth in Schedule 1 by providing

seven (7) days' notice to affected landlords.

4.      The Debtors may agree with an affected landlord, through written confirmation

(which may be in email), to an alternative Rejection Date earlier than the date set

forth in Schedule 1.

5.      Nothing herein shall limit the Debtors' right to remove a Lease from Schedule 1

and seek to assume such Lease on notice to affected parties.

(Page 4)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED
                    LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY,
                    EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III)
                    GRANTING RELATED RELIEF

---

6.      The Debtors do not waive any claims that they may have against any counterparty

        to the Leases, whether or not such claims arise under, are related to the rejection

        of, or are independent of the Leases.

7.      Nothing herein shall prejudice any party's rights to assert that the Leases are not,

        in fact, executory within the meaning of section 365 of the Bankruptcy Code.

8.      The Debtors are authorized to abandon any Personal Property located at the

        Closing Stores free and clear of all liens, claims, encumbrances, interests, and

        rights of third parties.

9.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the

        Leases were terminated prior to the Petition Date, or that any claim for damages

        arising from the rejection of the Leases is limited to the remedies available under

        any applicable termination provision of such lease, sublease, or contract, as

        applicable, or that any such claim is an obligation of a third party, and not that of

        the Debtors or their estates.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to

        such relief, nothing in this Order shall be deemed: (a) an admission as to the

        amount of, basis for, or validity of any claim against the Debtors under the

        Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable

(Page 5)
Debtors:          RTW RETAILWINDS, INC., *et al.*
Case No.          20-18445 (JKS)
Caption of Order: ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED
                  LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY,
                  EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III)
                  GRANTING RELATED RELIEF

---

nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

11.     Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

12.     Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

13.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

(Page 6)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   ORDER AUTHORIZING (I) REJECTION OF CERTAIN UNEXPIRED
                    LEASES, (II) ABANDONMENT OF ANY PERSONAL PROPERTY,
                    EACH EFFECTIVE AS OF THE REJECTION DATE, AND (III)
                    GRANTING RELATED RELIEF

_____

14.     Notice of the Motion as provided therein is good and sufficient notice of such

Motion.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

## Schedule  1

| Contract ID | Name | Landlord | Company Name | Notice Address | Expiration | Lease Status | Lease Terms |
|---|---|---|---|---|---|---|---|
| 00281 | CONNECTICUT POST 2006-02-07 | Centennial Real Estate Management | Connecticut Post Mall | Connecticut Post Mall<br>Management Office, 1201 Boston Post Road<br>Milford, CT 06460 | 1/31/2021 | | |
| 00281 | CONNECTICUT POST 2006-02-07 | Centennial Real Estate Management | The Connecticut Post Limited Partnership | The Connecticut Post Limited Partnership<br>8750 N. Central Expressway, Suite 1740<br>Dallas, TX 75231 | | | |
| 00875 | GWB Marketplace | GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC | GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC | GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC<br>11890 SUNRISE VALLEY DRIVE, SUITE 554<br>RESTON, VA 20191 | | | |
| 03678 | ROLLING OAKS 2012-01-17 | WPG | ROLLING OAKS MALL, LLC | ROLLING OAKS MALL, LLC<br>111 Monument Circle, Suite 3500<br>Indianapolis, IN 46204 | 1/31/2022 | | |
| 03678 | ROLLING OAKS 2012-01-17 | WPG | Rolling Oaks Mall, LLC | Rolling Oaks Mall, LLC<br>180 East Broad St., Floor 20<br>Columbus, OH 43215 | | | |
| 02508 | Cherry Hill FTF | Preit | PREIT SERVICES, LLC | PREIT SERVICES, LLC<br>One Commerce Square, 2005 Market Street, Suite 1000<br>Philadelphia, PA 19103 | 4/30/2021 | | |
| 03641 | TOWN MALL OF WESTMINSTER 2004-01-31 | The Woodmont Company | Niles, Barton & Wilmer, LLCP | Niles, Barton & Wilmer, LLCP<br>111 S. Calvert Street, Suite 1400<br>Baltimore, MD 21202 | 1/31/2021 | | Month to Month |
| 03641 | TOWN MALL OF WESTMINSTER 2004-01-31 | The Woodmont Company | TownMall of Westminster | TownMall of Westminster<br>400 North Center Street<br>Westminster, MD 21157 | | | |
| 03641 | TOWN MALL OF WESTMINSTER 2004-01-31 | The Woodmont Company | Westminster Mall, LLC | Westminster Mall, LLC | | | |
| 00567 | MALL OF AMERICA 2011-02-25 | Triple Five Group | MOAC Mall Holdings LLC | MOAC Mall Holdings LLC<br>Mall Of America Management Office, 2131 Lindau Lane - Suite 500<br>Bloomington, MN 55425-2640 | 1/31/2022 | | |
| 02509 | KINGS PLAZA (FTF) | Macerich | Brooklyn Kings Plaza LLC | Brooklyn Kings Plaza LLC<br>5100 Kings Plaza<br>Brooklyn, NY 11234-5208 | Tenant Terminated Effective 7/31/2020 | | |
| 02509 | KINGS PLAZA (FTF) | Macerich | Brooklyn Kings Plaza LLC | Brooklyn Kings Plaza LLC<br>P.O. Box 2172, 401 Wilshire Blvd<br>SUITE 700<br>Santa Monica, CA 90407 | | | |

| Contract ID | Name | Landlord | Company Name | Notice Address | Expiration | Lease Status | Lease Terms |
|---|---|---|---|---|---|---|---|
| 02507 | GREEN ACRES (FTF) | Macerich | Valley Stream Green Acres LLC | Valley Stream Green Acres LLC<br>2034 Green Acres Mall<br>Valley Stream, NY 11581-1545 | Tenant Terminated Effective 7/31/2020 | | |
| 02507 | GREEN ACRES (FTF) | Macerich | Valley Stream Green Acres LLC | Valley Stream Green Acres LLC<br>P.O. Box 2172, 401 Wilshire Blvd<br>SUITE 700<br>Santa Monica, CA 90407 | | | |
| 00835 | CAMBRIDGESIDE GALLERIA 2015-07-31 | New England Development | Cambridgeside Galleria Assoc. Trust | Cambridgeside Galleria Assoc. Trust<br>One Wells Avenue<br>Newton, MA 02459 | 1/31/2026 | | |
| 00835 | CAMBRIDGESIDE GALLERIA 2015-07-31 | New England Development | New England Development | New England Development<br>75 Park Plaza, Third Floor<br>Boston, MA 02116 | | | |
| 00835 | CAMBRIDGESIDE GALLERIA 2015-07-31 | New England Development | Samuels And Associates | Samuels And Associates<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 | | | |
| 00308 | SOUTH HILLS VILLAGE 2012-03-06 | Simon Property Group | South Hills Village Associates, LP | South Hills Village Associates, LP<br>225 W Washington St.<br>Indianapolis, IN 46204-3438 | 1/31/2023 | | |
| 00897 | FAYETTE MALL 2013-12-27 | CBL | CBL & Associates Management, Inc. | CBL & Associates Management, Inc.<br>2030 Hamilton Place Blvd., CBL Center, Suite 500<br>Chattanooga, TN 37421-6000 | 1/31/2025 | | |
| 03616 | KINGSTON COLLECTION 1989-06-16 | Pyramid | Independence Mall Group, LP | Independence Mall Group, LP<br>4 Clinton Sq<br>Syracuse, NY 13202-1078 | 1/31/2021 | | |