| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Stuart Komrower, Esq.<br>Ryan T. Jareck, Esq.<br>Matteo W. Percontino, Esq.<br>Court Plaza North<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Facsimile: (201) 489-1536<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors in Possession* | Order Filed on July 15, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>RTW RETAILWINDS, INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>Joint Administration Requested<br><br>**Hearing Date and Time:**<br>**July 15, 2020, at 11:00 a.m. (ET)** |

### INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through forty-seven (47), is

hereby **ORDERED**.

**DATED: July 15, 2020**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

**THIS MATTER** having come before the Court upon the motion (the "Motion") of Lerner New York, Inc., Lernco, Inc., Lerner New York Outlet, LLC, Lerner New York FTF, LLC, RTW RetailWinds, Inc., Lerner New York Holding, Inc., Lerner New York GC, LLC, New York & Company Stores, Inc., and FTG GC, LLC, each as a debtor and debtor-in-possession (each individually, a "Debtor", and collectively, the "Debtors") in the above-captioned jointly administered Chapter 11 cases (each individually a "Case" and collectively, the "Cases"), seeking entry of an interim order (the "Interim Order"), and a Final Order (as defined herein) pursuant to Sections 105, 361, 362, 363, 507, and 552 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), *inter alia*:

(a)      authorizing the Debtors' use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code, subject to the terms of this Interim Order, and granting adequate protection to the Prepetition Credit Parties (as defined below) in respect of their rights under the Financing Agreements (as defined below), as applicable, and their interests in the Prepetition Collateral (as defined below) pursuant to sections 105, 361, 362, 363, and 507 of the Bankruptcy Code with respect to any Diminution in Value (as defined below) of such rights and interests on and after the Petition Date (as defined below);

(b)      vacating and modifying the automatic stay arising under section 362 of the Bankruptcy Code in accordance with the provisions hereof, to the extent necessary to implement and effectuate the terms and provisions of this Interim Order;

-2-

(Page 3)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

(c)      scheduling a final hearing (the "Final Hearing") pursuant to Bankruptcy Rule 4001(b)(2) to be held before this Court to consider entry of an order authorizing and granting final approval of the relief requested in the Motion (the "Final Order"); and

(d)      granting certain related relief.

The initial hearing on the Motion having been held by this Court on July 15, 2020 (the "Interim Hearing"), and the Court having considered the Motion, the *Declaration of Robert Shapiro in Support of First Day Motions* (the "First Day Declaration"), the other filings and pleadings in the above-captioned Cases, and the evidence submitted or adduced and the arguments of counsel made at the Interim Hearing; and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b)(c), and (d), and 9014; and the Interim Hearing to consider the interim relief requested in the Motion having been held and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing, and otherwise is fair and reasonable, in the best interests of the Debtors, their estates, and their creditors and equity holders, and essential for the continued operation of the Debtors' remaining businesses and to avoid incurring significant administrative expenses; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

60917/0001-20843557v2
60917/0001-20843557v3

(Page 4)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE DEBTORS, INCLUDING THE SUBMISSIONS AND DECLARATIONS AND REPRESENTATIONS OF COUNSEL, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]**

A. <u>Petition Date</u>. On July 13, 2020 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>" or this "<u>Court</u>"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

B. <u>Jurisdiction and Venue</u>. This Court has core jurisdiction over these Cases, this Motion and the parties and property affected hereby pursuant to 28 U.S.C. sections 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409. The statutory bases for the relief set forth in this Interim Order are sections 105, 361, 362, 363, 507 and 552 of the Bankruptcy Code, Federal Bankruptcy Rules 2002 and 4001 and D.N.J. LBR 4001-3.

C. <u>Notice</u>. Upon the record presented to the Court at the Interim Hearing, and under the exigent circumstances set forth therein, requisite notice of the Motion and the relief requested thereby has been provided in accordance with, without limitation, Bankruptcy Rule 4001(b)(1)(C) to (i) the United States Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>"); (ii) the entities

---

[2] The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

60917/0001-20843557v2
60917/0001-20843557v3

(Page 5)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims, including

entities referenced in Bankruptcy Rule 1007; (c) the Internal Revenue Service; (d) Wells Fargo

Bank, National Association, in its capacity as Prepetition Administrative Agent (as defined below);

(e) the United States Attorney's Office for the District of New Jersey; (f) the United States

Securities and Exchange Commission; (g) the state attorneys general for states in which the

Debtors conduct business; (h) all parties known to the Debtors who hold any liens or security

interests in the Debtors' assets; and (i) all parties who have filed a notice of appearance and request

for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), which

notice was proper, timely, appropriate under the circumstances and sufficient for the Motion, and

the entry of this Interim Order; and no further notice of, or hearing on, the entry of this Interim

Order is necessary or required.

D.    Creditors' Committee. As of the date hereof, the U.S. Trustee has not appointed an

official committee of unsecured creditors (a "Committee") pursuant to section 1102 of the

Bankruptcy Code.

E.    The Debtors' Stipulations as to Existing Secured Debt. After consultation with their

attorneys and financial advisors, and subject only to the limitations contained in paragraph 18 of

this Interim Order, the Debtors, for themselves, their estates and all representatives of such estates,

have admitted, stipulated, and acknowledged as follows (paragraphs E(i) through E(vii) below are

referred to herein, collectively, as the "Debtors' Stipulations"):

(i)    Cash Collateral. Any and all cash of the Debtors, including cash and other

amounts on deposit or maintained in any deposit account or any other account of the Debtors and

60917/0001-20843557v2
60917/0001-20843557v3

(Page 6)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

any amounts generated by the collection of accounts receivable, the sale of inventory, or any other disposition of Prepetition Collateral (as defined below), wherever located and whether existing as of the Petition Date or arising or acquired after the Petition Date, together with all proceeds of any of the foregoing, is cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral") of the Prepetition Credit Parties (defined below). Debtors are not able to use Cash Collateral without the Prepetition Credit Parties' consent or this Court's authorization after notice and a hearing pursuant to section 363(c)(2) of the Bankruptcy Code. The Prepetition Credit Parties are willing to consent to the Debtors' use of the Cash Collateral, expressly limited to, and conditioned upon, the terms and conditions specified in this Interim Order.

(ii)     Loan and Security Agreement Facility.  Pursuant to the Fourth Amended and Restated Loan and Security Agreement, dated October 24, 2014 (as amended, restated, supplemented or otherwise modified prior to the Petition Date, the "Loan Agreement" and collectively with any other agreements and documents executed or delivered in connection therewith, each as may be amended, restated, supplemented, or otherwise modified in accordance with the terms thereof, the "Financing Agreements"),[3] by and among the Debtors, Wells Fargo Bank, National Association, in its capacities as administrative agent and collateral agent (in such capacities, "Prepetition Administrative Agent") and issuing bank (in such capacity, "Issuing Bank"), and the lenders party thereto from time to time (the "Prepetition Lenders", together with

---

[3]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Loan Agreement (as defined herein) or if not defined herein or therein, the other Financing Agreements or in the Motion, as applicable.

60917/0001-20843557v2
60917/0001-20843557v3

(Page 7)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

the Prepetition Administrative Agent and the Issuing Bank, collectively, the "Prepetition Credit Parties"), the Prepetition Credit Parties made loans, advances and provided other financial accommodations to Debtors.  As of the Petition Date, the Debtors, without defense, counterclaim, or offset of any kind, were jointly and severally indebted and liable to the Prepetition Credit Parties under the Financing Agreements in principal amounts not less than (i) $12,716,045.60 to the Prepetition Administrative Agent on account of Revolving Loans, plus (ii) additional amounts arising from and relating to Letters of Credit (as defined in the Loan Agreement) in the aggregate undrawn face amount of $7,124,274.20, plus (iii) all interest accrued thereon, together with all costs, fees, expenses (including attorneys' fees and legal expenses) and all other Obligations (as defined in the Loan Agreement) accrued or chargeable in respect thereof or in addition thereto, (collectively, the "Prepetition Obligations" and together with any Obligations (as defined in the Loan Agreement) arising, accrued, accruing, due, owing or chargeable on or after the Petition Date, in each case, in accordance with the Financing Agreements, this Interim Order and any Final Order (such Obligations, the "Postpetition Obligations") and, together with the Prepetition Obligations, the "Obligations").

(iii)    Loan Agreement.  In connection with the Loan Agreement, each Debtor granted senior liens upon and security interests in substantially all of such Debtor's assets (the "Prepetition Collateral") to the Prepetition Administrative Agent for the benefit of itself and the other Prepetition Credit Parties as security for the Obligations (the "Prepetition Liens").

(iv)    Prepetition Obligations. The Prepetition Obligations and the Financing Agreements constitute (1) the legal, valid, binding, enforceable and non-avoidable obligations and

(Page 8)

Debtors:           RTW RETAILWINDS, INC., *et al.*
Case No.           20-18445 (JKS)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING USE OF CASH
                   COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                   (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                   HEARING; AND (IV) GRANTING RELATED RELIEF

agreements of the Debtors, enforceable in accordance with their terms; and (2) allowed claims

under section 502 and 506 of the Bankruptcy Code. The Prepetition Liens, the Prepetition

Obligations, and all payments made to any of the Prepetition Credit Parties or applied to the

Obligations owing under the Financing Agreements prior to the Petition Date, are not subject to

avoidance, recharacterization, recovery, subordination, attack, offset, counterclaim, defense, or

"claim" (as defined in the Bankruptcy Code) of any kind, nature or description pursuant to the

Bankruptcy Code or other applicable law.

> (v)    Prepetition Liens. The Prepetition Liens granted to the Prepetition

Administrative Agent for the benefit of itself and the Prepetition Credit Parties in the Collateral

pursuant to and in connection with the Financing Agreements, including, without limitation, any

security agreements, pledge agreements, mortgages, deeds of trust, deposit account control

agreements and other security documents executed by any of the Debtors in favor of the Prepetition

Administrative Agent, (A) are valid, binding, perfected, enforceable and non-avoidable, properly

perfected, first-priority liens and security interests in the Debtors' assets (except with respect to

Prior Senior Liens, as defined below), (B) are not subject, pursuant to the Bankruptcy Code or

other applicable law, to avoidance, recharacterization, recovery, subordination, attack, offset,

counterclaim, defense, or "claim" (as defined in the Bankruptcy Code) of any kind, (C) are subject

and/or subordinate only to valid, perfected, and unavoidable senior priority liens and security

interests existing as of the Petition Date securing valid, binding and unavoidable debt permitted

under the Financing Agreements or arising by operation of an applicable statute (the "Prior Senior

(Page 9)
Debtors:                    RTW RETAILWINDS, INC., *et al.*
Case No.                    20-18445 (JKS)
Caption of Order:           INTERIM ORDER (I) AUTHORIZING USE OF CASH
                            COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                            (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                            HEARING; AND (IV) GRANTING RELATED RELIEF

Liens"), and (D) constitute the legal, valid, and binding obligations of the Debtors, enforceable in

accordance with the terms of the applicable Financing Agreements.

