**LAW OFFICES OF KENNETH L. BAUM LLC**
Kenneth L. Baum, Esq.
167 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 853-3030
Email: kbaum@kenbaumdebtsolutions.com

*Proposed Conflicts Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC., *et al.,* | Case No. 20-18445 (JKS) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**LAW OFFICES OF KENNETH L. BAUM LLC AS CONFLICTS COUNSEL**

TO THE HONORABLE JOHN K. SHERWOOD,
UNITED STATES BANKRUPTCY JUDGE:

RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

### I.    JURISDICTION

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

1

(Simandle, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## II.    BACKGROUND

3. On July 13, 2020 (the "**Petition Date**"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

4. Pursuant to an Order dated July 15, 2020 [Dkt. No. 65], the Court directed the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

5. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 25] (the "**First Day Declaration**"), which has been filed with the Court.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

### III.  RELIEF REQUESTED

6. By this Application, the Debtors seek authorization to employ and retain Law Offices of Kenneth L. Baum LLC ("**Baum**") as their conflicts counsel in these chapter 11 cases pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1 and in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Baum dated as of June 15, 2020 (the "**Engagement Letter**"). A copy of the Engagement Letter is attached as Exhibit 1 to the Baum Declaration (defined below). In support of this Application, the Debtors submit the Declaration of Kenneth L. Baum (the "**Baum Declaration**"), a copy of which is attached hereto as **Exhibit A**.

7. The Debtors have filed an application to retain and employ Cole Schotz P.C. ("**Cole Schotz**") as their lead counsel in these chapter 11 cases. It is possible that during the course of these chapter 11 cases, Cole Schotz may become aware of certain actual or potential conflicts of interest that it may have in connection with its representation of the Debtors. Accordingly, the Debtors seek to employ and retain Baum to handle matters that are not appropriately handled by Cole Schotz because of actual or potential conflict of interest issues.

8. The Debtors have been informed that Kenneth L. Baum, the sole owner and attorney at Baum who will be employed in these chapter 11 cases, is a member in good standing of the Bar of the United States District Court for the District of New Jersey, among other courts.

9. The Debtors have selected Baum as conflicts counsel because the retention of Baum will enhance the ability of Cole Schotz to represent the Debtors generally and assist the Debtors in carrying out their duties in the chapter 11 cases. The Debtors believe that the retention of Baum as conflicts counsel will promote the effective and economical representation of the Debtors in the chapter 11 cases, and will enable them to have legal representation in

matters with respect to which Cole Schotz may have a potential or actual conflict.  Pursuant to section 327(a) of the Bankruptcy Code, the Debtors request that the Court approve the retention of Baum as their conflicts counsel, to perform services that will be necessary during these cases in accordance with Baum's normal hourly rates and policies in effect when Baum renders the services or incurs the expenses.

10. Baum has stated its desire and willingness to act in these cases and render the necessary professional services as conflicts counsel for the Debtors.  Baum has assured the Debtors that it will work closely with Cole Schotz and the Debtors to avoid duplication of the efforts of Cole Schotz in the chapter 11 cases.  Baum's role in the chapter 11 cases is limited to discrete matters where it is or may be inappropriate for Cole Schotz to assist the Debtors due to the existence of an actual or potential conflict or, alternatively and upon further notice, which the Debtors or Cole Schotz request to be handled by Baum.  As a result, it is relatively simple for Cole Schotz and Baum to avoid duplication of efforts, and Baum will coordinate with Cole Schotz to avoid duplication and inefficiency.

11. In preparing for its representation of the Debtors in the chapter 11 cases, Baum has become familiar with the Debtors' businesses and potential legal issues that may arise in the context of the chapter 11 cases.  The Debtors believe that Baum is both well qualified and uniquely able to represent them in the Chapter 11 Cases in an efficient and timely manner.

12. The employment of Baum is appropriate and necessary to enable the Debtors to faithfully execute their duties in the Chapter 11 Cases and to implement their restructuring.

### IV. SERVICES TO BE PROVIDED

13. Subject to this Court's approval, and after consulting with the Debtors and Cole Schotz, Baum will render professional services to the Debtors for certain discrete matters, which

4

may include the following services, in connection with matters where Cole Schotz may not be able to act as a result of an actual or potential conflict of interest:

    (a)    advise the Debtors with respect to their rights and interests in connection with certain leases and prepare motions, applications, answers, orders, appeals, reports and papers in connection therewith;

    (b)    attend meetings and negotiate with representatives of creditors and other parties in interest;

    (c)    appear before the Court and protect the interests of the Debtors' estates before the Court; and

    (d)    perform all other legal services for the Debtors in connection with these Chapter 11 cases as requested by the Debtors and Cole Schotz.

