| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Stuart Komrower, Esq.<br>Ryan T. Jareck, Esq.<br>Matteo W. Percontino, Esq.<br>Court Plaza North<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Facsimile:  (201) 489-1536<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors in Possession* | Chapter 11 |
| In re:<br><br>RTW RETAILWINDS, INC., *et al.,*<br><br>Debtors.[1] | Case No. 20-18445 (JKS)<br><br>(Jointly Administered) |

**ORDER (I) APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN AND KEY EMPLOYEE RETENTION PLAN, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

60917/0001-20725139v3

(Page 2)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al*. |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | ORDER (I) APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN AND KEY EMPLOYEE RETENTION PLAN, AND (II) GRANTING RELATED RELIEF |

Upon the motion (the "**Motion**")[2] of RTW Retailwinds, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 503(b), 503(c) and 507(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an Order (a) authorizing, but not directing, the Debtors to implement the proposed key employee incentive plan (the "**KEIP**") and key employee retention plan (the "**KERP**"), (b) granting administrative expense priority status to the incentive and retention payments, and (c) granting such other relief as the Court deems appropriates; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day Pleadings,* the *Declaration of Robert Shapiro in Support of the Debtors' Motion for Entry of an Order (I) Approving Debtors' Key Employee Incentive Plan*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al*. |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | ORDER (I) APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN AND KEY EMPLOYEE RETENTION PLAN, AND (II) GRANTING RELATED RELIEF |

*and Key Employee Retention Plan, and (II) Granting Related Relief,* the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The KERP and KEIP Plan attached hereto as Exhibit 1 is approved in its entirety pursuant to section 503(c) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to take all actions necessary to implement the KERP and KEIP Plan and to make all payments provided under such plans to or on behalf of the Participants in accordance with the terms of this Order.

4. All amounts earned and payable under the KERP and KEIP Plan shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these Chapter 11 Cases and in any other cases under the Bankruptcy Code to which these Chapter 11 Cases may be converted.

5. If a KERP Participant or KEIP Participant is not employed by the Debtors on or during the KERP Effective Date or Target Trigger, respectively, the Debtors, in their sole and

3

(Page 4)

| | |
|---|---|
| Debtors: | RTW RETAILWINDS, INC., *et al*. |
| Case No. | 20-18445 (JKS) |
| Caption of Order: | ORDER (I) APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN AND KEY EMPLOYEE RETENTION PLAN, AND (II) GRANTING RELATED RELIEF |

absolute discretion and without further Order of the Court, may allocate unused dollars under the KERP or KEIP to other KERP Participants or KEIP Participants, respectively.

6. Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or that are otherwise subject to sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code.

7. Nothing in the Motion or this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates or (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates.

8. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall itself create any right to future employment or entitlements to any Participant.

9. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules are satisfied by notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry, any stay applicable under the Bankruptcy Rules or Local Rules is hereby expressly waived and shall not apply.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

(Page 5)
Debtors:         RTW RETAILWINDS, INC., *et al*.
Case No.         20-18445 (JKS)
Caption of Order: ORDER (I) APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN AND KEY EMPLOYEE RETENTION PLAN, AND (II) GRANTING RELATED RELIEF

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

## Exhibit 1

### KERP AND KEIP PLAN

# RTW RETAILWINDS, INC. AND ITS AFFILIATED DEBTORS KEY EMPLOYEE INCENTIVE AND RETENTION PLAN

**KERP AND KEIP OBJECTIVES**

The Key Employee Retention Plan (the "**KERP**") and Key Employee Incentive Plan (the "**KEIP**") of RTW Retailwinds, Inc. and its debtor affiliates (collectively, the "**Company**" or the "**Debtors**") described herein are designed to encourage the retention of certain valuable, hard-to-replace, non-senior management employees (collectively, the "**KERP Participants**"), and to provide performance incentives to certain senior executives (collectively, the "**KEIP Participants**") who are essential to the Company's restructuring and will aid in maximizing the value of the Company for the benefits of its stakeholders.

**THE KERP**

The KERP is designed to help ensure that valuable, hard-to-replace, non-insider, non-senior management employees who are important to the Debtors' restructuring are retained and properly motivated to preserve and maximize the value of the Debtors' business for the benefit of the Debtors' stakeholders in the Company's chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors wish to provide incentives to the KERP Participants so that they are committed to this goal.  The KERP will incentivize these non-insider employees, whom the Debtors have identified as important to the success of their restructuring efforts, to remain with the Debtors as they pursue their restructuring efforts, as well as to help manage the Company's ongoing operations and the administration of the Debtors' estates during the Chapter 11 Cases.

