Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

James S. Carr, Esq.
Dana P. Kane, Esq.
Cassandra Postighone, Esq.
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com
cpostighone@kelleydrye.com

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RTW RETAILWINDS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT IN SUPPORT OF DEBTORS' MOTION COMPELLING FUNDS HELD IN ESCROW IN CONNECTION WITH SALE BE RELEASED TO THE DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits this statement ("Statement") in support of the *Debtors' Motion Compelling Funds Held in Escrow in Connection with Sale Be Released to the Debtors* (the "Motion to Compel").[2] In support of this Statement, the Committee respectfully states as follows:

1. The Committee strongly supports the relief in the Motion and submits that the record before the Court is sufficient to overrule the Saadia Objection in its entirety. First, Saadia's revisionist interpretation of the Post-Closing Agreement concerning Section 5.9 of the APA strains credulity. As the Debtors correctly assert, Section 5.9 of the Saadia APA requires Saadia to replace the LC's with its own LC's. The Committee, like the Debtors, asserts there is no other plausible reading of Section 5.9 and Saadia should be held to its obligations.

2. Second, the Committee supported the sale to the Saadia because, after reviewing the Saadia offer, it determined it was the highest and best offer. In reaching its decision to support the Saadia offer, the Committee reviewed Saadia's offer next to the stalking horse offer and considered what differences existed between the two. The Debtors correctly note that Saadia's offer (and purchase agreement) included the terms of Section 5.9 with no modifications. That Saadia adopted Section 5.9, among other contractual provisions, with no modifications was a critical factor as the Committee would likely not have accepted an offer that

---

[2] Capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Motion to Compel or the *Debtors' Reply to Saadia Group, LLC's Objection to Debtors' Motion Compelling Funds Held in Escrow in Connection with Sale be Released to the Debtors* (the "Reply").

3

was not "apples to apples" to the stalking horse purchaser offer. The Committee would not and could not bear the risk of choosing a competing offer that was not commensurate with the stalking horse purchaser's offer.

       3.      This is a simple dispute that can be resolved through the plain reading of Section 5.9. The Debtors' Motion to Compel and Reply sets forth the myriad of factual, legal, and practical problems with the Saadia arguments and demonstrates that Saadia is attempting to wiggle out from its contractual obligations. The Committee joins in and adopts Debtors' arguments and respectfully submits that the Objection should be overruled and the Motion to Compel should be granted.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that this Court enter an order granting the Motion, and such other and further relief as this Court deems appropriate.

Dated: November 11, 2020

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

and

*/s/ James S. Carr*
James S. Carr, Esq.
Dana P. Kane, Esq.
Cassandra Postighone, Esq.
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

*Counsel to the Official Committee of Unsecured Creditors*