UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

## ATTORNEY FEE APPLICATION COVER SHEET
## FOR THE PERIOD JULY 13, 2020 THROUGH OCTOBER 31, 2020

In re RTW Retailwinds, Inc., *et al.*,[1]          Applicant: Cole Schotz P.C.

Case No. 20-18445 (JKS)                  Client:  Debtors and Debtors in Possession

Chapter 11                               Cases Filed: July 13, 2020

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

### RETENTION ORDER ATTACHED.


_/s/ Michael D. Sirota_          11/17/2020
MICHAEL D. SIROTA                Date

| SECTION I |
| --- |
| FEE SUMMARY |

First Interim Fee Application Covering the Period
July 13, 2020 through October 31, 2020:

| | |
| --- | --- |
| FEE TOTALS | $958,126.00 |
| DISBURSEMENTS TOTALS | $37,440.77 |
| TOTAL FEE APPLICATION | $995,566.77 |

| | FEES | EXPENSES |
| --- | --- | --- |
| TOTAL PREVIOUS FEES REQUESTED: | $958,126.00 | $37,440.77 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $565,561.15 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $191,625.20 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $766,500.80 | $37,440.77 |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936).  The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

---

**SECTION II
CASE HISTORY**

---

(1)    Date case filed:  July 13, 2020

(2)    Chapter under which case commenced:  Chapter 11

(3)    Date of retention:  August 5, 2020, *nunc pro tunc* to July 13, 2020.  <u>See</u> **Exhibit A**.

      If limit on number of hours or other limitations to retention, set forth: n/a

(4)    Summarize in brief the benefits to the estate and attach supplements as needed:  <u>See</u> narrative portion of fee application.

(5)    Anticipated distribution to creditors:

      (a)    Administration expense: Unknown at this time.

      (b)    Secured creditors: Unknown at this time.

      (c)    Priority creditors: Unknown at this time.

      (d)    General unsecured creditors: Unknown at this time.

(6)    Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the first interim compensation application.  Final dividend percentages are unknown at this time.

60917/0001-21597166v1

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Stuart Komrower, Esq.
skomrower@coleschotz.com
Ryan T. Jareck, Esq.
rjareck@coleschotz.com
Matteo Percontino, Esq.
mpercontino@coleschotz.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | Chapter 11 |
| RTW RETAILWINDS, INC., *et al.,* | Case No. 20-18445 (JKS) |
| Debtors.[1] | Jointly Administered |

**FIRST INTERIM APPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RTW Retailwinds, Inc. (1445); Lerner New York Holding, Inc. (2460); Lernco, Inc. (4787); Lerner New York, Inc. (2137); New York & Company, Inc. (4569); Lerner New York GC, LLC (6095); Lerner New York Outlet, LLC (6617); New York & Company Stores, Inc. (6483); FTF GC, LLC (7341); Lerner New York FTF, LLC (6279); Fashion to Figure, LLC (6997); FTF IP Company, Inc. (6936). The Debtors' principal place of business is 330 W. 34th St., 9th Floor, New York, New York 10001.

Cole Schotz P.C. ("**Cole Schotz**"), as counsel for RTW Retailwinds, Inc. and its

subsidiaries, as debtors and debtors in possession (the "**Debtors**"), hereby submit this first

interim application for compensation of professional services rendered and reimbursement of

actual and necessary expenses (the "**Application**") pursuant to (i) sections 327, 328, 330 and 331

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) the Appendix B Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**Guidelines**"), and (iii) this Court's

*Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim*

*Compensation and Reimbursement of Expenses of Professionals Retained by Order of This*

*Court*, dated August 8, 2020 (the "**Interim Compensation Procedures Order**"), for

professional services rendered by Cole Schotz for the period commencing July 13, 2020 through

and including October 31, 2020 (the "**Compensation Period**"), and for reimbursement of its

actual and necessary expenses incurred during the Compensation Period.  In support of this

Application, Cole Schotz respectfully represents as follows:

## BACKGROUND

1.      On July 13, 2020 (the "**Petition Date**"), each of the Debtors commenced with this

Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been

appointed in these Chapter 11 Cases.

2.      On July 24, 2020, the Office of the United States Trustee for the District of New

Jersey appointed an Official Committee of Unsecured Creditors (the "**Committee**").

2

3.      The Chapter 11 Cases are being jointly administered under lead Case No. 20-18445 (JKS) pursuant to Bankruptcy Rule 1015 [Docket No. 65].

4.      Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Robert Shapiro in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket Nos. 25 & 28].

