UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
blevine@pszjlaw.com

James S. Carr, Esq.
Dana P. Kane, Esq.
Sean T. Wilson, Esq.
KELLEY DRYE & WARREN LLP
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com
swilson@kelleydrye.com

*Counsel to the Liquidation Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC.[1] | Case No. 20-18445 (JKS) |
| Debtor. | **Hearing Date:**   May 31, 2022<br>**Time:**            10:00 a.m.<br>**Response Deadline:**  May 24, 2022 |

## NOTICE OF LIQUIDATION TRUSTEE'S
## MOTION TO APPROVE SETTLEMENT OF CERTAIN WAGE AND HOUR CLAIMS

**PLEASE TAKE NOTICE** that on May 31, 2022 at 10:00 a.m., or as soon

thereafter as counsel may be heard, META Advisors LLC, in its capacity as liquidation trustee (the

---

[1]    The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445).  By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

"Liquidation Trustee") of RTW Liquidation Trust (the "Trust") established in the chapter 11 cases

of the above-captioned debtors (collectively, the "Debtors"), shall move (the "Motion") before the

Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court

for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102,[2]

for entry of an Order, substantially in the form submitted with the Motion, to approve a settlement

agreement with certain wage claimants, all as more fully set forth in the Motion.

      **PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant

factual bases upon which the relief requested should be granted. A proposed Order granting the

relief requested in the Motion is also submitted herewith.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief

requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection,

and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys

who regularly practice before the Bankruptcy Court in accordance with the General Order

Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27,

2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated

as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental

Commentary and the User's Manual for the Electronic Case Filing System can be found at

www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-

interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with

the General Order and the Supplemental Commentary, so as to be received no later than seven (7)

days before the hearing date set forth above.

---

[2]    Pursuant to this Court's Chamber procedures, in-person hearings have resumed, with the option to appear via Court Solutions in lieu of in-person participation. Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and

served, the Amended Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-

3(d), and the relief requested may be granted without further notice or hearing.

Dated:    May 9, 2022                    KELLEY DRYE & WARREN LLP


                                         */s/ James S. Carr*
                                         _____
                                         James S. Carr, Esq.
                                         Dana P. Kane, Esq.
                                         Sean T. Wilson, Esq. (*pro hac vice* pending)
                                         One Jefferson Road, Second Floor
                                         Parsippany, NJ 07054
                                         Telephone: (973) 503-5900
                                         Facsimile: (973) 503-5950
                                         jcarr@kelleydrye.com
                                         dkane@kelleydrye.com
                                         swilson@kelleydrye.com

                                         and

                                         Bradford J. Sandler, Esq.
                                         Paul J. Labov, Esq.
                                         Beth E. Levine, Esq.
                                         PACHULSKI STANG ZIEHL & JONES LLP
                                         780 Third Avenue, 34th Floor
                                         New York, NY  10017
                                         Telephone:  (212) 561-7700
                                         Facsimile:  (212) 561-7777
                                         bsandler@pszjlaw.com
                                         plabov@pszjlaw.com
                                         blevine@pszjlaw.com

                                         *Counsel to the Liquidation Trustee*

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
blevine@pszjlaw.com

James S. Carr, Esq.
Dana P. Kane, Esq.
Sean T. Wilson, Esq.
KELLEY DRYE & WARREN LLP
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com
swilson@kelleydrye.com

*Counsel to the Liquidation Trustee*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RTW RETAILWINDS, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>**Hearing Date:** **May 31, 2022**<br>**Time:** **10:00 a.m.**<br>**Response Deadline:** **May 24, 2022** |

### LIQUIDATION TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF CERTAIN WAGE AND HOUR CLAIMS

META Advisors LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the RTW Liquidation Trust established in the chapter 11 cases of RTW Retailwinds, Inc. and its affiliated post-effective date debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order pursuant to sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the *Stipulation by and Among the RTW Liquidation Trust and Various Claimants Alleging Violations*

---

[1]    The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

*Under Certain Wage and Hour Laws* (the "Settlement Agreement")[2] between the Trust, on the one hand, and Susie Sanchez and Ana Cisneros, each individually and on behalf of those similarly situated, and on behalf of the State of California Labor and Workforce Development Agency ("Claimants"), by and through their respective counsel Ackermann & Tilajef, P.C. and Mostafavi Law Group, APC ("Wage Counsel", together with the Trust and Claimants, the "Parties"), on the other hand.  A copy of the Settlement Agreement is attached to the proposed form of order as **Exhibit 1**.  In support of this Motion, the Liquidation Trustee respectfully represents as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested are Bankruptcy Code sections 105 and 363(b) and Rule 9019 of the Bankruptcy Rules.

## Background

### A.      General Background

3.      On July 13, 2020 (the "Petition Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

4.      In accordance with the *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 65], the Debtors' cases

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

were jointly administered pursuant to Bankruptcy Rule 1015 until the closure of all of the Debtors'

cases other than the chapter 11 case of RTW Retailwinds, Inc. [see Docket No. 844].