    (vi)    <u>No Claims Against Prepetition Credit Parties</u>.  The Debtors hold no valid or

enforceable "claims" (as defined in the Bankruptcy Code), counterclaims, causes of action,

defenses, or setoff rights of any kind (including any challenge, avoidance, disallowance,

disgorgement, recharacterization or subordination) against the Prepetition Administrative Agent,

the other Prepetition Credit Parties, and/or the Prepetition Collateral.  Each Debtor hereby forever

waives and releases any and all "claims" (as defined in the Bankruptcy Code), counterclaims,

causes of action, defenses, or setoff rights against the Prepetition Administrative Agent and the

other Prepetition Credit Parties, and each of their respective officers, directors, employees, agents,

sub-agents, attorneys, consultants, advisors and affiliates and the Collateral, whether arising at law

or in equity, under tort (including lender liability) or contract, including recharacterization,

subordination, avoidance, or other claim arising under or pursuant to section 105 or Chapter 5 of

the Bankruptcy Code or under any other similar provisions of applicable state or federal law.

    F.    <u>Necessity for Relief Requested; Immediate and Irreparable Harm</u>.  The Debtors

requested entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and D.N.J. LBR

4003-1 on the terms described herein. The Debtors have an immediate need to use the Cash

Collateral to, among other things, preserve and maximize the value of the assets of each Debtor's

bankruptcy estate (as defined under section 541 of the Bankruptcy Code, the "<u>Estate</u>") in order to

maximize the recovery to all creditors and interest holders of each Debtor's Estate, absent which

immediate and irreparable harm will result to the Debtors, their Estates, and their stakeholders.

60917/0001-20843557v2
60917/0001-20843557v3

(Page 10)
Debtors:           RTW RETAILWINDS, INC., *et al.*
Case No.           20-18445 (JKS)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING USE OF CASH
                   COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                   (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                   HEARING; AND (IV) GRANTING RELATED RELIEF

Absent the Debtors' ability to use Cash Collateral, the Debtors would not have sufficient available sources of working capital or financing and would be unable to pay their payroll and other operating expenses, nor properly maintain their assets. Accordingly, the relief requested in the Motion and the terms set forth herein are (i) critical to the Debtors' ability to maximize the value of the Estates, (ii) in the best interests of the Debtors and their Estates, and (iii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtors and the Debtors' Estates, stakeholders, assets, goodwill, reputation, and employees.

G. <u>Adequate Protection</u>. Prepetition Administrative Agent and the other Prepetition Credit Parties are entitled to the adequate protection provided in this Interim Order as and to the extent set forth herein in accordance with sections 361, 362, 363, and 507(b) of the Bankruptcy Code. The terms of the proposed adequate protection arrangements and of the use of the Collateral (as defined below), including the Cash Collateral, are fair and reasonable, reflect the Debtors' prudent exercise of business judgment and constitute reasonably equivalent value and fair consideration for the use of Cash Collateral. Prepetition Administrative Agent and each other Prepetition Credit Party reserve the right to seek additional adequate protection beyond the adequate protection provided in this Interim Order, and nothing in this Interim Order or otherwise shall be deemed or construed to limit, impair or otherwise prejudice (i) the Prepetition Administrative Agent's rights to seek and/or obtain such other or additional adequate protection or any other relief on behalf of itself or the other Prepetition Credit Parties; or (ii) the Debtors' rights to object to any such relief. .

60917/0001-20843557v2
60917/0001-20843557v3

(Page 11)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

H.   Section 506(c) and 552(b). In consideration for the Prepetition Administrative Agent's and other Prepetition Credit Parties' agreement to consent to the Debtors' use of Cash Collateral in accordance with the Budget (as defined below) and terms of this Interim Order and to subordinate their Adequate Protection Superpriority Claim (as defined below), Replacement Lien and Prepetition Liens, as applicable, on the Prepetition Collateral and Postpetition Collateral (as defined below) to the Carve-Out (as defined below), in each case solely to the extent set forth in this Interim Order, the Debtors will be deemed to have waived, and the Prepetition Credit Parties are deemed to have received a waiver of (a) the provisions of Section 506(c) of the Bankruptcy Code, and (b) any "equities of the case" exception under Section 552(b) of the Bankruptcy Code; provided that the foregoing waivers shall be effective only upon entry of the Final Order.

I.   Good Cause.  Good cause has been shown for immediate entry of this Interim Order, and the entry of this Interim Order is in the best interests of the Debtors, the Estates and their stakeholders. Among other things, the relief granted herein will avoid distracting litigation, added administrative expense, possible delay, and will minimize disruption of the Debtors' businesses and permit the Debtors to immediately meet payroll and other expenses necessary to maximize the value of the Estates and otherwise allow for a smooth transition in these chapter 11 proceedings.

J.   Good Faith.  The terms of the Cash Collateral arrangement described herein are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration. The Debtors' use of Cash Collateral in accordance with the terms hereof has been negotiated in good faith and at arms' length among the Debtors and the Prepetition Administrative Agent, and the

(Page 12)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

consent of the Prepetition Administrative Agent to the Debtors' use of Cash Collateral in

accordance with the terms hereof shall be deemed to have been made in "good faith". Accordingly,

the Prepetition Credit Parties' claims, superpriority claims, replacement liens and other protections

granted pursuant to this Interim Order will not be affected by any subsequent reversal,

modification, vacatur, amendment, reargument or reconsideration of this Interim Order or any

other order, solely to the extent such claims, superpriority claims, replacement liens and other

protections exist as of the date of any such subsequent reversal, modification, vacatur, amendment,

reargument or reconsideration.

K. <u>Immediate Entry</u>. The Debtors have requested immediate entry of this Interim Order

pursuant to Bankruptcy Rule 4001(b)(2). Absent entry of this Interim Order, the Debtors'

businesses, properties and estates would be immediately and irreparably harmed. This Court

concludes that entry of this Interim Order is in the best interests of the Debtors' respective Estates

and stakeholders.

**BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS
OF LAW, THE MOTION, THE RECORD BEFORE THE COURT WITH RESPECT TO
THE MOTION, AND GOOD AND SUFFICIENT CAUSE APPEARING THEREFOR, IT
IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.       <u>Motion Granted</u>. The Motion is GRANTED to the extent provided herein. Any

objection to the Motion, to the extent not withdrawn, waived or resolved, is hereby overruled.

2.       <u>Authorization to Use Cash Collateral</u>. The Debtors are authorized on an interim

basis to use  Cash Collateral of the Prepetition Credit Parties solely in accordance with and to the

extent set forth in the Budget (as defined below) and this Interim Order during the period

(Page 13)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

commencing on the date of this Interim Order through the Termination Date (as defined below)

(the "Cash Collateral Period") in an amount not to exceed at any time, prior to the Payment in Full

(as defined below) of the Prepetition Credit Parties, on a weekly basis, the full amount of the

disbursements projected in the Budget (as defined below), plus the amount of Permitted Variances

(defined below), from the Petition Date through the date of measurement (the "Cash Collateral

Limit").

      3.     Budget.

      (a)     Debtors may use Cash Collateral during the Cash Collateral Period up to

the Cash Collateral Limit only to pay the amount and type of expenses set forth in the cash

collateral budget, a summary of which is attached as **Exhibit 1** hereto (as the same may be updated

from time to time with the prior written consent of the Prepetition Administrative Agent, the

"Budget"), during the periods covered by the Budget in which such expenses are projected to be

paid, subject to the Permitted Variance (as defined below).

      (b)     Not later than 3:00 p.m. (Eastern time) on the Wednesday of each week

commencing on the first Wednesday that is at least one week after the Petition Date, Debtors shall

furnish to the Prepetition Administrative Agent a weekly report (the "Budget Compliance Report")

that sets forth, as of the preceding Saturday of such week for the prior period and on a cumulative

basis from the Petition Date through the third (3rd) full week after the Petition Date and then on a

weekly rolling three week basis thereafter (each such reporting period, a "Cash Flow Measurement

Period"), the actual results for the following line items set forth in the Budget: (i) Total Receipts,

(ii) Total Disbursements, (iii) Net Cash Flow, and (iv) Professional Fees; provided that Debtors

-13-

(Page 14)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

shall furnish, within three (3) business days of a request by the Prepetition Administrative Agent,

a comparison of the projected amounts set forth in each line item of the Budget to the actual

amounts of each line item of the Budget for each week from the Petition Date through the date of

any such request.  The U.S. Trustee shall also receive copies of the Budget Compliance Report.

(c)      The Debtors shall ensure at all times, that "Net Cash Flow" as set forth in

the Budget for any Cash Flow Measurement Period shall (i) if such amount set forth in the Budget

is a positive number, not be less than 85% of the surplus cash flow projected in the Budget during

such Cash Flow Measurement Period or (ii) if such amount set forth in the Budget is a negative

number, not be more than 115% of the projected deficit cash flow projected in the Budget during

such Cash Flow Measurement Period (the foregoing clauses (i) and (ii), collectively, the

"Permitted Variance").

(d)      The Prepetition Administrative Agent may, in its discretion, agree in

writing to the use of the Cash Collateral (i) in a manner or amount which does not conform to the

Budget (each such approved non-conforming use of Cash Collateral, a "Non-Conforming Use")

or (ii) for a period following the Termination Date pursuant to paragraph 5 of this Interim Order

(such period, the "Subsequent Budget Period"). If such written consent is given, the Debtors

shall  be  authorized pursuant to this Interim Order to expend Cash Collateral for any such Non-

Conforming Use or any such Subsequent Budget Period in accordance with a subsequent Budget

(a "Subsequent Budget") without further Court approval, and the Prepetition Administrative

Agent and other Prepetition Credit Parties shall be entitled to all of the protections specified in this

Interim Order for any such use of Cash Collateral; *provided* that each such permitted Non-

60917/0001-20843557v2
60917/0001-20843557v3

(Page 15)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

Conforming Use shall be deemed a modification to the Budget for all testing purposes.  The

Debtors shall provide notice of any Non-Conforming Use, Subsequent Budget Period and

Subsequent Budget to the  United States Trustee and the Committee, if any.