14. The Debtors seek to retain Baum as their conflicts counsel because Baum has extensive expertise, experience and knowledge in the field of debtors' and creditors' rights and business reorganization under Chapter 11 of the Bankruptcy Code as well as other areas of the law where the Debtors may need legal advice. Baum also possesses extensive experience practicing before this Court. Accordingly, the Debtors believe that Baum is both well-qualified and uniquely able to perform as conflicts counsel for the Debtors in these Chapter 11 Cases in an effective, efficient and timely manner.

## V.    TERMS OF RETENTION

15. The Debtors understand that Baum intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the chapter 11 cases, subject to the Court's approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"), and any orders entered in these cases

5

governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Baum incurs on the Debtors' behalf.

16. The Debtors understand that, subject to the Court's approval, Baum will be compensated at its standard hourly rates, which are based on the professional's level of experience. The Baum attorney primarily responsible for representing the Debtors and his current standard hourly rate is:

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Kenneth L. Baum | Member | $350.00 |

17. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Any such adjustments will be reflected in Baum's fee requests. There are no alternative fee arrangements from customary billing. Further, no professional has varied his or her rate based on geographic location.

18. The Debtors understand and agree that Baum will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Baum Declaration.

19. The Debtors understand and agree that Baum will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above and that they will be charged for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying,

travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts).

20. It is the Debtors' understanding that Baum will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.

### VI. COMPENSATION RECEIVED FROM THE DEBTORS

21. Prior to the Petition Date, Baum received a retainer in the amount of $10,000 (the "**Retainer**") for prepetition and postpetition services to be rendered and expenses to be incurred on the Debtors' behalf. On July 12, 2020, Baum issued Invoice No. 1280 in the amount of $2,170.00 for services rendered during the period of June 16 through July 12, 2020. That invoice was paid from the Retainer on July 12, 2020, leaving a Retainer balance of $7,830.00. As of the Petition Date, Baum did not hold any claim against the Debtors or their estates for pre-petition services rendered.

### VII. BAUM'S DISINTERESTEDNESS

22. The Baum Declaration describes the relationships, if any, that Baum has with creditors of the Debtors and other interested parties. As set forth in the Baum Declaration, Baum does not believe that any of those relationships would foreclose the Debtors' retention of Baum under Sections 327(a) in that Baum (i) does not represent any other entity having an adverse interest to the Debtors, their estates, or any other party-in-interest in connection with these chapter 11 cases; (ii) is a disinterested person under Section 101(14) of the Bankruptcy Code; and (iii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee. The Debtors have been informed that Baum will continue conducting a review

7

of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Baum will supplement its disclosure to the Court.

### VIII. STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

23. Baum recognizes that the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") is charged with reviewing applications for retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to evaluate any such applications.

24. Baum intends to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Baum in these chapter 11 cases.

25. Moreover, as described in the Baum Declaration, and consistent with the U.S. Trustee Guidelines, the Debtors have undertaken certain steps to ensure that the rate structure provided by Baum is not significantly different from (a) the rates that Baum charges for other non-bankruptcy engagements or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Baum will perform in these chapter 11 cases.

### IX. BASIS FOR RELIEF REQUESTED

26. Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, with the court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession's] duties under this title." 11 U.S.C. § 327(a).

27. Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the

> professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

28. The Debtors request approval of the employment of Baum. Such relief is warranted by the circumstances presented by these chapter 11 cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See, e.g., Matter of Arkansas Co., Inc.,* 798 F.2d 645, 650 (3d Cir. 1986); *Indian River Homes, Inc. v. Sussex Trust Co.,* 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed,* 909 F.2d 1476 (3d Cir. 1990). The Debtors' selection of Baum as their bankruptcy conflicts counsel necessitated that Baum immediately commence work on time-sensitive matters and promptly devote resources to the Debtors' cases pending submission and approval of this Application. Baum's services on the Debtors' behalf have not prejudiced any creditor or party-in-interest in these cases, but rather, have served their best interests.

29. The Debtors submit that, for the reasons stated above and in the Baum Declaration, the retention of Baum as their conflicts counsel, as described herein, is warranted. Accordingly, the retention of Baum as conflicts counsel to the Debtors should be approved.

## X. **NO PRIOR REQUEST**

30. No prior request for the relief sought in this Application has been made to this Court or any other court.

## XI. **NOTICE**

31. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3; (ii) the holders of the twenty (20) largest unsecured claims against the

Debtors (on a consolidated basis); (iii) counsel for the administrative agent under the Debtors' pre-petition revolving credit facility, Wells Fargo Bank, National Association, c/o Daniel F. Fiorillo, Esq., Otterbourg P.C.; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of New Jersey; and (vi) any party requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 16, 2020

Respectfully submitted,

**RTW Retailwinds, Inc.,** *et al.*

By: /s/ Robert Shapiro
    Robert Shapiro
    Chief Restructuring Officer of
    RTW Retailwinds, Inc., *et al.*