**KERP PARTICIPANTS AND KERP BONUSES**

The Debtors have identified the employees listed on <u>Schedule I</u> attached hereto to participate in the KERP.  Each KERP Participant was carefully selected by management and deemed critical to the Company's ability to maximize value for the benefit of all interested parties.  Without payments under the proposed KERP, the Company believes that the KERP Participants are likely to pursue alternative employment, harming the value of the estates and negatively affecting the Debtors' restructuring efforts.

"KERP Bonuses" will be payable to each KERP Participant in the respective amounts identified on <u>Schedule I</u> as follows (the "**KERP Bonuses**"):  (i) 50% upon 30 days after the conclusion of the store closing sales pursuant to the Store Closing Motion; and (ii) 50% upon the earlier of the Employee's termination or December 31, 2020 (each such date shall be a KERP Effective Date and collectively are referred to as the "**KERP Effective Date**").

There are currently eighteen (18) KERP Participants, and the total potential aggregate payout under the KERP is approximately $625,000.  The KERP Bonuses on average equal 14% of the KERP Participants' annual salary.

**THE KEIP**

The KEIP is designed to incentivize the KEIP Participants, who hold critical operational leadership or corporate management positions, to preserve and maximize the value of the

Company's business for the benefit of its stakeholders in the Chapter 11 Cases.  The Debtors rely on the KEIP Participants' expertise to make decisions that support the operations and drive the financial performance of the Company's business.  The KEIP Participants are responsible for, among other things, essential day-to-day business functions, executing the Debtors' business plan, implementing the operational goals of the Debtors' restructuring, participating in the Debtors' efforts to successfully effectuate a sale of the eCommerce business, participating in the Debtors' efforts related to the store closing sales, assisting counsel in the preparation of essential reporting and bankruptcy-related documents, and responding to requests for diligence by non-debtor parties in connection with the restructuring process.  Given their essential role in the Debtors' enterprise as officers, these individuals are best-positioned to drive performance and results with respect to the Debtors' restructuring goals and have taken on substantial tasks and responsibilities to help effectuate and further the Debtors' proposed restructuring, in addition to their existing responsibilities.

**KEIP PARTICIPANTS, METRIC AND PAYMENT AMOUNTS**

Each KEIP Participant, with his or her title and "Target KEIP Bonus," is set forth on <u>Schedule II</u> attached hereto.  There are five (5) KEIP Participants, which were identified by the Business Transformation Committee and approved by the Board.  The KEIP Participants may earn a $900,000 incentive award (the "**KEIP Bonus**") which will be payable, if at all, upon the later of (x) the Sale; and (y) the conclusion of the store closing sales (the later of (x) or (y), the "**Target Trigger**"), in either case that provide for: (1) the successful repayment of all senior secured debt; (2) sufficient liquidity at the time of the Target Trigger to cover all anticipated administrative expense claims based on reasonable estimates under a plan or in the wind-down budget following the sale; and (3) excess proceeds after items (1) and (2) of $15,000,000 (the "**KEIP Target**").  If the Debtors achieve the KEIP Target, the maximum aggregate KEIP Bonus of $900,000 will be earned.  No KEIP Bonus will be earned if the Debtors achieve less than the KEIP Target.

**CONDITIONS AND TIMING OF PAYMENT OF BONUSES**

The KERP and KEIP are subject to authorization and approval by the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").  KEIP Bonuses shall be payable to each KEIP Participant upon the Target Trigger (the "**KEIP Target Date**").

In addition to the KEIP requirements above, in order to earn a KEIP Bonus, the KEIP Participant must be employed by the Debtors on the KEIP Target Date unless, prior to such date, the KEIP Participant (i) is involuntarily terminated by the Debtors for any reason other than "for Cause," (ii) is placed on disability, or (iii) dies.

In addition to the KERP requirements above, in order to earn a KERP Bonus, the KERP Participant must be employed by the Debtors on the KERP Effective Date unless, prior to such date, the KERP Participant (i) is involuntarily terminated by the Debtors for any reason other than "for Cause," (ii) is placed on disability, or (iii) dies. The KERP Bonuses shall vest on the KERP Effective Date and shall be paid in the first regular pay period following the KERP Effective Date.