## INFORMATION REQUIRED BY THE GUIDELINES

### A.      The Scope of the Application

5.      Consistent with the Guidelines, Cole Schotz discloses the following concerning the scope of the Application:

| Name of Applicant | Cole Schotz P.C. |
|---|---|
| Name of Client | Debtors in Possession |
| Petition Date | July 13, 2020 |
| Retention Date | Order signed August 5, 2020 [Docket No. 165] ("**Retention Order**"), effective July 13, 2020. |
| Date of Order Approving Employment | August 5, 2020; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time Period Covered by Application | July 13, 2020 – October 31, 2020 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On August 8, 2020, this Court entered the Interim Compensation Procedures Order.  Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of |

3

| | |
|---|---|
| | expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $958,126.00 |
| Total Expenses Sought this Period | $37,440.77 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $607.28 |
| Blended rate in this application for all timekeepers | $590.49 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $766,500.80 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $37,440.77 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 7 |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz budgeted $2,038,850.00 in fees during the Compensation Period and incurred $958,126.00 in fees during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 10 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [X]  Yes                    [] No |
| | $936,364.00 |

### B.    Summary of Time Keepers and Rate Increases

6.    With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B**

4

attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of

first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total

hours billed included in application; (vii) current hourly rate contained in this application;

(viii) hourly rate contained in the first interim application; and (ix) the number of rate increases

since the inception of the case.  No rate increases were implemented during the Compensation

Period.

### C.    Customary and Comparable Compensation

7.    Cole Schotz submits its compensation is customary as evidenced by the blended

hourly rate data set forth on **Exhibit C** attached for the 2019 calendar year as compared to the

Compensation Period.  As set forth in Exhibit C, Cole Schotz's blended hourly rate for all

timekeepers during the Compensation Period was $590.49.

### D.    Statements from the Applicant

8.    Consistent with the Guidelines, Cole Schotz answers the following questions:

| Question | Answer |
| --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher than 10% of what was budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees) |
| Does the fee application includes any rate | Yes. The Applicant's hourly rates were updated as |

5

| increases? | of September 1, 2020 and noticed in the Chapter 11 Cases. *See* Docket No. 241. |
|---|---|

### E.    Budget and Staffing Plan

9.    Consistent with the Guidelines, Cole Schotz provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Compensation Period.  Copies of the approved budgets and staffing plan for the Compensation Period are attached hereto as **Exhibits D-1** and **D-2**.  As set forth below, the total hours and fees actually incurred did not exceed the budget by more than 10% in the aggregate during the Compensation Period:

| **Month** | **Hours Budgeted** | **Hours Incurred** | **Fees Budgeted** | **Fees Incurred** |
|---|---|---|---|---|
| July 13, 2020 - July 31, 2020 | 820 | 302.90 | $478,500.00 | $168,282.00 |
| August 2020 | 1,045 | 533.10 | $629,750.00 | $312,030.00 |
| September 2020 | 1,045 | 525.10 | $629,750.00 | $314,382.00 |
| October 2020 | 527 | 307.20 | $300,850.00 | $163,432.00 |
| **Total** | **3,437** | **1,668.30** | **$2,038,850.00** | **$958,126.00** |

### SUMMARY OF PROFESSIONAL SERVICES
### RENDERED AND EXPENSES INCURRED

10.    Cole Schotz seeks allowance of compensation of professional services rendered to the Debtors during the Compensation Period in the amount of $958,126.00.  In addition, Cole Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $37,440.77.[2]  During the Compensation Period, Cole Schotz attorneys and paraprofessionals expended a total of 1,668.30 hours for which compensation is requested.  The fees charged by Cole Schotz in this proceeding are billed in

---

[2] Certain expenses billed during the Compensation Period were accrued during the pre-petition period.  Such expenses were not allocated to the Debtors until after the Petition Date.  Accordingly, they appear on the Debtors' post-petition invoices, copies of which are attached hereto as Exhibit F.

accordance with its existing billing rates and procedures in effect during the Compensation Period.