5.      On September 4, 2020, the Court entered the *Order (A) Approving the Sale*

*of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and*

*Interests, (B) Authorizing the Debtor to Enter Into and Perform Their Obligations Under the*

*Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts*

*and Unexpired Leases, and (D) Granting Related Relief* [Docket No. 319] (the "Sale Order").

6.      On December 10, 2020, the Court entered its *Findings of Fact, Conclusions*

*of Law, and Order (I) Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and*

*Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 690] confirming

the *Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter*

*11 of the Bankruptcy Code* [Docket No. 390] (the "Plan").

7.      On December 31, 2020 (the "Effective Date"), the Plan became effective.

*See Notice of (A) Entry of Order Confirming the Joint Plan of Liquidation of RTW Retailwinds,*

*Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code and (B) The Effective*

*Date Thereof; and (C) Certain Deadlines* [Docket No. 742] (the "Effective Date Notice).

8.      Pursuant to the Plan, the Liquidation Trustee was appointed pursuant to the

terms of the *Liquidation Trust Agreement and Declaration of Trust* (the "Liquidation Trust

Agreement") on the Effective Date.  The Liquidation Trustee has the exclusive right to object to

the allowance of any claim on any ground, to file, withdraw or litigate to judgment objections to

claims, to settle or compromise any disputed claims without any further notice to or action, order

or approval by the Bankruptcy Court, and to assert all defenses of the Debtors and their estates.

9.      The Claimants filed proofs of claim number 697; 699 through 712, inclusive; 720, 1106, 1135, 1137, 1146, 1154, 1158, 1315, and 1321 (the "<u>Wage Claims</u>").   The Claimants assert the Wage Claims are substantially similar.  To the extent a claim filed by a Wage Claimant is not listed in the Settlement Agreement, the Parties agree it is included in the definition of Wage Claims and shall receive the same treatment pursuant to the Settlement Agreement.

10.      Following the appointment of the Liquidation Trustee, after conducting a review and analysis of the Debtors' records, the Liquidation Trustee disputed the validity of the Wage Claims.

11.      The Parties, in an effort to avoid litigation, engaged in good faith, arms' length negotiations to resolve the disputes over the Wage Claims.

### <u>Summary of Settlement Agreements</u>[3]

12.      As set forth in the Settlement Agreement, the primary terms are as follows:

    a.      The Wage Claims shall be consolidated and assigned a new proof of claim number, 9000, which shall have a claim amount of $8,500,000 and shall be allowed as a general unsecured claim (the "<u>Liquidated Claim</u>"). The Liquidated Claim shall receive its *pro rata* share of recoveries to general unsecured creditors, but in no event shall it receive a recovery of less than $2,720,000.

    b.      The Trust and/or Liquidation Trustee shall  be responsible to pay distributions under the Plan on account of the Liquidated Claim only to a claims administrator designated by Wage Counsel, qualified settlement fund established by the Claimants within the meaning of Treasury Regulation § 1.468B-1 *et seq.,* or such other disbursing agent identified by Wage Counsel (the "<u>Settlement Administrator</u>").

    c.      The Employee Data provided by the Trust on or about April 7, 2022 shall be the sole employee data to which Claimants are entitled, and may be used by Claimants, Wage Counsel and the Settlement Administrator subject to the terms and conditions of that certain

---

[3]   The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

non-disclosure agreement between the Trustee and Wage Counsel dated as of April 6, 2022.

d.    The proceeds of the Liquidated Claim shall be divided into fees and expenses, and net proceeds (being the difference between gross proceeds and fees and expenses). Fees and expenses payable from the proceeds of the Liquidated Claim shall consist of: (i) fees to Wage Counsel and Webber McGill LLC, special bankruptcy counsel to Claimants, of 37% of the gross proceeds of the Liquidated Claim, (ii) each Wage Counsel's actual out of pocket expenses, which shall be reasonable and documented, (iii) fees and out of pocket expenses of the Settlement Administrator, and (iv) the fee of Claimants' and Wage Counsel's financial and strategic adviser Dundon Advisers in the amount of $75,000 plus 7.5% of the gross proceeds of the Liquidated Claim in excess of $500,000. Net proceeds shall be allocated to representative plaintiff service awards and specified individual recoveries (in consideration for such individual recipient's consent to their respective individual claims disallowance or expungement) as set forth on Schedule 1 to the Settlement Agreement, and after payment of such service awards and specified individual recoveries, the balance allocated 25% to Wage Claims arising under the (California) Private Attorneys General Act of 2004 (PAGA), Calif. Lab. Code, § 2698 et seq. ("PAGA") and 75% to other Wage Claims.

e.    The PAGA Allocation shall be subdivided into a 75% payment to the California Department of Labor and Workforce Development and a 25% allocation among one or more cohort(s) of aggrieved former California employees of the Debtors, consistent with the allegations of the complaints under which the related Wage Claims were filed. All professional fees and all proceeds of the Liquidated Claim allocated to PAGA penalties made available to aggrieved employees shall be subject of 1099 reporting. All other Wage Claim payments (excluding professional fees, which shall be allocated one-third to W-2 reporting (with all required withholdings taken and duly remitted by the Settlement Administrator) and two-thirds to 1099 reporting).