(e)      During any Stay Relief Notice Period (as defined herein), the Debtors may

only use Cash Collateral to pay the following amounts and expenses solely in accordance with the

respective Budget line items up to, but not exceeding, the amounts set forth in the Budget for the

week in which such Stay Relief Notice Period occurs: (i) the Carve-Out (as defined herein); (ii)

obligations for unpaid and accrued payroll and payroll taxes; (iii) sales taxes; and (iv) any such

other obligations subject to the prior written consent of the Prepetition Administrative Agent.

4.      Carve-Out.

(a)      Carve-Out.  As used in this Interim Order, the "Carve-Out" means the sum

of (i) all fees required to be paid to the Clerk of the Court and to the Office of the United States

Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory

rate through the Carve-Out Termination Date (defined below); (ii) all reasonable fees and expenses

up to $50,000 incurred by a trustee under section 726(b) of the Bankruptcy Code; (iii) to the extent

allowed at any time, whether by interim order, procedural order, or other order of this Court, all

unpaid fees and expenses (the "Allowed Professional Fees") incurred by persons or firms retained

by the Debtors pursuant to section 327, 328, or 363 of the Bankruptcy Code (the "Debtor

Professionals") and the Committee  pursuant to section 328 or 1103 of the Bankruptcy Code (the

"Committee Professionals" and, together with the Debtor Professionals, the "Professional

Persons") at any time before or on the last day of the week in which a Carve-Out Trigger Notice

(Page 16)

Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

(as defined below) is served, <u>provided</u>, that until the Obligations are Paid in Full, the Allowed

Professional Fees (I) shall not at any time exceed the aggregate amount of the fees and expenses

identified in the Budget for each such Professional Person or category of Professional Persons

covering the period of time commencing on the Petition Date through the earlier of (A) the date of

determination, and (B) the last day of the week in which a Carve-Out Trigger Notice (defined

below) is served, and (II) shall be permanently reduced with respect to each Professional Person

by the aggregate amount of professional fees and expenses actually received by such Professional

Person following the Petition Date (the amount set forth in this clause (iii), the "<u>Professional Fee

Carve-Out Cap</u>"); and (iv) Allowed Professional Fees of Professional Persons in an aggregate

amount not to exceed $500,000 incurred after the first business day following delivery by the

Prepetition Administrative Agent of the Carve-Out Trigger Notice, to the extent allowed at any

time, whether by interim order, procedural order, or other order of this Court (the amounts set forth

in this clause (iv) being the "<u>Post-Carve-Out Trigger Notice Cap</u>").  For purposes of the foregoing,

"<u>Carve-Out Trigger Notice</u>" shall mean a written notice delivered by email (or other electronic

means) by the Prepetition Administrative Agent to the Debtors, their lead restructuring counsel,

the U.S. Trustee, and lead counsel to the Committee, which notice may be delivered following the

occurrence and during the continuation of a Termination Event, respectively, stating that the Post-

Carve-Out Trigger Notice Cap has been invoked.  Notwithstanding anything to the contrary herein,

the limitations on Professional Fees shall no longer be applicable upon full repayment of the

Obligations.

60917/0001-20843557v2
60917/0001-20843557v3

(Page 17)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.           20-18445 (JKS)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING USE OF CASH
                   COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                   (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                   HEARING; AND (IV) GRANTING RELATED RELIEF

 

 

(b)    Carve Out Reserve Accounts

(i)    The Debtors shall utilize all cash on hand and any available cash thereafter held by any Debtor to fund a reserve account each week in an amount equal to the amount of Allowed Professional Fees set forth in the Budget. The Debtors shall deposit and hold such amounts in a segregated account in trust to pay such Allowed Professional Fees (the "Pre-Carve-Out Trigger Notice Reserve Account") prior to any and all other claims, and all payments of Allowed Professional Fees incurred prior to the Carve-Out Termination Date shall be paid first from such Pre-Carve-Out Trigger Notice Reserve Account.  Upon the foregoing funding, the liens and claims of the Prepetition Administrative Agent and other Prepetition Credit Parties shall cease being subordinated to the Carve-Out with respect to any Allowed Professional Fees incurred prior to such date.

(ii)    On the day on which a Carve-Out Trigger Notice is given by the Prepetition Administrative Agent to counsel for the Debtors and the Committee (the "Carve-Out Termination Date"), the Debtors shall utilize all cash on hand as of such date and any available cash thereafter held by any Debtor to fund (A) the Pre-Carve-Out Trigger Notice Reserve Account in accordance with the Budget through such date; and (B) a segregated reserve account in an amount equal to the Post-Carve-Out Trigger Notice Cap (the "Post-Carve-Out Trigger Notice Reserve Account" and, together with the Pre-Carve-Out Trigger Notice Reserve Account, the "Carve-Out Reserve Accounts"), which amounts shall be held in trust exclusively to pay such

-17-

(Page 18)
Debtors:                RTW RETAILWINDS, INC., *et al.*
Case No.             20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

Allowed Professional Fees benefiting from the Post-Carve-Out Trigger Notice Cap, subject to the

terms and conditions contained in this Interim Order.

        (d)     <u>Application of Carve-Out Reserves</u>.

        (i)     All funds in the Pre-Carve-Out Trigger Notice Reserve Account

shall be used first to pay the obligations set forth in subparagraphs (a)(i) through (a)(iii) of the

definition of Carve-Out set forth above (the "<u>Pre-Carve-Out Amounts</u>"), but not, for the avoidance

of doubt, the Post-Carve-Out Trigger Notice Cap.  If the Pre-Carve-Out Trigger Notice Reserve

Account has not been reduced to zero, subject to clause (iii), below, all remaining funds shall be

distributed to the Prepetition Administrative Agent on account of the applicable Obligations until

indefeasibly Paid in Full (as hereafter defined).

        (ii)     All funds in the Post-Carve-Out Trigger Notice Reserve Account

shall be used first to pay the Allowed Professional Fees incurred after the first day following the

delivery of a Carve-Out Trigger Notice by the Prepetition Administrative Agent in an amount not

to exceed the Post-Carve-Out Trigger Notice Cap (the "<u>Post-Carve-Out Amounts</u>").  If the

Post-Carve-Out Trigger Notice Reserve Account has not been reduced to zero, subject to clause

(iii), below, all remaining funds shall be distributed to the Prepetition Administrative Agent on

account of the applicable Obligations until indefeasibly Paid in Full.  Notwithstanding anything to

the contrary in the Financing Agreements or this Interim Order, following delivery of a Carve Out

Trigger Notice, none of the Prepetition Credit Parties shall be entitled to any cash (including cash

received from the sale or other disposition of any of the Debtors' assets), other than cash

60917/0001-20843557v2

60917/0001-20843557v3

(Page 19)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

maintained in the Segregated Cash Collateral Account, until the Carve-Out Reserve Accounts are fully funded.

(iii)    Notwithstanding anything to the contrary in the Financing Agreements or this Interim Order, (A) the failure of the Carve-Out Reserve Accounts to satisfy in full the Allowed Professional Fees shall not affect the senior priority of the Carve-Out with respect to any shortfall (as described below), and (B) subject to the limitations with respect to the Prepetition Administrative Agent and other Prepetition Credit Parties set forth herein, in no way shall the Budget, any approved Budget, Annual Operating Forecast, Carve-Out, Post-Carve-Out Trigger Notice Cap or Carve-Out Reserve Accounts be construed as a cap or limitation on the amount of the Allowed Professional Fees due and payable by the Debtors.

(iv)    For the avoidance of doubt and notwithstanding anything to the contrary in this Interim Order or in any Financing Agreement(s), the Carve-Out shall be senior to all liens and claims securing the Prepetition Collateral, the Adequate Protection Liens, any party's claims under section 507(b) of the Bankruptcy Code, as well as any and all other forms of adequate protection, liens, or claims securing the Secured Obligations, in each case solely to the extent provided herein; provided that the cash maintained in the Segregated Cash Collateral Account shall not be subject to the Carve-Out.

(e)    <u>No Direct Obligation To Pay Allowed Professional Fees</u>.  The Prepetition Administrative Agent and other Prepetition Credit Parties shall not be responsible for the payment or reimbursement of any fees or disbursements of any Professional Person incurred in connection with the Cases or any successor cases under any chapter of the Bankruptcy Code.  Nothing in this

(Page 20)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

Interim Order or otherwise shall be construed to obligate the Prepetition Administrative Agent and

other Prepetition Credit Parties in any way, to pay compensation to, or to reimburse expenses of,

any Professional Person or to guarantee that the Debtors have sufficient funds to pay such

compensation or reimbursement. Payment from the Carve-Out, whether by or on behalf of the

Prepetition Administrative Agent or any other Prepetition Credit Parties, shall not and shall not be

deemed to reduce the Obligations, and shall not and shall not be deemed to subordinate any of any

of Prepetition Administrative Agent's other Prepetition Credit Parties' liens and security interests

in the Prepetition Collateral, any other Collateral, or the Adequate Protection Superpriority Claim

(as defined below) to any junior pre- or post-petition lien, interest or claim in favor of any other

party. Nothing in Section 4 of this Interim Order shall be construed to obligate the Prepetition

Administrative Agent or any Lender in any way, to directly pay compensation to or to reimburse

expenses of any Professional Person, or to ensure that the Debtors have sufficient funds to pay

such compensation or reimbursement.

(f)       <u>Payment of Carve-Out</u>.  Any payment or reimbursement made in respect

of any Allowed Professional Fees shall permanently reduce the Carve-Out on a dollar-for-dollar

basis.

(g)       Nothing herein, including the inclusion of line items in the Budget for

Professional Persons, shall be construed as consent to the allowance of any particular professional

fees or expenses of the Debtors, of the Committee, or of any other person or shall affect the right

of the Prepetition Administrative Agent and any other Prepetition Credit Parties to object to the

allowance and payment of such fees and expenses. Furthermore, nothing in this Interim Order or

(Page 21)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

otherwise shall be construed: (i) to obligate the Prepetition Administrative Agent and other Prepetition Credit Parties in any way to pay compensation to or to reimburse expenses of any Professional Person, or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement; or (ii) to increase the Carve-Out if allowed fees and/or disbursements are higher in fact than the amounts subject to the Carve-Out as set forth in this Interim Order.