**"CAUSE" DEFINED**

For purposes of the KERP and KEIP, the term "for Cause" means, either before or after adoption of the KEIP or KERP:

- Refusal to follow the lawful instructions of a direct supervisor;

- A finding by a legal or administrative court or tribunal that the KEIP Participant or KERP Participant engaged in fraud or willful misconduct, or was grossly negligent, in the performance of his or her duties;

- A material and direct conflict of interest, not specifically waived in advance by the Company;

- Unauthorized use or disclosure of confidential information that belongs to the Company or its customers, employees or vendors;

- Repeated absences from work that the Company reasonably determines to be materially adverse to the best interests of the Company; or

- Other material misconduct including, but not limited to: falsification of the Company's records, theft, sexual harassment, or possession of firearms, controlled substances or illegal drugs on the Company's premises or while performing the Company's business.

**FURTHER ACTIONS**

As a condition to each KEIP Participant's or KERP Participant's eligibility to participate in the KEIP or KERP, as applicable, such participant shall agree to take such further actions as are reasonably requested by the Company, including such actions as the Company may reasonably request subsequent to the termination or resignation of such participant's employment with the Company to assist the Company as needed, including in the conduct of the Chapter 11 Cases and to resolve any matters in which such participant was involved during his or her tenure at the Company.

**CHANGE OF ADDRESS**

The KEIP Participants and KERP Participants shall be responsible for notifying the Company of any change of address before payment is made by email notification to the Company's counsel, Cole Schotz P.C., Attn: Ryan T. Jareck, Esq. (rjareck@coleschotz.com).

**PROMISE OF CONTINUED EMPLOYMENT**

The KERP and KEIP, and any KEIP Participant's or KERP Participant's selection as a participant in the KEIP or KERP, respectively, does not, and is in no manner intended to constitute, a promise of employment for any period of time or to change a KEIP Participant's or KERP Participant's status, if applicable, as an at will employee subject to termination at any time for any reason.

3

**TAXES**

All payments made pursuant to the KEIP or KERP shall be subject to standard withholding and deductions on wages. Neither the Company nor its officers or agents make or has made any representation about the tax consequences of any payments or benefits offered by the Company to any KEIP Participant or KERP Participant.

**SEVERABILITY**

If any provision of the KEIP or KERP is determined to be invalid or unenforceable, in whole or in part, this determination shall not affect any other provision of the KEIP or KERP and the provision in question shall be modified as to be rendered enforceable in a manner consistent with the intent of the parties insofar as possible. Any waiver of or breach of any of the terms of the KEIP or KERP shall not operate or be construed as a waiver of any other breach of such terms or conditions or of any other terms and conditions, nor shall any failure to enforce any provision hereof operate or be construed as a waiver of such provision or of any other provision

**CHOICE OF LAW AND VENUE**

The KEIP and KERP shall both be governed by the laws of the State of New York, notwithstanding that State's conflict of law provisions. The Company and each KEIP Participant and KERP Participant shall: (i) irrevocably and unconditionally consent to the exclusive jurisdiction of the Bankruptcy Court; (ii) irrevocably and unconditionally waive any objection to the laying of venue of any action, suit, or proceeding arising out of or related to the KEIP or KERP in the Bankruptcy Court; and (iii) irrevocably and unconditionally waive and agree not to plead or claim that any such action, suit, or proceeding brought in the Bankruptcy Court has been brought in an inconvenient forum.

**ENTIRE AGREEMENT AND AMENDMENT**

This document constitutes the complete, final and exclusive embodiment of the terms and conditions of the KERP and KEIP and may only be modified in writing signed by an authorized officer of the Company. Any agreement between any KEIP Participant or KERP Participant and the Company with regard to the KEIP or KERP, as applicable, and its subject matter is superseded in its entirety by this document.

**NO ASSIGNMENT**

The rights of a KEIP Participant or KERP Participant or any other person to any payment or other benefits under the KEIP or KERP, as applicable, may not be assigned, transferred, pledged, or encumbered except by will or the laws of descent and distribution.

**Schedule I – KERP Participants and Payment Amounts**

**[FILED UNDER SEAL]**

**Schedule II – KEIP Participants and KEIP Bonus Information**

**[FILED UNDER SEAL]**