11.    The following summary highlights the major areas in which Cole Schotz rendered services during the Compensation Period.  As required by the Guidelines, the summary is organized by project category.  A summary chart setting forth the number of hours spent and the amount of compensation requested for each projected category is attached as **Exhibit E-1** and a summary chart setting forth the amount of expenses requested by Cole Schotz in this Application is attached as **Exhibit E-2**.  The full breadth of Cole Schotz's services performed during the Compensation Period is reflected in the time records annexed hereto as **Exhibit F**.[3]

12.    As described in more detail below, during the Compensation Period, Cole Schotz advised the Debtors on a broad range of issues, expended significant time responding to the operational and legal issues that arose in the wake as a result of the state and local governmental moratoria on non-essential business operations in the wake of the novel coronavirus ("**COVID-19**") pandemic, was intimately involved in all aspects of the ongoing sales of the Debtors' assets, including store closing sales, e-commerce business sale, and intellectual property sales, and worked with the Debtors and all interested parties to maximize the value of the Debtors' estates for the benefit of creditors.  In particular, Cole Schotz expended significant time on the following tasks:

### A.    Asset/Business Disposition

13.    This category includes time expended by Cole Schotz with respect to the sale of the Debtors' assets.  Among other things, Cole Schotz:

---

[3] Certain of these invoices have been redacted to protect information protected by non-disclosure agreements.

a.       Prepared and filed a *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consultant Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Approving the Implementation of Customary Store Bonus Program and Payments to Non-Insiders Thereunder* [Docket No. 23]. An final order granting the motion was entered on August 10, 2020 [Docket No. 183].

b.       Prepared and filed a *Motion for (I) An Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Certain of the Debtors' Assets, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, and (E) Granting Related Relief, and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Docket No. 80]. Cole Schotz was actively involved in the marketing of the sale of the Debtors' e-commerce business and negotiated and documented the asset purchase agreement in connection therewith. An order granting the sale was entered on September 8, 2020 [Docket No. 319].

c.       Prepared and filed a *Motion for Entry of an Order Authorizing the Private Sale of Certain Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests* [Docket No. 341]. Cole Schotz was actively involved in the marketing of the Debtors' personal property and negotiated and documented the purchase agreements in connection therewith. An order granting the sale was entered on October 14, 2020 [Docket No. 463].

8

d.      Prepared and filed a *Motion for Entry of an Order Authorizing the Private Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Interests* [Docket No. 424] in connection with the sale of the Debtors' real property located in Brooklyn, NY.  Cole Schotz was actively involved in the marketing of the sale of the Debtors' real property and negotiated and documented the asset purchase agreement in connection therewith. A hearing on the motion is scheduled for November 13, 2020.

### B.      Assumption and Rejection of Leases and Contracts

14.      Cole Schotz has worked with the Debtors on a regular basis to identify unexpired leases and executory contracts that are no longer necessary for the Debtors' operations and to reject those unexpired leases and executory contracts on a rolling basis.  Cole Schotz has also responded to voluminous landlord and other contract counterparty inquiries regarding the status of various unexpired leases and executory contracts.

### C.      Business Operations

15.      This category includes time expended by Cole Schotz with respect to the Debtors' business operations.  During the Compensation Period, Cole Schotz engaged in significant discussions with the case professionals and other interested parties, and analyzed and made recommendations to the Debtors with respect to a variety of matters.

### D.      Case Administration

16.      This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of these Chapter 11 Cases.  It also includes significant time expended by Cole Schotz at the outset of these cases stabilizing the Debtors' operations.  This time category also includes time Cole Schotz spent preparing the Debtors' schedules of assets and liabilities and statements of financial affairs, prosecuting various first day motions on an interim and final basis, and drafting and prosecuting various

9

administrative motions and applications critical to the smooth and efficient functioning of these Chapter 11 Cases.

### E.    Employee Benefits/Pensions

17.    This category includes time expended by Cole Schotz advising the Debtors with respect to various employment matters both pre- and post-COVID-19 and researching the impact of COVID-19 on the Debtors' operations and employees.  This category also includes time expended by Cole Schotz in discussing and resolving any open issues with the Pension Benefit Guaranty Corporation.

### F.    Fee Employment and Fee Application Preparation

18.    This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Debtors' bankruptcy proceedings.  Among other things, Cole Schotz (i) conducted a thorough conflicts check analysis and prepared the Debtors' application to retain Cole Schotz as its counsel and Ressler and Ressler as Special Litigation Counsel; (ii) prepared the Debtors' application to retain B. Riley FBR, Inc. as investment banker; (iii) prepared the Debtors' application to retain Prime Clerk, LLC as the Debtors' administrative agent; (iv) prepared the Debtors' motion to approve the employment of ordinary course professionals; (v) prepared and served Cole Schotz's monthly fee statements in accordance with the Interim Compensation Procedures Order; and (vi) reviewed, analyzed and ensured that the applications of the Debtors and their professionals were in compliance with the Bankruptcy Rules, the Guidelines, and the Interim Compensation Procedures Order.