## **Relief Requested**

13.    By this Motion, the Liquidation Trustee seeks entry of an order approving the Settlement Agreement among the Parties which is attached as **Exhibit 1** to the proposed form of order.  The Liquidation Trustee submits that a memorandum of law under D.N.J. LBR 9013-1

is not necessary because the Motion raises no novel issue of law and the relevant authorities

relied upon are set forth in the Motion.

**Basis for Relief**

**A.      Approval Pursuant to Bankruptcy Rule 9019**

14.      Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he

court may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly

empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not

expressly authorized by the Code, effect the result the Code was designed to obtain."  *Official*

*Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330

F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural

prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture trustees
> as provided in Rule 2002 and to any other entity as the court may
> direct.

Fed. R. Bankr. P. 9019(a).

15.      Settlements in bankruptcy are favored as a means of minimizing litigation,

expediting the administration of the bankruptcy estate, and providing for the efficient resolution

of bankruptcy cases.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Bankruptcy

Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may

approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to

Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable,

and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D.

Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion

of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

16.     In making this determination, the United States Court of Appeals for the

Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability

of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation

involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount

interest of the creditors.  *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's business

judgment when there is a legitimate business justification for the trustee's decision.  *Id.* at 395.

17.     When applying the *Martin* factors to a particular motion, "the court is not

supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the

settlement falls below the lowest point in the range of reasonableness."  *Aetna Casualty & Surety*

*Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations

omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health*

*Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise

is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court

should not substitute its judgment for that of a trustee or debtor in possession.  *In re Parkview*

*Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996).  The ultimate inquiry

is whether the compromise is "fair, reasonable, and in the interests of the estate."  *TSIC*, 393 B.R.

at 78.  A court need not be convinced that a proposed settlement is the best possible settlement,

but "must conclude that it is within the reasonable range of litigation possibilities."  *World Health*,

344 B.R. at 296 (internal citations omitted).

18.     The Liquidation Trustee believes the Settlement Agreement is fair and

reasonable and is in the best interests of the Debtors' estates and creditors.  It is the product of

good-faith discussions and arms' length bargaining among the Parties.  For the reasons outlined below, the Liquidation Trustee believes that the Settlement Agreement should be approved pursuant to Bankruptcy Rule 9019.

19.     First, the Settlement Agreement resolves potential costly litigation over the Wage Claims.  The Settlement Agreement is favorable because the Trust is able to consolidate the Wage Claims, collectively amounting to more than $348 million across all asserted priority levels, into a single $8.5 million Liquidated Claim that sets the Claimants' *pro rata* share of recoveries as general unsecured creditors.

20.     Second, the Settlement Agreement's approval avoids any difficulties or delays regarding distributions to general unsecured creditors if the Liquidation Trustee were to initiate litigation against the Claimants, the outcome of which is uncertain and could delay distributions.

21.     Third, approval of the Settlement Agreement will enforce the Claimants' agreement to waive the administrative expense and priority status which they extensively asserted for their claims.  If the Claimants were to prevail in their efforts to have any portion of the Wage Claims recognized at a higher priority level, recoveries of general unsecured creditor beneficiaries would decrease, since the Plan requires administrative expense and priority claims to be paid in full and in cash before *any* payment could be made to any such beneficiaries in right of general unsecured claims.

22.     Fourth, the Settlement Agreement is in the best interests of the Debtors' creditors because it establishes a process for the Trust to make distributions to the claims administrator designated by Wage Counsel and sets the allocation of the proceeds of the Liquidated Claim, avoiding potentially significant administrative costs.

**B.      Approval Pursuant to Section 363(b) of the Bankruptcy Code**

23.      Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

24.      Here, the Liquidation Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreement provides for, among other terms, a reasonable resolution of the Wage Claims.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the Liquidation Trustee, in an exercise of its sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

## <u>Notice</u>

25.      Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Wage Counsel; and (c) all parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002

pursuant to the Effective Date Notice. The Liquidation Trustee respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter the Proposed Order, granting the Motion and approving the Settlement Agreement, and such other and further relief as is just and proper.

Dated:    May 9, 2022                KELLEY DRYE & WARREN LLP


*/s/ James S. Carr*
James S. Carr, Esq.
Dana P. Kane, Esq.
Sean T. Wilson, Esq. (*pro hac vice* pending)
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com
swilson@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
blevine@pszjlaw.com

*Counsel to the Liquidation Trustee*