5.      Termination Date. Immediately upon written notice by the Prepetition Administrative Agent to (a) counsel to the Debtors, (b) the U.S. Trustee and, (c) if any Committee is appointed, to lead counsel for the Committee, this Court's   authorization, and the Prepetition Administrative Agent's and other Prepetition Credit Parties' consent, for the Debtors to use Cash Collateral pursuant to this Interim Order shall terminate on the earliest to occur of the following (the earliest such date, herein defined as the "Termination Date"):  (i) the Debtors' failure to satisfy any Milestone (defined below) set forth in paragraph 26; (ii) the entry of an order of this Court terminating the right of any Debtor to use Cash Collateral; (iii) the dismissal of any of the Cases or the conversion of any of the Cases to a case under Chapter 7 of the Bankruptcy Code; (iv) the appointment in any of the Cases of a trustee or an examiner with expanded powers; (v) the entry of any order of the Court that impairs in any way the security interests, liens, priority claims or rights granted to the Prepetition Administrative Agent and/or any of the other Prepetition Credit Parties under the terms of this Interim Order; (vi) this Interim Order shall cease, for any reason, to be in full force and effect, or the Debtors shall so assert in writing, or any liens, rights or claims created in favor of the Prepetition Administrative Agent and/or any of the other Prepetition Credit

60917/0001-20843557v2
60917/0001-20843557v3

(Page 22)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

Parties under this Interim Order shall cease to be enforceable and of the same effect and priority purported to be created hereby, or the Debtors shall so assert in writing; (vii) any of the Debtors challenge or object to the extent, validity, enforceability, priority, perfection and/or non-avoidability of the Prepetition Obligations or the Prepetition Administrative Agent's security interests in and liens upon the Collateral; (viii) an order of this Court shall be entered reversing, staying, vacating or otherwise modifying this Interim Order or any provision contained herein without the prior written consent of the Prepetition Administrative Agent; (ix) the actual Net Cash Flow deviates in any Cash Flow Measurement Period beyond the Permitted Variance as set forth in Paragraph 3(c) hereof from the amounts set forth in the Budget for such Cash Flow Measurement Period, without, in each instance, the prior written consent of the Prepetition Administrative Agent; (x) any Debtor fails to Pay in Full the Obligations in accordance with the terms set forth in this Interim Order, without the prior written consent of the Prepetition Administrative Agent; (xi) any material misrepresentation by any Debtor in the financial reporting or certifications to be provided by the Debtors to the Prepetition Administrative Agent under the Financing Agreements and/or this Interim Order; (xii) any of the Debtors propose or support any plan of reorganization or sale of all or substantially all of any Debtor's assets or entry of any order confirming any such plan or sale that is not conditioned on the Payment in Full of all Obligations on the effective date of such plan or closing of such sale; (xiii) the Debtors fail to provide any additional adequate protection ordered by the Court and such failure shall continue unremedied for more than three (3) business days after written notice thereof; (xv) any Debtor's failure to perform, in any respect, any of its obligations under this Interim Order; (xvi) any Debtor, including any subsidiary or affiliate thereof,

60917/0001-20843557v2
60917/0001-20843557v3

(Page 23)

Debtors:          RTW RETAILWINDS, INC., *et al.*
Case No.          20-18445 (JKS)
Caption of Order: INTERIM ORDER (I) AUTHORIZING USE OF CASH
                  COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                  (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                  HEARING; AND (IV) GRANTING RELATED RELIEF

promotes or otherwise markets discounting of Collateral offered for sale at any store location other than in the normal course of business without Prepetition Administrative Agent's prior written consent; or (xvii) any order is entered approving, in each case on terms and conditions that are not acceptable to Prepetition Administrative Agent, (A) the Debtors' store closing sales in accordance with Section 363 of the Bankruptcy Code, (B) the assumption of the Consulting Agreement dated as of May 18, 2020 by and between Debtors, Great American Group, LLC and Tiger Capital Group, LLC (the "Store Closing Liquidation Agreement"), (C) of bid procedures and authorization to conduct an auction for the sale of all or substantially all of the Debtors' intellectual property and real estate assets; or (D) the sale of all or substantially all of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code  (each of the forgoing clauses (i-xvii), a "Termination Event").

6.      Adequate Protection.

(a)      Replacement Liens. Subject to the Carve-Out, as adequate protection for and solely to the extent of the amount of diminution in value from and after the Petition Date, of its interests in the Collateral, including, without limitation, the aggregate amount of Cash Collateral used by any Debtor on a dollar for dollar basis, the imposition of the automatic stay and any other act or omission which causes diminution in the value of its interests in the Collateral (collectively, the "Diminution in Value"), the Prepetition Administrative Agent, for the benefit of itself and the other Prepetition Credit Parties, is hereby granted, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all of each Debtor's presently owned or hereafter acquired property and assets, whether such property and assets were acquired by such Debtor before or after the Petition Date,

60917/0001-20843557v2
60917/0001-20843557v3

(Page 24)

Debtors:             RTW RETAILWINDS, INC., *et al.*
Case No.             20-18445 (JKS)
Caption of Order:    INTERIM ORDER (I) AUTHORIZING USE OF CASH
                     COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                     (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                     HEARING; AND (IV) GRANTING RELATED RELIEF

of any kind or nature, whether real or personal, tangible or intangible, wherever located, and the

proceeds and products thereof, including, without limitation, the proceeds from any disposition of

any leasehold interests of the Debtors and all property recovered as a result of transfers or

obligations avoided or actions maintained or taken pursuant to Sections 542, 544, 545, 547, 548,

549, 550, 551, 552 and 553 of the Bankruptcy Code (collectively, to the extent acquired after the

Petition Date, the "Postpetition Collateral" and, together with the Prepetition Collateral and the

Cash Collateral, the "Collateral"; notwithstanding anything herein to the contrary, Postpetition

Collateral shall not include any leasehold interests of the Debtors but shall include the proceeds

from any disposition of any leasehold interests of the Debtors) to the extent of any Diminution in

Value (the "Replacement Lien"); provided that the Replacement Lien shall not attach to any

property recovered as a result of transfers or obligations avoided or actions maintained or taken

pursuant to Sections 542, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code

until the entry of a Final Order.   The Replacement Lien shall be junior and subordinate only to

(A) the Carve-Out, (B) the Prepetition Liens on the Prepetition Collateral, and (C) any Prior Senior

Liens on such Prepetition Collateral, and shall otherwise be senior to all other security interests in,

liens on, or claims against any asset of a Debtor and all rights of payment of all other parties.   Other

than as set forth herein, the Replacement Lien shall not be made subject to or *pari passu* with any

lien or with any lien or security interest previously or hereinafter granted in any of the Cases or

any Successor Case.  The Replacement Lien shall be valid, binding and enforceable against any

trustee or other estate representative appointed in any Case, upon the conversion of any of the

Cases to a case under chapter 7 of the Bankruptcy Code (collectively, "Successor Cases") and/or

-24-

(Page 25)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

upon the dismissal of any Case or Successor Case. For the avoidance of doubt, (i) the Replacement

Lien shall not include any leasehold interests of the Debtors but shall include the proceeds from

any disposition of any leasehold interests of the Debtors; and (ii) none of the Prepetition Credit

Parties may enter into any leased premises of any Debtor to exercise any rights or privileges of the

Debtors as lessee in connection with a Termination Date unless authorized pursuant to (A) a

written agreement with the applicable landlord, (B) a pre-existing right held by the Prepetition

Credit Parties pursuant to applicable law, or (C) a Court Order on notice to the applicable landlord

and the Debtors.

(b)     Default Interest.  At all times during the Cases, interest on all outstanding

Obligations shall bear interest at the applicable default rate of interest.

(c)     Section 507(b) Priority Claims.  Subject only to the Carve-Out, as adequate

protection for the Diminution in Value of its interest in the Collateral the Prepetition

Administrative Agent, for the benefit of itself and the other Prepetition Credit Parties, is hereby

granted as and to the extent provided by Sections 503 and 507(b) of the Bankruptcy Code, an

allowed superpriority administrative expense claim in the Cases and any successor bankruptcy

case (the "Adequate Protection Superpriority Claim"). The Adequate Protection Superpriority

Claim shall be subordinate to the Carve-Out solely to the extent set forth in this Interim Order, but

otherwise shall have priority over all administrative expense claims, including administrative

expenses of the kinds specified in or ordered pursuant to Sections 503(b) and 507(b) of the

Bankruptcy Code, and unsecured claims against each Debtor and each Estate now existing or

hereafter arising, of any kind or nature whatsoever.

60917/0001-20843557v2
60917/0001-20843557v3

(Page 26)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

(d)    <u>Mandatory Paydowns of Obligations</u>.    For so long as any Obligations remain outstanding and are not fully satisfied and Paid in Full on terms and conditions acceptable to the Prepetition Administrative Agent, Debtors shall make weekly mandatory payments to Prepetition Administrative Agent, for the benefit of the Prepetition Administrative Agent and the other Prepetition Credit Parties, commencing on the first (1st) full week after the Petition Date, and on the Friday of each week thereafter, in the amounts set forth in the Budget; <u>provided</u>, that any such payments shall be without prejudice to the rights of any party to challenge the Prepetition Obligations in accordance with and solely to the extent set forth in Section 18(b).

(e)    <u>Additional Payments from Sale of Collateral</u>.    Notwithstanding anything to the contrary set forth herein, in the Budget, or in any other order entered in these Cases, if the Prepetition Administrative Agent and other Prepetition Credit Parties have not received the indefeasible Payment in Full of all Obligations on or before August 31, 2020, then the Debtors shall pay to the Prepetition Administrative Agent, for the benefit of the Prepetition Administrative Agent and the other Prepetition Credit Parties, all net sale proceeds generated from any sales, dispositions, or proceeds of casualty insurance of all Collateral outside the ordinary course of Debtors' businesses, including sales or dispositions of Collateral with respect to all "going out of business" sales and all other sales of Collateral pursuant to section 363 of the Bankruptcy Code until all Obligations are Paid in Full. All of the Prepetition Administrative Agent's and other Prepetition Credit Parties' rights under the Financing Agreements or otherwise are expressly reserved and, by this Interim Order, preserved.

60917/0001-20843557v2
60917/0001-20843557v3

(Page 27)

Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

(f)     Prepetition Administrative Agent is hereby authorized to (i) maintain Cash

Collateral in an amount equal to one hundred and five percent (105%) of all Letter of Credit

Exposure (as defined in the Loan Agreement); and (ii) apply such Cash Collateral, or any portion

thereof, immediately upon any draw on any Letter of Credit (as defined in the Loan Agreement),

in each case in an amount not to exceed any such draw plus any associated fees and costs due

under the terms of the Loan Agreement.