### G.    Financing

19.    This category includes time expended by Cole Schotz with respect to the use of cash collateral and the terms thereof.  Cole Schotz negotiated and prepared a motion (the "**Cash Collateral Motion**") for the entry of interim and final orders authorizing the Debtors' use of

10

their pre-petition lenders' cash collateral and granting adequate protection in connection

therewith.  Interim approval of the Cash Collateral Motion and a related budget was granted at

the first day hearing.  Thereafter the Debtor operated on a series of negotiated interim orders.

Ultimately, final approval of the Cash Collateral Motion was granted in October after the

Debtors reached a consensual resolution of a variety of matters with its lenders and the

Committee.

20.    Cole Schotz regularly engaged in discussions with the its pre-petition lenders

regarding its continued use of cash collateral.  In connection therewith, Cole Schotz regularly

prepared, reviewed, and conducted critical analyses of financing documents and related matters,

including budgets, forecasts, and presentations regarding the sale process and anticipated sales

process, and presented evaluations and assessments of same to the Debtors.

## H.    Litigation (Other than Avoidance Action Litigation)

21.    This category includes time expended by Cole Schotz with respect to various

litigation matters other than avoidance action litigation.  Cole Schotz expended extensive time

reviewing, analyzing, and where appropriate, conducting legal research, and ultimately providing

recommendations to the Debtors regarding numerous matters in these cases.

## RELIEF REQUESTED AND BASIS THEREFOR

22.    The professional services performed by Cole Schotz on the Debtors' behalf

during the Compensation Period required an aggregate expenditure of 1,668.30 recorded hours

by Cole Schotz's partners, associates and paraprofessionals.  Of the aggregate time expended,

954.40 recorded hours were expended by members of Cole Schotz, 529.20 recorded hours were

expended by associates, and 184.70 recorded hours were expended by paraprofessionals.

23.    During the Compensation Period, Cole Schotz's hourly billing rates for attorneys

and paraprofessionals ranged from $285.00 to $1,050.00 per hour.  Allowance of compensation

in the amount requested would result in a blended hourly billing rate of $590.49, which

represents a blended rate of $309.00 and $607.28 for paraprofessionals and attorneys,

respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of

services.

24.     Cole Schotz has incurred $37,440.77 in direct out-of-pocket expenses in

providing professional services during the Compensation Period.  These charges are intended to

cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's

billing rates.

25.     Section 330 of the Bankruptcy Code provides that a court may award a

professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for

actual necessary services rendered . . . and reimbursement for actual necessary expenses."

11 U.S.C. § 330(a)(1).

26.     Section 330 of the Bankruptcy Code contains two separate criteria, and before

determining the reasonableness of the service, the Court must make a threshold inquiry into its

necessity.  In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304

B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether

compensation should be allowed—first "the court must be satisfied that the attorney performed

actual and necessary services" and second "the court must assess a reasonable value for those

services").  The majority of courts which have interpreted Section 330 of the Bankruptcy Code

have held that an element of whether such services are "necessary" is whether they benefitted the

bankruptcy estate.  Engel, 190 B.R. at 209.  Further, the test for determining necessity is

objective, focusing on what services a reasonable lawyer would have performed under the same

circumstances.  In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3

(Bankr. D. Del. 2007) (citing <u>Fleming</u>, 304 B.R. at 89).  This test does not rely on hindsight to

determine the ultimate success or failure of the attorney's actions.  <u>See</u> <u>id.</u> (citing, <u>inter</u> <u>alia</u>,

<u>Keate v. Miller (In re Kohl)</u>, 95 F.3d 713, 714 (8th Cir. 1996)).

27.    Once the court determines that a service was necessary, it also assesses the

reasonable value of the service.  11 U.S.C. § 303(a)(3).  Section 330(a)(3) of the Bankruptcy

Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28.    In determining the reasonableness of fees, courts routinely "employ the twelve

factors set forth in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)."

<u>Staiano v. Cain (In re Lan Assocs. XI, L.P.)</u>, 192 F.3d 109, 123 (3d Cir. 1999).  These factors

include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

skill requisite to perform the legal service properly; (4) the preclusion of employment by the

13

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases.  Id. at 123 n.8.

29.     In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney

employed under Section 327 of the Bankruptcy Code may apply to the Court for interim

compensation not more than once every 120 days after an order for relief in a case under chapter

11.  See 11 U.S.C. § 331.

30.     In the instant case, Cole Schotz devoted a substantial amount of time and effort to

addressing the numerous issues involved in these Chapter 11 Cases.  Cole Schotz respectfully

submits that the services for which it seeks compensation in this Application were, at the time

rendered, believed to be necessary to effectively represent the Debtors, were performed

economically, effectively, and efficiently.  Because Cole Schotz's services benefitted the

bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary"

services compensable under Section 330 of the Bankruptcy Code.