(g)     Payment and Review of Lender Fees and Expenses.  As further adequate

protection, the Debtors shall pay all reasonable fees and expenses under the Financing Agreements,

including, without limitation, the non-refundable payment to the Prepetition Administrative Agent

of the reasonable and documented attorney fees and expenses and any other reasonable

professional fees and expenses whether incurred before or after the Petition Date and whether

incurred in connection with the Financing Agreements, the Collateral, or the Cases; provided that

Debtors shall pay all such reasonable fees and expenses within five (5) business days of delivery

of a summary statement or invoice for such fees and expenses (it being understood that such

statements or invoices shall not be required to be maintained in any particular format, nor shall

any such counsel or other professional be required to file any interim or final fee applications with

the Court or otherwise seek Court's approval of any such payments) to the Debtors, the U.S.

Trustee and the Committee (if one is appointed), unless, within such five (5) business day period,

the Debtors, the U.S. Trustee or the Committee (if one is appointed) serve a written objection upon

the requesting party, in which case, the Debtors shall pay only such amounts that are not the subject

of any objection and the withheld amount subsequently agreed by the objecting parties or ordered

60917/0001-20843557v2
60917/0001-20843557v3

(Page 28)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

by the Court to be paid.  Any and all amounts paid by the Debtors pursuant to this paragraph 6(g) are deemed permitted uses of Cash Collateral and not subject to the Budget, the Budget Compliance Report, or Permitted Variance.

(h)    Segregated Collateral Account. Debtors shall maintain funds in an amount not less than $8,000,000 in a controlled account at Wells Fargo Bank, N.A. ending in x7167, which funds shall secure the Payment in Full of the Obligations (the "Segregated Collateral Account"). Prepetition Administrative Agent, notwithstanding anything set forth in this Interim Order or otherwise to the contrary, is hereby authorized to apply the funds in the Segregated Collateral Account, or any portion thereof, to the Obligations (i) immediately upon the occurrence of a Termination Event without further order of this Court or any further action of any kind whatsoever; *provided*, *that*, the Prepetition Administrative Agent shall promptly notify counsel for the Debtors, counsel to the Committee (if any), and the Office of the United States Trustee upon any such application pursuant to this clause (i); (ii) on July 27, 2020 and on the Monday of each week thereafter, in such amounts and as otherwise set forth in the Budget; and (iii) at such times and in such amounts as the Debtors and Prepetition Administrative Agent may otherwise agree.

(i)    Cash Management.    Until Prepetition Administrative Agent receives Payment in Full, (i) Debtors shall not open any new deposit accounts without the prior consent of the Prepetition Administrative Agent and shall otherwise continue to maintain and operate the Debtors' cash management system in in the same manner as such cash management system was maintained and operated prior to the Petition Date; (ii) all Deposit Account Control Agreements, executed by any Debtor in favor of the Prepetition Administrative Agent are hereby ratified and

-28-

(Page 29)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

affirmed and approved in all respects, and all banks, depository entities, securities intermediaries

and commodities intermediaries that are parties to any such Deposit Account Control Agreements

(as defined in the Financing Agreements) shall be authorized and directed to afford Prepetition

Administrative Agent with exclusive dominion and control over such accounts in accordance with

the terms and conditions of the applicable Deposit Account Control Agreement and other terms of

this Interim Order, (iii) the Debtors are hereby authorized and directed to execute any additional

deposit account control agreements as may be necessary or appropriate to effectuate the terms of

this Interim Order. The terms "Paid in Full" and  "Payment in Full" mean (I) all of the Obligations

(as defined in the Loan Agreement) have been indefeasibly paid in full in cash; (II) in the case of

any contingent or unliquidated Obligations, including, without limitation, any obligations that

Debtors are required to furnish cash collateral to Prepetition Administrative Agent in accordance

with the Financing Agreements, and any other liabilities arising from matters or circumstances

known to Prepetition Administrative Agent at the time which are reasonably expected to result in

any actual loss, cost, damage or expense (including attorneys' fees and legal expenses) to the

Prepetition Administrative Agent or any of the other Prepetition Credit Parties, the provision to

Prepetition Administrative Agent of cash collateral in an amount determined by Prepetition

Administrative Agent to fully secure and collateralize such contingent or unliquidated obligations

and liabilities; and (III) that the Prepetition Administrative Agent or each of the other Prepetition

Credit Parties shall receive a release from each Debtor and the Committee of and from all demands,

actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of

money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses,

(Page 30)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

rights of set-off, demands and liabilities in form and substance acceptable to the Prepetition Administrative Agent.

(j)    Consent Fee.  In consideration for the Prepetition Administrative Agent's and other Prepetition Credit Parties' consent to the use of its Cash Collateral in accordance with the terms of this Interim Order, if the Obligations are not Paid in Full on or before the fourth Friday following the Petition Date, then Prepetition Administrative Agent shall be paid, in addition to all Obligations owing by Debtors to the Prepetition Administrative Agent and other Prepetition Credit Parties, a weekly fee in the amount of $50,000, which shall be fully earned the date that is the fourth Friday following the Petition Date and on each Friday thereafter until the Obligations are Paid in Full.

(k)    Notwithstanding anything to the contrary set forth herein, the adequate protection granted by this Interim Order is without prejudice to the Prepetition Administrative Agent's rights to seek additional adequate protections from this Court. The use of Cash Collateral pursuant to the terms and conditions of this Interim Order and in accordance with the Budget shall not be deemed to be a consent by the Prepetition Administrative Agent to any other or further use of Cash Collateral or to the use of any Cash Collateral in any amount or for any purpose in excess of the amount set forth in the Budget for each such type of disbursement.

7.    Insurance.  At all times the Debtors shall maintain casualty and loss insurance coverage for the Collateral on substantially the same basis as maintained prior to the Petition Date. The Debtors shall provide the U.S. Trustee and the Prepetition Administrative Agent with proof

60917/0001-20843557v2
60917/0001-20843557v3

(Page 31)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

of the foregoing within five (5) days of written demand and give the Prepetition Administrative

Agent reasonable access to Debtors' records in this regard.

8.      Proof of Claim.  Neither the Prepetition Administrative Agent nor any of the other

Prepetition Credit Parties will be required to file proofs of claim or requests for approval of

administrative expenses in respect of the Obligations in any Case or Successor Case.   The

acknowledgment by Debtors of the Prepetition Obligations and the liens, rights, priorities and

protections granted to or in favor of the Prepetition Administrative Agent and other Prepetition

Credit Parties in respect of the Prepetition Collateral as set forth herein and in the Financing

Agreements shall be deemed a timely filed proof of claim on behalf of the Prepetition

Administrative Agent on behalf of itself and the other Prepetition Credit Parties in each of the

Cases.

9.      Relief from the Automatic Stay.

(a)      The automatic stay provisions of section 362 of the Bankruptcy Code are

hereby modified to the extent necessary to permit (i) the Debtors to implement and perform the

terms of this Interim Order, and (ii) the Debtors to create, and the Prepetition Administrative Agent

to perfect, the Replacement Lien and other liens granted hereunder. The Prepetition Administrative

Agent shall not be required to file UCC financing statements or other instruments with any other

filing authority to perfect the Liens, including the Replacement Lien, granted by this Interim Order

or to take any other actions to perfect such liens, which shall be deemed automatically perfected

by the docketing of this Interim Order by the Clerk of the Court, and deemed to be effective as of

the Petition Date. If, however, the Prepetition Administrative Agent shall elect for any reason to

(Page 32)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

file, record or serve any such financing statements or other documents with respect to such liens, then the Debtors shall execute same upon request and the filing, recording or service thereof (as the case may be) shall be deemed to have been made at the time of the commencement of this Case on the Petition Date.

(b)       In addition, and without limiting the foregoing, upon the occurrence of a Termination Event, and after providing five (5) business days (the "Stay Relief Notice Period") prior written notice (the "Enforcement Notice") to (i) the Court, (ii) counsel for the Debtors, (iii) counsel for the Committee (if appointed), and (iv) the U.S. Trustee, the Prepetition Administrative Agent shall be entitled to an expedited hearing before this Court to occur immediately following the expiration of the Stay Relief Notice Period in order to obtain further relief from the automatic stay provisions of section 362 of the Bankruptcy Code to take any action and exercise all rights and remedies against the Collateral provided under this Interim Order, the Financing Agreements or applicable law that the Prepetition Administrative Agent may deem appropriate in its sole discretion, including without limitation to proceed against and realize upon the Collateral or any other assets or properties of Debtors' Estates upon which the Prepetition Administrative Agent has been or may hereafter be granted liens or security interests to obtain the full and indefeasible Payment in Full of all Obligations.  For the avoidance of doubt, if the Prepetition Administrative Agent serves a Carve-Out Trigger Notice in accordance with this Interim Order, then the Stay Relief Notice Period shall run simultaneously from the date of any such notice.

(c)       The automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable law are hereby modified

(Page 33)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

without further notice, application or order of the Court to the extent necessary to permit the Prepetition Administrative Agent to perform any act authorized or permitted under or by virtue of this Interim Order, the Loan Agreement, the other Financing Agreements, as applicable, including, without limitation, (i) to implement the post-petition financing arrangements authorized by this Interim Order, (ii) to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Collateral, (iii) to assess, charge, collect, advance, deduct and receive payments with respect to the Obligations, including, without limitation, all interests, fees, costs and expenses permitted under the Financing Agreements, and apply such payments to the Obligations, and (iv) immediately following the expiration of the Stay Relief Notice Period, to take any additional action and exercise all additional rights and remedies provided to it by this Interim Order, the Loan Agreement, the other Financing Agreements, or applicable law that the Prepetition Administrative Agent may deem appropriate in its discretion to proceed against and realize upon the Collateral or any other assets or properties of Debtors' Estates upon which the Prepetition Administrative Agent has been or may hereafter be granted liens or security interests to obtain full and indefeasible Payment in Full.