31.     Further, Cole Schotz submits that consideration of the relevant factors enumerated

in Lan Assocs., 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in

light of the nature, extent, and value of such services to the Debtors:

(a)     *The Time and Labor Required*.  The professional services rendered by Cole
        Schotz on behalf of the Debtors have required the expenditure of substantial time
        and effort, as well as a high degree of professional competence and expertise, in
        order to deal with the many issues encountered by the Debtors in these cases with
        skill and dispatch.  Cole Schotz respectfully represents that the services rendered
        by it were performed efficiently, effectively and economically.

(b)     *The Novelty and Difficulty of Questions*.  The issues that arose in these Chapter 11
        Cases as a result of the novel coronavirus COVID-19 and the resulting state and

14

local government moratoria on non-essential business operations were novel and difficult. They required Cole Schotz to work with the Debtors' various constituents to address numerous operational and legal concerns in a shifting and uncertain landscape. Cole Schotz's effective assistance has and will continue to ensure resolution of the myriad issues that arise in these Chapter 11 Cases.

(c)     *The Skill Required to Perform the Legal Services Properly*. Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization contributed to the efficient and effective representation of the Debtors in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. Cole Schotz's representation of the Debtors did not preclude its acceptance of new clients. However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to these Chapter 11 Cases.

(e)     *The Customary Fee*. The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind. Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors. Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*. Not applicable.

(g)     *Time Limitations Imposed by Client or other Circumstances*. Not applicable.

(h)     *The Amount Involved and Results Obtained*. Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*. Cole Schotz is a professional association with approximately 150 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j)     *The Undesirability of the Case*. Not applicable.

(k)     *Nature and Length of Professional Relationship*. Not applicable.

15

(l)      *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases.

32.      In addition, consistent with Section 331 of the Bankruptcy Code, this is Cole

Schotz's first interim fee application.  This application is made more than 120 days from the

Petition Date.  See 11 U.S.C. § 331.

16

WHEREFORE, Cole Schotz respectfully requests a first interim fee allowance as bankruptcy counsel for the Debtors in the amount of $958,126.00, together with reimbursement of expenses in the amount of $37,440.77, for a total first interim fee award of $995,566.77.

DATED: November 17, 2020

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Debtors*
*and Debtors in Possession*

By:    */s/ Michael D. Sirota*
       Michael D. Sirota
       Stuart Komrower
       Ryan T. Jareck
       Matteo Percontino
       Court Plaza North
       25 Main Street
       Hackensack, NJ 07601
       Telephone: (201) 489-3000
       Facsimile: (201) 489-1536
       Email: msirota@coleschotz.com
            skomrower@coleschotz.com
            rjareck@coleschotz.com
            mpercontino@coleschotz.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
msirota@coleschotz.com
Ryan T. Jareck, Esq.
rjareck@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

Order Filed on August 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC., *et al.*, | Case No. 20-18445 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLE
SCHOTZ P.C. AS BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC*
TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby
**ORDERED.**

**DATED: August 5, 2020**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

Upon the application (the "**Application**")[2] of the Debtors for entry of an order, pursuant to sections 327(a), 329, and 330 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), authorizing the Debtors to employ and retain Cole Schotz P.C. ("**Cole Schotz**") as their bankruptcy counsel in these proceedings *nunc pro tunc* to the Petition Date; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title* 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) ; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Michael D. Sirota, Esq. and Robert Shapiro in support thereof; and the Court being satisfied that Cole Schotz does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of Sections 327 and 101(14) of the Bankruptcy Code, and that said employment would be in the best interest of the Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[2]    Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Application.

**IT IS HEREBY ORDERED THAT:**

1.        The Application is **GRANTED** as set forth herein.

2.        In accordance with Sections 327(a), 329, and 330 of the Bankruptcy Code, the

Debtors are hereby authorized and empowered to employ and retain Cole Schotz as their

bankruptcy counsel in these chapter 11 cases effective as of the Petition Date.

3.        Any and all compensation to be paid to Cole Schotz for services rendered on the

Debtors' behalf shall be fixed by application to this Court in accordance with Sections 330 and

331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and

any orders entered in this case governing the compensation and reimbursement of professionals

for services rendered and charges and disbursements incurred.  Cole Schotz shall also make a

reasonable effort to comply with the U.S. Trustee Guidelines, both in connection with the

Application and the interim and final fee applications to be filed by Cole Schotz in the chapter 11

cases.