10.    <u>Collateral Rights</u>.  Until all Obligations shall have been indefeasibly Paid in Full, upon and after the declaration of the occurrence of a Termination Event, and subject to Prepetition Administrative Agent obtaining relief from the automatic stay as provided for herein to enforce its rights and remedies against the Collateral, in connection with a liquidation of any of the Collateral, Prepetition Administrative Agent (or any of its employees, agents, consultants, contractors or other professionals) shall have the right, at the sole and reasonable cost and expense of Debtors, to: (i)

(Page 34)

| Debtors: | RTW RETAILWINDS, INC., *et al.* |
|---|---|
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

enter upon, occupy and use any real or personal property, fixtures, equipment, leasehold interests or warehouse arrangements owned or leased by Debtors and (ii) use any and all trademarks, trade names, copyrights, licenses, patents or any other similar assets of Debtors, which are owned by or subject to a lien of any third party and which are used by Debtors in their businesses. Prepetition Administrative Agent and other Prepetition Credit Parties will be responsible for the payment of any applicable fees, rentals, royalties or other amounts due such lessor, licensor or owner of such property for the period of time that Prepetition Administrative Agent actually uses the equipment or the intellectual property (but in no event for any accrued and unpaid fees, rentals or other amounts due for any period prior to the date that Prepetition Administrative Agent actually occupies or uses such assets or properties or for any fees, rentals or other amounts that may become due following the end of Prepetition Administrative Agent's occupation or use). For the avoidance of doubt, none of the Prepetition Credit Parties may enter into any leased premises of any Debtor to exercise any rights or privileges of the Debtors as lessee in connection with a Termination Event unless authorized pursuant to (i) a written agreement with the applicable landlord, (ii) a pre-existing right held by the Prepetition Credit Parties pursuant to applicable law, or (iii) a Court Order on notice to the applicable landlord and the Debtors.

11.     <u>Reversal, Modification, Vacatur, or Stay</u>.  Any reversal, modification, vacatur, or stay of any or all of the provisions of this Interim Order shall not affect the validity or enforceability of any Replacement Lien, the Adequate Protection Superpriority Claim, or any claim, lien, security interest, or priority authorized or created hereby with respect to any Replacement Lien or the Adequate Protection Superpriority Claim, incurred prior to the effective date of such reversal,

60917/0001-20843557v2
60917/0001-20843557v3

(Page 35)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

modification, vacatur, or stay. Notwithstanding any reversal, modification, vacatur, or stay (other

than in accordance with the Final Order), (a) this Interim Order shall govern, in all respects, any

use of Cash Collateral or Replacement Lien or Adequate Protection Superpriority Claim incurred

by the Debtors prior to the effective date of such reversal, modification, vacatur, or stay, and (b)

the Prepetition Administrative Agent shall be entitled to all the benefits and protections granted by

this Interim Order with respect to any such use of Cash Collateral or such Replacement Lien or

Adequate Protection Superpriority Claim incurred by the Debtors.

        12.     No Waiver for Failure to Seek Relief.  The failure or delay of the Prepetition

Administrative Agent, any other of the Prepetition Credit Parties, or the Debtors to seek relief or

otherwise exercise any of its rights and remedies under this Interim Order, the Loan Agreement,

the other Financing Agreements or applicable law, as the case may be, shall not constitute a waiver

of any rights hereunder, thereunder, or otherwise, by the Prepetition Administrative Agent, any

other of the Prepetition Credit Parties, or the Debtors.

        13.     Section 507(b) Reservation.  Nothing herein shall impair, modify or limit the

application of section 507(b) of the Bankruptcy Code in the event the adequate protection provided

to the Prepetition Administrative Agent and other Prepetition Credit Parties, as applicable,

hereunder is insufficient to compensate for any Diminution in Value during the Cases.

        14.     Marshalling.  Upon entry of the Final Order, in no event shall the Prepetition

Administrative Agent and the other Prepetition Credit Parties be subject to the equitable doctrine

of "marshalling" or any similar doctrine with respect to the Collateral. Subject to the entry of a

Final Order granting such relief, the Prepetition Administrative Agent and the other Prepetition

-35-

(Page 36)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

Credit Parties shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy

Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall

not apply to the Prepetition Administrative Agent and the Prepetition Credit Parties with respect

to proceeds, products, offspring or profits of any of the Collateral, as applicable.

15.     Without limiting the rights of the Prepetition Administrative Agent contained in

this Interim Order, the Prepetition Administrative Agent shall have the right, upon three (3)

business days written notice to the Debtors, at any time during the Debtors' normal business hours

and in its Permitted Discretion (as defined in the Loan Agreement), to inspect, audit, examine,

check, make copies of or extract from the non-privileged books, accounts, checks, orders,

correspondence and other records of the Debtors, and to inspect, audit and monitor all or any part

of the Collateral, and the Debtors shall make all of same reasonably available to the Prepetition

Administrative Agent, and each of its representatives, for such purposes.

16.     The Cash Collateral shall not, directly or indirectly, be used to pay administrative

expenses of the Debtors and or the Estates except for those operating expenses (including the

statutorily required fees payable to the Office of the United States Trustee pursuant to 28 U.S.C.

§1930 and any interest due thereon) that are set forth in the Budget or with the prior written consent

of the Prepetition Administrative Agent.  The Cash Collateral and the Carve-Out may not be used

in connection with or to finance in any way: (a) any action, suit, arbitration, proceeding,

application, motion or other litigation of any type (i) for the payment of any services rendered by

the professionals retained by any Debtor or Committee, or other representative of any estate, in

connection with the assertion of or joinder in any claim, counterclaim, action, proceeding,

(Page 37)

Debtors:                  RTW RETAILWINDS, INC., *et al.*
Case No.                  20-18445 (JKS)
Caption of Order:         INTERIM ORDER (I) AUTHORIZING USE OF CASH
                          COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                          (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                          HEARING; AND (IV) GRANTING RELATED RELIEF

application, motion, objection, defense or other contested matter, the purpose of which is to seek,

or the result of which would be to obtain, any order, judgment, determination, declaration or

similar relief invalidating, setting aside, avoiding or subordinating, in whole or in part, any

Prepetition Liens or Prepetition Obligations, (ii) seeking monetary, injunctive or other affirmative

relief against the Prepetition Administrative Agent, any other Prepetition Credit Party, or any

Prepetition Collateral, or (iii) preventing, hindering or otherwise delaying the exercise by the

Prepetition Administrative Agent or any other Prepetition Credit Parties of any rights under this

Interim Order; (b) any party objecting to or challenging in any way to the claims, liens, or interests

held by or on behalf of the Prepetition Administrative Agent or any other Prepetition Credit Parties;

(c) any party asserting, commencing or prosecuting any claims or causes of action whatsoever,

including, without limitation, any actions under chapter 5 of the Bankruptcy Code, against the

Prepetition Administrative Agent or any other Prepetition Credit Parties; or (d) any party

prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity,

extent, amount, perfection, priority, or enforceability of any of the Prepetition Liens, the

Prepetition Obligations or any other rights or interest of the Prepetition Administrative Agent or

any other Prepetition Credit Parties; provided, that up to an aggregate amount of $25,000 of (x)

the proceeds of the Prepetition Collateral (including Cash Collateral) or (y) the Carve-Out may be

used by the Committee during the Challenge Period to investigate the claims and liens of the

Prepetition Administrative Agent (and other potential claims, counterclaims, causes of action or

defenses against the Prepetition Administrative Agent and other Prepetition Credit Parties).

60917/0001-20843557v2
60917/0001-20843557v3

(Page 38)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

17.    <u>Binding Effect</u>.  This Interim Order shall be binding upon and inure to the benefit of the Prepetition Administrative Agent and the Debtors and their respective successors and assigns, including, without any limitation, any trustee, responsible officer, examiner, estate administrator or representative, or similar person appointed in a case for the Debtors under any chapter of the Bankruptcy Code. No rights are entered under this Interim Order for the benefit of any creditor of the Debtors, any other party in interest in the Cases, or any other person or entities, or any direct, indirect or incidental beneficiaries thereof.

18.    <u>Effect of Debtors' Stipulations on Third Parties</u>.

(a)    Subject to the terms of this Paragraph 18, each stipulation, admission, and agreement contained in this Interim Order including, without limitation, the Debtors' Stipulations, shall be binding upon the Debtors, their Estates and any successor thereto (including, without limitation, any chapter 7 or chapter 11 trustee appointed or elected for any of the Debtors) under all circumstances and for all purposes, and the Debtors are deemed to have irrevocably waived and relinquished all Challenges (as defined herein) as of the date of the Petition Date.

(b)    Nothing in this Interim Order shall prejudice the rights of any Committee or any other party in interest, if granted standing by the Court, to seek, solely in accordance with the provisions of this Paragraph 18(b), to assert any claims against the Prepetition Administrative Agent or any other Prepetition Credit Parties, on behalf of the Debtors or the Debtors' creditors or to otherwise challenge any of the Debtors' Stipulations or any other matter, including, but not limited to those in relation to (i) the validity, extent, priority, or perfection of the security interests, and liens of the Prepetition Administrative Agent or any other Prepetition Credit Parties (ii) the

-38-

(Page 39)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

validity, allowance, priority, or amount of the Prepetition Obligations, or (iii) any liability of the Prepetition Administrative Agent or any other Prepetition Credit Parties with respect to anything arising from the Financing Agreements, in each case whether under sections 502 or 506 of the Bankruptcy Code or otherwise.   Notwithstanding the immediately preceding sentence, any Committee or any other party in interest must first obtain standing from the Court prior to commencing a contested matter or adversary proceeding raising such claim, objection, or challenge, including, without limitation, any claim or cause of action against the Prepetition Administrative Agent or any other Prepetition Credit Parties (each, a "Challenge") no later than the date that is (x)(i) with respect to the Committee, sixty (60) calendar days from the date of appointment of the Committee by the U.S. Trustee, (ii) with respect to all other parties in interest, seventy-five (75) calendar days from the Petition Date, or (iii) with respect to a chapter 11 trustee appointed in these Cases, or any chapter 7 trustee appointed in any Successor Case, in both cases prior to the expiration of the periods set forth in (i) and (ii), the date that is the later of twenty (20) days after the appointment of such trustee or the latest date set forth in subsections (i-ii) (collectively, the "Challenge Period").   The Challenge Period may only be extended with the written consent of the Prepetition Administrative Agent prior to the expiration of the Challenge Period, and for the avoidance of doubt, any such extension shall only apply to the party to whom such extension is granted.   Only those parties in interest who commence a Challenge within the Challenge Period may prosecute such Challenge. As to (I) any parties in interest, including any Committee, who fail to file a Challenge within the Challenge Period, or if any such Challenge is filed and overruled or otherwise finally resolved or adjudicated in favor of the Prepetition

60917/0001-20843557v2
60917/0001-20843557v3

(Page 40)
Debtors:          RTW RETAILWINDS, INC., *et al.*
Case No.          20-18445 (JKS)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING USE OF CASH
                   COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                   (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                   HEARING; AND (IV) GRANTING RELATED RELIEF

Administrative Agent or any other Prepetition Credit Parties, as applicable, and (II) any and all

matters that are not expressly the subject of a timely Challenge: (1) any and all such Challenges

by any party (including, without limitation, any Committee, any chapter 11 trustee, any examiner

or any other estate representative appointed in the Debtors' Cases, or any chapter 7 trustee, any

examiner or any other estate representative appointed in any Successor Case), shall be deemed to

be forever waived and barred, (2) all of the findings, Debtors' Stipulations, waivers, releases,

affirmations, and other stipulations as to the priority, extent, and validity as to the claims, liens,

and interests of the Prepetition Administrative Agent or any other Prepetition Credit Parties, as

applicable, shall be of full force and effect and forever binding upon the Debtors' bankruptcy

estates and all creditors, interest holders, and other parties in interest in the Chapter 11 Cases and

any Successor Cases, and (3) any and all claims or causes of action against the Prepetition

Administrative Agent or any other Prepetition Credit Parties, as applicable, relating in any way to

the Financing Agreements, Prepetition Obligations, and Prepetition Liens, as applicable, shall be

released by the Debtors' estates, all creditors, interest holders, and other parties in interest in the

Chapter 11 Cases and any Successor Cases.