4.        The Debtors are authorized to take all action necessary to carry out this Order.

5.        This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Michael D. Sirota | Member | Bankruptcy | 1986 | $127,053.00 | 125.50 | $990.00 - $1,050.00 |
| Stuart Komrower | Member | Bankruptcy | 1984 | $180,693.00 | 214.60 | $830.00 - $855.00 |
| Ryan T. Jareck | Member | Bankruptcy | 2008 | $289,896.00 | 498.70 | $565.00 - $600.00 |
| Jeffrey H. Schechter | Member | Tax, Trusts & Estates | 1988 | $337.50 | 0.50 | $675.00 |
| James G. Stefanick | Member | Corporate | 2000 | $753.50 | 1.10 | $685.00 |
| Nolan E. Shanahan | Member | Litigation | 2000 | $1,045.00 | 1.70 | $630.00 |
| Roger Iorio | Member | Corporate/Real Estate | 2002 | $74,373.00 | 109.50 | $670.00 - $690.00 |
| W. John Park | Member | Real Estate | 1994 | $1,750.00 | 2.80 | $625.00 |
| Matteo Percontino | Associate | Bankruptcy | 2010 | $206,885.00 | 469.50 | $425.00 - $450.00 |
| Adam Morsy | Associate | Real Estate | 2017 | $3,720.00 | 12.00 | $310.00 |
| Adam Garrastegui | Associate | Bankruptcy | 2019 | $11,779.00 | 40.40 | $300.00 |
| Phillip R. Hirschfeld | Associate | Tax, Trusts & Estates | 2011 | $756.00 | 1.80 | $420.00 |
| Joseph A. Armenti | Associate | Corporate | 2014 | $461.50 | 1.30 | $355.00 |
| Samantha B. Epstein | Associate | Corporate | 2015 | $1,470.00 | 4.20 | $350.00 |
| Frances Pisano | Paralegal | Bankruptcy | N/A | $56,497.50 | 182.50 | $305.00 - $315.00 |
| Suhailah S. Sallie | Paralegal | Bankruptcy | N/A | $314.00 | 1.00 | $305.00 - $315.00 |

| Jennifer Ford | Paralegal | Bankruptcy | N/A | $342.00 | 1.20 | $285.00 |

| | |
|---|---|
| Client Name: | RTW Retailwinds, Inc., et al. |
| Case Number: | 20-18445 (JKS) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | November 17, 2020 |
| Interim or Final: | Interim |

2

# EXHIBIT C

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER<br><br>(using categories already maintained by the firm) | BLENDED HOURLY RATE | |
|---|---|---|
| | Billed by New York and New Jersey Offices Excluding Bankruptcy[1] | BILLED<br><br>In this fee application |
| Member | $594.24 | $708.00 |
| Counsel | $528.02 | $0.00 |
| Associate | $356.40 | $425.30 |
| Paralegal | $268.99 | $309.43 |
| Other (please define) | $236.08[2] | $0.00 |
| All timekeepers aggregated | $474.48 | $590.49 |

Client Name:          RTW Retailwinds, Inc., et al.
Case Number:        20-18445 (JKS)
Applicant's Name:  Cole Schotz P.C.
Date of                    November 17, 2020
Application:
Interim or Final:    Interim

---

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is the 2019 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] Timekeepers consist of Litigation Support Specialists, Summer Associates, Legal Practice Assistants, Tax Advisors, and Project Assistants.

## RTW RETAILWINDS, INC., *et al.*
## CASE NO. 20-18445 (JKS)

## MONTHLY BUDGETS OF COLE SCHOTZ P.C.
## FOR THE PERIOD JULY 13, 2020 THROUGH OCTOBER 31, 2020

### JULY 13, 2020 THROUGH JULY 31, 2020

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 50.00 | $27,500.00 |
| Asset/Business Disposition | 150.00 | $82,500.00 |
| Assumption and Rejection of Leases and Contracts | 100.00 | $55,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $2,750.00 |
| Business Operations | 100.00 | $55,000.00 |
| Case Administration | 45.00 | $24,750.00 |
| Claims Administration and Objections | 0.00 | $0.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 60.00 | $33,000.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 40.00 | $22,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing/Cash Collateral | 100.00 | $82,500.00 |
| Litigation | 25.00 | $13,750.00 |
| Meetings of Creditors | 30.00 | $16,500.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 30.00 | $16,500.00 |
| Real Estate | 50.00 | $27,500.00 |
| Relief from Stay | 20.00 | $11,000.00 |
| Reporting | 0.00 | $0.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 10.00 | $5,500.00 |
| Non-Working Travel | 5.00 | $2,750.00 |
| **Total:** | **820.00** | **$478,500.00** |