(c)     Nothing in this Interim Order vests or confers on any person (as defined in the

Bankruptcy Code), including any Committee, standing or authority to pursue any cause of action

belonging to the Debtors or their Estates, including, without limitation, any Challenge with respect

to the Financing Agreements or the Prepetition Obligations.

19.    <u>Reporting</u>.  Debtors shall provide the Prepetition Administrative Agent with all

financial and other information required under the Financing Agreements and this Interim Order,

60917/0001-20843557v2
60917/0001-20843557v3

(Page 41)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

and such other information as the Prepetition Administrative Agent may from time to time

reasonably request including without limitation all information relating to any offers received by

Debtors or negotiations relating to a sale of the Collateral (or any portion thereof).

20.    Effectiveness.  The terms and conditions of this Interim Order shall be (i) effective

and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential

application of Fed. R. Bankr. P. 6004(g), 7062, 9014 or otherwise; and (ii) not be stayed absent (a)

an application by a party in interest for such stay in conformance with such Fed. R. Bankr. P. 8005,

and (b) a hearing upon notice to the Notice Parties.

21.    Section 506(c) Claims.  Subject to entry of the Final Order, no costs or expenses

of administration which have or may be incurred in the Cases shall be charged against the

Prepetition Credit Parties, their claims or the Collateral pursuant to section 506(c) of the

Bankruptcy Code without the prior written consent of the Prepetition Administrative Agent, and

no such consent shall be implied from any other action, inaction or acquiescence by the Prepetition

Administrative Agent.

22.    Releases.  Upon the earlier of (a) the entry of the Final Order, (b) the entry of an

order extending the Cash Collateral Period, and (c) the entry of an order approving the sale of all

or substantially all of the Debtors' assets, and in each instance, and subject to the challenge rights

set forth in paragraph 18 of this Order, in consideration of the Prepetition Administrative Agent

and other Prepetition Credit Parties permitting the Debtors to use the Prepetition Collateral

(including Cash Collateral) pursuant to the provisions of this Interim Order, each Debtor, on behalf

of itself and its successors and assigns (collectively, the "Releasors"), shall forever release,

(Page 42)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

discharge and acquit the Prepetition Administrative Agent and each of the other Prepetition Credit Parties, and their respective successors and assigns, and their present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees and other representatives in their respective capacities as such (collectively, the "Prepetition Releasees"), of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, of every kind, nature and description, including, without limitation, any so-called "lender liability" claims or defenses, that Releasors had, have or hereafter can or may have against Prepetition Releasees as of the date hereof, arising from or related to events that occurred on or prior to the date hereof in connection with the Debtors, the Financing Agreements, or the Obligations.

23.     Survival.  The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) confirming any plan of reorganization in any of the Cases, (b) converting any of the Cases to a case under chapter 7 of the Bankruptcy Code, (c) dismissing any of the Cases or Successor Cases, or (d) pursuant to which this Court abstains from hearing any of the Cases or Successor Cases.  The terms and provisions of this Interim Order, as well as the Adequate Protection Superpriority Claim, the Replacement Lien and all other claims and Liens granted by this Interim Order, shall (a) continue in this or any other superseding case under the Bankruptcy Code, (b) be valid and binding on all parties in interest, including, without limitation, any Committee, chapter 11 trustee, examiner or chapter 7 trustee, and (c) continue, notwithstanding any dismissal of any Case or Successor Case (and any

60917/0001-20843557v2
60917/0001-20843557v3

(Page 43)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

such order of dismissal shall so provide), and such claims and Liens shall maintain their priority

as provided by this Interim Order until the Obligations are satisfied in full.

24.     <u>Discharge Waiver</u>.  Upon entry of the Final Order, the Debtors expressly stipulate,

and the Court finds and adjudicates that, neither the Adequate Protection Superpriority Claim or

the Replacement Lien shall be discharged by the entry of an order confirming any plan of

reorganization, notwithstanding section 1142(d) of the Bankruptcy Code, unless (i) the order is

entered with the prior written consent of the Prepetition Administrative Agent, or (ii) the Adequate

Protection Superpriority Claim has been Paid in Full on or before the effective date of such plan.

25.     <u>Rights Preserved</u>.  Notwithstanding anything herein to the contrary, the entry of

this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or

implicitly: (a) the Prepetition Administrative Agent's right to seek any other relief in respect of

the Debtors (including the right to seek additional adequate protection); (b) the Prepetition

Administrative Agent's right to seek the payment by the Debtors of post-petition interest pursuant

to section 506(b) of the Bankruptcy Code; or (c) any rights of the Prepetition Administrative Agent

under the Bankruptcy Code or under non-bankruptcy law, including the right to (i) request

modification of the automatic stay pursuant to section 362 of the Bankruptcy Code, (ii) request

dismissal of any of the Cases or Successor Cases, conversion of any of the Cases to cases under

chapter 7 of the Bankruptcy Code, or appointment of a chapter 11 trustee or an examiner (with or

without expanded powers), (iii) propose a chapter 11 plan or plans of reorganization, subject to

section 1121 of the Bankruptcy Code, or (iv) consent in writing prior to the sale of all or any

portion of the Collateral outside the ordinary course of the Debtors' business (and no such consent

(Page 44)
Debtors:            RTW RETAILWINDS, INC., *et al.*
Case No.            20-18445 (JKS)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH
                    COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                    (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                    HEARING; AND (IV) GRANTING RELATED RELIEF

shall be implied or construed by any action or inaction by the Prepetition Administrative Agent).

Other than as expressly set forth in this Interim Order, any other rights claims or privileges

(whether legal, equitable or otherwise) of the Prepetition Administrative Agent are preserved.

26.    <u>Milestones</u>. Each Debtor shall satisfy or cause to be satisfied, as applicable, each

of the following conditions (each individually a "<u>Milestone</u>", and collectively the "<u>Milestones</u>")

unless otherwise consented to in writing by the Prepetition Administrative Agent:

(a)    **On or prior to August 10, 2020,** the Court shall have entered (i) the Final

Order, in form and substance acceptable to Prepetition Administrative Agent approving the

Debtors' use of Cash Collateral; and

(b)    **On or prior to August 31, 2020,** the Debtors shall have made Payment in

Full of all outstanding Obligations pursuant to the Financing Agreements and this Interim Order.

27.    <u>Sale/Marketing Process Access</u>.  The Debtors hereby (i) authorize the Prepetition

Administrative Agent to communicate directly with the Berkeley Research Group, LLC (the

"<u>Financial Consultant</u>") and B. Riley FBR, Inc. (the "<u>Investment Banker</u>") regarding all non-

privileged matters relating to the services to be rendered by the Financial Consultant or Investment

Banker to the Debtors, including, without limitation, to discuss all non-privileged financial reports,

business information, findings and recommendations of the Financial Consultant and Investment

Banker; and (ii) shall authorize and direct the Financial Consultant and Investment Banker to (A)

communicate directly with Prepetition Administrative Agent regarding all non-privileged matters

relating to the services to be rendered by the Financial Consultant or Investment Banker to the

Debtors, including, without limitation, to discuss all non-privileged financial reports, business

-44-

(Page 45)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

information, and all findings, and recommendations of the Financial Consultant or Investment

Banker, and (B) to provide Prepetition Administrative Agent with copies (with a copy to Debtors)

of all non-privileged reports and other information prepared or reviewed by the Financial

Consultant or Investment Banker.

28.    <u>Application of Proceeds</u>.  All proceeds of the Collateral received by the Prepetition

Administrative Agent and any other amounts or payments received by the Prepetition

Administrative Agent in respect of the Obligations, may be applied or deemed to be applied by the

Prepetition Administrative Agent in such manner and priority as the Prepetition Administrative

Agent may determine in its discretion, subject to the terms of this Interim Order and the Loan

Agreement. Without limiting the generality of the foregoing, the Debtors are authorized without

further order of this Court to pay or reimburse the Prepetition Administrative Agent for future

costs and expenses, including, without limitation, all reasonable and documented professional fees,

consultant fees and legal fees and expenses paid or incurred by the Prepetition Administrative

Agent, all of which shall be and are hereby included as part of the principal amount of the

Obligations and secured by the Collateral.

29.    <u>Inventory</u>.  Debtors shall not, without the consent of the Prepetition Administrative

Agent, (a) enter into any agreement to return any inventory to any of their creditors for application

against any prepetition indebtedness under any applicable provision of section 546 of the

Bankruptcy Code, or (b) consent to any creditor taking any setoff against any of its prepetition

indebtedness based upon any such return pursuant to section 553(b)(1) of the Bankruptcy Code or

otherwise, in an aggregate amount not to exceed $50,000.

-45-

(Page 46)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al.* |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF |

30.    <u>Disposition of Collateral</u>.  Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral outside the ordinary course of business, other than pursuant to the terms of the Loan Agreement and the Budget, without the prior written consent of the Prepetition Administrative Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by the Prepetition Administrative Agent or any of the Prepetition Credit Parties) and, in each case, an order of this Court.