**RTW RETAILWINDS, INC.,** *et al.*
**CASE NO. 20-18445 (JKS)**

**MONTHLY BUDGETS OF COLE SCHOTZ P.C.**
**FOR THE PERIOD JULY 13, 2020 THROUGH OCTOBER 31, 2020**

**AUGUST 2020**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 50.00 | $27,500.00 |
| Asset/Business Disposition | 200.00 | $110,000.00 |
| Assumption and Rejection of Leases and Contracts | 100.00 | $55,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $2,750.00 |
| Business Operations | 100.00 | $55,000.00 |
| Case Administration | 45.00 | $24,750.00 |
| Claims Administration and Objections | 0.00 | $0.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 60.00 | $33,000.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 40.00 | $22,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing/Cash Collateral | 100.00 | $82,500.00 |
| Litigation | 100.00 | $82,500.00 |
| Meetings of Creditors | 30.00 | $16,500.00 |
| Disclosure Statement | 30.00 | $16,500.00 |
| Plan of Reorganization | 70.00 | $38,500.00 |
| Real Estate | 80.00 | $44,000.00 |
| Relief from Stay | 20.00 | $11,000.00 |
| Reporting | 0.00 | $0.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 10.00 | $5,500.00 |
| Non-Working Travel | 5.00 | $2,750.00 |
| **Total:** | **1,045.00** | **$629,750.00** |

60917/0001-21597251v1

**RTW RETAILWINDS, INC.,** *et al.*
**CASE NO. 20-18445 (JKS)**

**MONTHLY BUDGETS OF COLE SCHOTZ P.C.**
**FOR THE PERIOD JULY 13, 2020 THROUGH OCTOBER 31, 2020**

**SEPTEMBER 2020**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 50.00 | $27,500.00 |
| Asset/Business Disposition | 200.00 | $110,000.00 |
| Assumption and Rejection of Leases and Contracts | 100.00 | $55,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $2,750.00 |
| Business Operations | 100.00 | $55,000.00 |
| Case Administration | 45.00 | $24,750.00 |
| Claims Administration and Objections | 0.00 | $0.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 60.00 | $33,000.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 40.00 | $22,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing/Cash Collateral | 100.00 | $82,500.00 |
| Litigation | 100.00 | $82,500.00 |
| Meetings of Creditors | 30.00 | $16,500.00 |
| Disclosure Statement | 30.00 | $16,500.00 |
| Plan of Reorganization | 70.00 | $38,500.00 |
| Real Estate | 80.00 | $44,000.00 |
| Relief from Stay | 20.00 | $11,000.00 |
| Reporting | 0.00 | $0.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 10.00 | $5,500.00 |
| Non-Working Travel | 5.00 | $2,750.00 |
| **Total:** | **1,045.00** | **$629,750.00** |

60917/0001-21597251v1

**RTW RETAILWINDS, INC.,** *et al.*
**CASE NO. 20-18445 (JKS)**

**MONTHLY BUDGETS OF COLE SCHOTZ P.C.**
**FOR THE PERIOD JULY 13, 2020 THROUGH OCTOBER 31, 2020**

**OCTOBER 2020**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 25.00 | $13,750.00 |
| Asset/Business Disposition | 100.00 | $55,000.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $27,500.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 2.00 | $1,100.00 |
| Business Operations | 50.00 | $27,500.00 |
| Case Administration | 25.00 | $13,750.00 |
| Claims Administration and Objections | 15.00 | $5,500.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 20.00 | $11,000.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 30.00 | $16,500.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing/Cash Collateral | 50.00 | $41,250.00 |
| Litigation | 60.00 | $33,000.00 |
| Meetings of Creditors | 0.00 | $0.00 |
| Disclosure Statement | 20.00 | $11,000.00 |
| Plan of Reorganization | 50.00 | $27,500.00 |
| Real Estate | 20.00 | $11,000.00 |
| Relief from Stay | 5.00 | $2,750.00 |
| Reporting | 0.00 | $0.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 5.00 | $2,750.00 |
| **Total:** | **527.00** | **$300,850.00** |

4

PRIVILEGED AND CONFIDENTIAL
SUBJECT TO THE ATTORNEY WORK PRODUCT
AND ATTORNEY-CLIENT PRIVILEGES

**RTW RETAILWINDS, INC.,** *et al.*
**CASE NO. 20-18445 (JKS)**

**STAFFING PLAN OF COLE SCHOTZ P.C.**
**FOR THE PERIOD JULY 13, 2020 THROUGH OCTOBER 31, 2020**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Member | 5 | $709.00 |
| | Counsel | - | - |
| | Sr. Associate (7 or more years since first admission) | - | - |
| | Associate (4-6 years since first admission) | 2 | $367.50 |
| | Jr. Associate (1-3 years since first admission) | - | - |
| | Paralegal | 2 | $305.00 |
| | Other (please define) | 0 | - |