31.    <u>Right of Setoff</u>. To the extent any funds were on deposit with Prepetition Administrative Agent or any other Prepetition Credit Party as of the Petition Date, regardless of the capacity in which such Prepetition Credit Party held such funds,  including, without limitation, all funds deposited in, or credited to, an account of any Debtor with any such institution immediately prior to the filing of the Cases (regardless of whether, as of the Petition Date, such funds had been collected or made available for withdrawal by any such Debtor), such funds (the "<u>Deposited Funds</u>") are subject to rights of setoff in a manner not inconsistent with the terms of this Order and the Budget.  By virtue of such setoff rights, the Deposited Funds are subject to a lien in favor of Prepetition Administrative Agent or the applicable Prepetition Credit Parties pursuant to §§ 506(a) and 553 of the Bankruptcy Code.

32.    <u>Retention of Jurisdiction</u>.  The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Interim Order, the Loan Agreement, and the other Financing Agreements.

33.    <u>Final Hearing</u>.  A hearing on the Debtors' request for a Final Order approving the Motion is scheduled for **August 7, 2020, at 10:00 a.m. (Eastern Time)** before this Court.  Within

(Page 47)
Debtors:              RTW RETAILWINDS, INC., *et al.*
Case No.              20-18445 (JKS)
Caption of Order:     INTERIM ORDER (I) AUTHORIZING USE OF CASH
                      COLLATERAL AND AFFORDING ADEQUATE PROTECTION;
                      (II) MODIFYING AUTOMATIC STAY; (III) SCHEDULING A FINAL
                      HEARING; AND (IV) GRANTING RELATED RELIEF

three (3) business days after entry of this Interim Order, the Debtors shall serve, or cause to be

served, by first class mail or other appropriate method of service, a copy of the Motion (to the

extent the Motion was not previously served on a party) and this Interim Order on (a) the Notice

Parties and (b) counsel to any Committee.  Any responses or objections to the Motion shall be

made in writing, conform to the applicable Bankruptcy Rules and Local Rules, be filed with the

Bankruptcy Court, set forth the name of the objecting party, the basis for the objection, and the

specific grounds therefor, and be served so as to be actually received no later than **August 5, 2020,**

**at 12:00 p.m. (Eastern Time)** by the following parties:  (i) the Debtors, RTW Retailwinds, Inc.,

330 West 34th Street, New York, New York 10001, Attn: Marc Schuback, General Counsel;

(ii) proposed counsel to the Debtors, Cole Schotz P.C., 25 Main Street, Hackensack, NJ 07601,

Attn: Michael D. Sirota, Esq. and Stuart Komrower, Esq.; and (iii)  the Office of The United States

Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn:

Peter J. D'Auria, Esq.; (v) counsel to any statutory committee appointed in these chapter 11 cases;

and (vi) counsel for the Prepetition Administrative Agent:  Otterbourg P.C., 230 Park Avenue,

New York, NY 10169, Attn:  Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq.

60917/0001-20843557v2
60917/0001-20843557v3

# EXHIBIT 1

## BUDGET

7/13/2020 11:56 AM

RetailWinds, Inc
Cash Forecast
$ in 000s

All columns are Forecast (Fcst). Week ending dates shown in parentheses.

| Week No. | 1 (18-Jul) | 2 (25-Jul) | 3 (1-Aug) | 4 (8-Aug) | 5 (15-Aug) | 6 (22-Aug) | 7 (29-Aug) | 8 (5-Sep) | 9 (12-Sep) | 10 (19-Sep) | 11 (26-Sep) | Total 11 Weeks | 11-24 Wind Down | Total 24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **I. Net Cash Flow** | | | | | | | | | | | | | | |
| 1) Total Receipts | | | | | | | | | | | | | | |
| 2) Sales Receipts | 6,914 | 10,153 | 10,404 | 11,345 | 11,643 | 11,060 | 10,669 | 8,689 | 7,151 | 6,338 | 5,422 | 99,788 | 2,722 | 102,510 |
| 3) All Other Receipts | - | - | - | - | - | - | - | - | - | - | 15,000 | 15,000 | 6,678 | 21,678 |
| 4) Total Receipts | 6,914 | 10,153 | 10,404 | 11,345 | 11,643 | 11,060 | 10,669 | 8,689 | 7,151 | 6,338 | 20,422 | 114,788 | 9,400 | 124,188 |
| 5) Operating Disbursements | | | | | | | | | | | | | | |
| 6) Merch Payments | - | - | (646) | (2,085) | (1,492) | (1,886) | (1,089) | (595) | (595) | (595) | (1,512) | (10,495) | (3,327) | (13,822) |
| 7) Payroll, Payroll Taxes and Benefits | (272) | (2,443) | (150) | (4,503) | (150) | (4,503) | (150) | (4,611) | (150) | (3,727) | (133) | (20,792) | (3,072) | (23,864) |
| 8) Occupancy | - | - | (9,958) | - | - | - | (7,989) | - | - | - | (1,851) | (19,798) | - | (19,798) |
| 9) Sales and Use Tax | (1,229) | - | - | - | (1,890) | - | - | - | - | (372) | - | (3,491) | (1,482) | (4,973) |
| 10) Other Operating | (221) | (2,722) | (1,890) | (3,179) | (1,153) | (3,053) | (1,743) | (1,658) | (1,488) | (4,557) | (668) | (22,330) | (285) | (22,615) |
| 11) Total Operating Disbursements | (1,722) | (5,165) | (12,644) | (9,767) | (4,685) | (9,442) | (10,971) | (6,864) | (2,233) | (9,251) | (4,164) | (76,907) | (8,166) | (85,072) |
| 12) Net Operating Cash Flow | 5,193 | 4,988 | (2,240) | 1,578 | 6,958 | 1,618 | (302) | 1,825 | 4,918 | (2,913) | 16,259 | 37,882 | 1,234 | 39,116 |
| **II. First Day Motion Related** | | | | | | | | | | | | | | |
| 13) Employee Wage & Benefit Motion | (1,088) | (2,200) | - | - | - | - | (645) | - | - | - | (692) | (4,625) | - | (4,625) |
| 14) Store Closing Motion | (505) | (535) | (563) | (637) | (644) | (591) | (515) | (330) | (282) | (219) | (1,459) | (6,281) | (969) | (7,250) |
| 15) Tax Motion | (2,169) | - | - | - | (1,056) | - | - | - | - | - | - | (3,225) | - | (3,225) |
| 16) Shippers and Warehouseman Motion | (1,072) | (1,775) | - | - | - | (453) | - | - | - | - | - | (3,300) | - | (3,300) |
| 17) Utility Deposits | (168) | - | - | - | - | - | - | - | - | - | - | (168) | - | (168) |
| 18) Insurance Motion | (48) | (48) | (48) | - | - | - | - | - | - | - | - | (145) | - | (145) |
| 19) Total First Day Motion Related | (5,051) | (4,558) | (611) | (637) | (1,700) | (1,044) | (1,160) | (330) | (282) | (219) | (2,151) | (17,743) | (969) | (18,712) |
| **III. Other Restructuring Related** | | | | | | | | | | | | | | |
| 20) Professional Fees | (515) | (580) | (530) | (530) | (570) | (465) | (515) | (465) | (505) | (465) | (1,365) | (6,505) | (1,470) | (7,975) |
| 21) Stub Rent | - | - | - | - | - | - | - | - | (5,649) | - | - | (5,649) | - | (5,649) |
| 22) 503(b)(9) Claims | - | - | - | - | - | - | - | - | - | - | - | - | (60) | (60) |
| 23) U.S. Trustee | - | - | - | - | - | - | - | - | - | - | - | - | (750) | (750) |
| 24) Wind Down | - | - | - | - | - | - | - | - | - | - | - | - | (1,825) | (1,825) |
| 25) Total Other Restructuring Related | (515) | (580) | (530) | (530) | (570) | (465) | (515) | (465) | (6,154) | (465) | (1,365) | (12,154) | (4,105) | (16,259) |
| 26) Total Disbursements | (7,287) | (10,304) | (13,785) | (10,935) | (6,955) | (10,951) | (12,645) | (7,659) | (8,669) | (9,935) | (7,679) | (106,804) | (13,239) | (120,043) |
| 27) Net Cash Flow | (373) | (151) | (3,381) | 411 | 4,688 | 109 | (1,976) | 1,030 | (1,519) | (3,597) | 12,743 | 7,984 | (3,839) | 4,145 |
| **IV. Operating Cash Roll** | | | | | | | | | | | | | | |
| 28) Beginning Operating Account Cash | 32,176 | 31,803 | 27,653 | 23,256 | 23,666 | 28,355 | 28,463 | 26,487 | 27,517 | 25,999 | 22,401 | 32,176 | 35,144 | 32,176 |
| 29) Net Cash Flow | (373) | (151) | (3,381) | 411 | 4,688 | 109 | (1,976) | 1,030 | (1,519) | (3,597) | 12,743 | 7,984 | (3,839) | 4,145 |
| 30) Change in Debt: Draw / (Paydown) | - | (4,000) | (1,017) | - | - | - | - | - | - | - | - | (5,017) | - | (5,017) |
| 31) Ending Operating Account Cash | 31,803 | 27,653 | 23,256 | 23,666 | 28,355 | 28,463 | 26,487 | 27,517 | 25,999 | 22,401 | 35,144 | 35,144 | 31,305 | 31,305 |
| **V. Cash Collateral Roll** | | | | | | | | | | | | | | |
| 32) Beginning Cash Collateral | 8,000 | 8,000 | 8,000 | 5,017 | 1,017 | - | - | - | - | - | - | 8,000 | - | 8,000 |
| 33) Deposits | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| 34) Paydowns | - | - | (2,984) | (4,000) | (1,017) | - | - | - | - | - | - | (8,000) | - | (8,000) |
| 35) Ending Cash Collateral | 8,000 | 8,000 | 5,017 | 1,017 | - | - | - | - | - | - | - | - | - | - |
| **VI. Debt Summary** | | | | | | | | | | | | | | |
| 43) Beginning ABL Outstanding | 12,716 | 12,780 | 8,843 | 4,888 | 962 | - | - | - | - | - | - | 12,716 | - | 12,716 |
| 44) Lender Fees | - | - | - | 50 | 50 | - | - | - | - | - | - | 100 | - | 100 |
| 45) Interest Accrual | 64 | 64 | 44 | 24 | 5 | - | - | - | - | - | - | 201 | - | 201 |
| 46) Change in Debt: Draw / (Paydown) | - | (4,000) | (4,000) | (4,000) | (1,017) | - | - | - | - | - | - | (13,017) | - | (13,017) |
| 47) Ending ABL Outstanding | 12,780 | 8,843 | 4,888 | 962 | - | - | - | - | - | - | - | - | - | - |

Page 1