This staffing plan (the "**Staffing Plan**") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.  The Staffing Plan is Cole Schotz's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

Dated as of July 13, 2020

**EXHIBIT E-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 175.00 | $96,250.00 | 0.00 | $0.00 |
| Asset/Business Disposition | 650.00 | $357,500.00 | 476.25 | $295,243.50 |
| Assumption and Rejection of Leases and Contracts | 350.00 | $192,500.00 | 279.45 | $143,249.50 |
| Preference Actions/Response | 0.00 | $0.00 | 0.00 | $0.00 |
| Budgeting (Case) | 17.00 | $9,350.00 | 0.00 | $0.00 |
| Business Operations | 350.00 | $192,500.00 | 162.50 | $98,246.00 |
| Case Administration | 160.00 | $88,000.00 | 218.40 | $99,477.50 |
| Claims Administration and Objections | 15.00 | $5,500.00 | 13.10 | $7,101.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 | 6.25 | $5,167.50 |
| Employee Benefits/Pensions | 200.00 | $110,000.00 | 6.00 | $3,369.00 |
| Fee Application Preparation | 0.00 | $0.00 | 41.20 | $15,791.50 |
| Fee Employment | 150.00 | $82,500.00 | 68.40 | $28,002.00 |
| Fee Objections | 0.00 | $0.00 | 0.00 | $0.00 |
| Financing | 350.00 | $288,750.00 | 129.75 | $102,249.00 |
| Lien Review | 0.00 | $0.00 | 2.30 | $1,093.50 |
| Litigation | 285.00 | $211,750.00 | 18.20 | $9,750,00 |
| Meetings of Creditors | 90.00 | $49,500.00 | 11.60 | $4,804.00 |
| Disclosure Statement | 80.00 | $44,000.00 | 64.60 | $40,731.50 |
| Plan of Reorganization | 220.00 | $121,000.00 | 125.30 | $83,161.00 |
| Real Estate | 230.00 | $126,500.00 | 0.00 | $0.00 |
| Relief from Stay | 65.00 | $35,750.00 | 27.30 | $13,303.50 |
| Reporting | 0.00 | $0.00 | 14.50 | $5,615.00 |
| Tax Issues | 0.00 | $0.00 | 3.20 | $1,771.00 |
| Valuation | 30.00 | $16,500.00 | 0.00 | $0.00 |
| Non-Working Travel | 20.00 | $11,000.00 | 0.00 | $0.00 |
| **Total:** | **3,437.00** | **$2,038,850.00** | **1,668.30** | **$958,126.00** |

Client Name:          RTW Retailwinds, Inc., et al.
Case Number:          20-18445 (JKS)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  November 17, 2020
Interim or Final:     Interim

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Photocopies | $1,537.00 |
| Outside Printing | $0.00 |
| Telephone/Conference Calls | $3,053.60 |
| Facsimile | $0.00 |
| Online Research | $350.34 |
| Delivery Services/Couriers | $333.48 |
| Postage | $0.00 |
| Travel - Mileage/Tolls | $0.00 |
| Travel - Rail | $0.00 |
| Travel - Meals | $0.00 |
| Travel - Transportation | $0.00 |
| Travel - Air Fare | $0.00 |
| Meals (Local) – Lunch/Dinner Conferences | $0.00 |
| Court Fees (Pacer searches and download of pleadings) | $343.30 |
| Filing Fees | $21,033.00 |
| Service of Process/Subpoena | $0.00 |
| Witness Fees | $0.00 |
| Deposition Transcripts | $1,609.30 |
| Trial Transcripts | $0.00 |
| Trial Exhibits | $0.00 |
| Litigation Support Vendors | $0.00 |
| Lien/Litigation Work | $9,180.75 |
| Experts | $0.00 |
| Investigators | $0.00 |
| Arbitrations/Mediators | $0.00 |
| Other – Data Host | $0.00 |
| **TOTAL** | **$37,440.77** |

Client Name:              RTW Retailwinds, Inc., et al.
Case Number:          20-18445 (JKS)
Applicant's Name:     Cole Schotz P.C.
Date of                     November 17, 2020
Application:
Interim or Final:        Interim

UST Form 11-330-D (2013)
60917/0001-21597122v1