

| UNITED STATES BANKRUPTCY COURT |
|---|
| DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |

Bradford J. Sandler, Esq.

Paul J. Labov, Esq.

Colin R. Robinson, Esq.

PACHULSKI STANG ZIEHL & JONES LLP

780 Third Avenue, 34th Floor

New York, NY  10017

Telephone:  (212) 561-7700

Facsimile:  (212) 561-7777

bsandler@pszjlaw.com

plabov@pszjlaw.com

crobinson@pszjlaw.com

James S. Carr, Esq.

Dana P. Kane, Esq.

Sean T. Wilson, Esq.

KELLEY DRYE & WARREN LLP

One Jefferson Road, Second Floor

Parsippany, NJ 07054

Telephone: (973) 503-5900

Facsimile: (973) 503-5950

*Counsel to the Liquidation Trustee*

**Order Filed on August 10, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC.,[1] | |
| Debtor. | Case No. 20-18445 (JKS) |

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

Page: 2

Debtor: RTW Retailwinds, Inc.

Case No.: 20-18445 (JKS)

Caption: Order Granting Liquidation Trustee's Thirteenth Omnibus Objection to Claims Seeking to Modify or Disallow and Expunge Certain (I) No Liability Claims; (II) Amended and Superseded Claims; (III) Late Claims; (IV) Overstated Claims; and (V) Misclassified and Overstated Claims

**ORDER GRANTING LIQUIDATION TRUSTEE'S THIRTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKING TO MODIFY OR DISALLOW AND EXPUNGE CERTAIN (I) NO LIABILITY CLAIMS; (II) AMENDED AND SUPERSEDED CLAIMS; (III) LATE CLAIMS; (IV) OVERSTATED CLAIMS; AND (V) MISCLASSIFIED AND OVERSTATED CLAIMS**

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby ORDERED.

**DATED: August 10, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

Page:     3

Debtor:   RTW Retailwinds, Inc.

Case No.: 20-18445 (JKS)

Caption:  Order Granting Liquidation Trustee's Thirteenth Omnibus Objection to Claims Seeking to Modify or Disallow and Expunge Certain (I) No Liability Claims; (II) Amended and Superseded Claims; (III) Late Claims; (IV) Overstated Claims; and (V) Misclassified and Overstated Claims

Upon the objection (the "Omnibus Objection")[2] of the Liquidation Trustee in the above-captioned chapter 11 cases seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and D.N.J. LBR 3007-1 (a) disallowing and expunging each of the claims set forth on **Schedules 1-3** hereto; and (b) modifying each of the claims set forth on **Schedules 4-5** hereto; and upon the Codispoti Declaration each filed in support of the Omnibus Objection; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Omnibus Objection is in the best interests of the Debtors, the estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Omnibus Objection is GRANTED as set forth herein.

2. Each of the No Liability Claims on **Schedule 1** to this Order is disallowed and expunged in its entirety.

3. Each of the Claims listed in the Amended and Superseded Claim column on **Schedule 2** to this Order is disallowed and expunged in its entirety.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

Page:     4

Debtor:   RTW Retailwinds, Inc.

Case No.: 20-18445 (JKS)

Caption:  Order Granting Liquidation Trustee's Thirteenth Omnibus Objection to Claims Seeking to Modify or Disallow and Expunge Certain (I) No Liability Claims; (II) Amended and Superseded Claims; (III) Late Claims; (IV) Overstated Claims; and (V) Misclassified and Overstated Claims

4. Each of the Late-Filed Claims listed on **Schedule 3** to this Order is disallowed and expunged in its entirety.

5. Each of the Overstated Claims listed on **Schedule 4** to this Order is reduced to the respective amounts listed under the columns titled "Modified Claim" on **Schedule 4.**

6. The Misclassified and Overstated Claim listed on **Schedule 5** to this Order is reduced to the amount and reclassified to the priority level listed under the columns titled "Modified Claim" on **Schedule 5.**

7. The rights of the Liquidation Trustee to object in the future to any of the claims that are the subject of the Omnibus Objection on any grounds, and to amend, modify, and/or supplement the Omnibus Objection, including, without limitation, to object to amended or newly filed claims is hereby reserved. Without limiting the generality of the foregoing, the Liquidation Trustee specifically reserves the right to amend the Omnibus Objection, file additional papers in support of the Omnibus Objection, or take any other appropriate actions, including to (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Omnibus Objection by or on behalf of any of the claimants or other interested parties; (b) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered upon further review by the Liquidation Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

8. For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall be deemed or construed to constitute (a) an admission as to the validity or priority of any claim against

Page:     5

Debtor:   RTW Retailwinds, Inc.

Case No.: 20-18445 (JKS)

Caption:  Order Granting Liquidation Trustee's Thirteenth Omnibus Objection to Claims Seeking to Modify or Disallow and Expunge Certain (I) No Liability Claims; (II) Amended and Superseded Claims; (III) Late Claims; (IV) Overstated Claims; and (V) Misclassified and Overstated Claims

---

the Liquidation Trustee, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Objection, and/or (c) a waiver of the Liquidation Trustee's rights to dispute any claim on any available grounds, including (a) section 502(d) of the Bankruptcy Code and (b) failure to provide requested information regarding mitigation of damages.

9. The Liquidation Trustee, its claims and noticing agent (Kroll Restructuring Administration), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

10. The objection to each claim addressed in the Omnibus Objection and as set forth on **Schedules 1-5** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Omnibus Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Omnibus Objection and this Order.

11. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Omnibus Objection or otherwise waived.

12. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

| | |
|---|---|
| Page: | 6 |
| Debtor: | RTW Retailwinds, Inc. |
| Case No.: | 20-18445 (JKS) |
| Caption: | Order Granting Liquidation Trustee's Thirteenth Omnibus Objection to Claims Seeking to Modify or Disallow and Expunge Certain (I) No Liability Claims; (II) Amended and Superseded Claims; (III) Late Claims; (IV) Overstated Claims; and (V) Misclassified and Overstated Claims |

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Schedule 1 - No Liability**
**See paragraphs 22-23**

| Row # | Claim or Schedule # | Claimant | Asserted Amount | Asserted Priority | Reasons for Disallowance |
|---|---|---|---|---|---|
| 1 | 236 | CenturyLink Communications, LLC | $46,511.82 | General Unsecured | Debtors' books and records show that the Claimant's contract was assumed and cure amount was paid. Nothing further is owed. |
| 2 | 175 | County of San Bernardino | $13,054.50 | General Unsecured | Claim 175 is for real estate taxes. Based on the Based on the Debtors' books and records, the Debtors submitted payment for the 2020 taxes on 8/31/2020 in the amount of $9,317.53. The remainder of the claim asserts $3,736.97 in taxes that were assessed in 1996. Under the California Revenue and Taxation Code section 19255, the statute of limitations to collect unpaid state tax debts is 20 years from the assessment date. As such, the $3,736.97 is barred by the limitations period under applicable state law. |
| 3 | 402 | Miller, Shaun | $9,800.00 | General Unsecured | Claim 402 is for "Severance Pay". Claimant was paid $9,800 for severance post-petition, and nothing further is owed. Claimant filed claim 730, in the amount of $9,800, which was disallowed for the same reason (see Docket No. 940). |

**Schedule 1 - No Liability**
**See paragraphs 22-23**

| Row # | Claim or Schedule # | Claimant | Asserted Amount | Asserted Priority | Reasons for Disallowance |
|---|---|---|---|---|---|
| 4 | 1445 | New Jersey Division of Taxation Bankruptcy Section | $5,334.07 | General Unsecured | Claim # 1445 was filed against Lerner New York Outlet, LLC for estimated corporate business taxes ($4,000) for the period from 9/2015 through 8/2016, and for an alleged deficiency in the amount of $1,334.07 for the period from 2/2015 to 8/2015. Lerner New York Outlet, Inc. converted to a single member LLC on or about 8/7/2015. Prior to its conversion, Lerner New York Outlet, Inc.'s fiscal year began on February 1 and ended on January 31. The conversion of Lerner New York Outlet, Inc. to a single-member LLC on August 7, 2015, resulted in the final corporate tax return for Lerner New York Outlet being a short-year return. Lerner New York Outlet did not file a tax return covering the remainder of FY 2016 (through 1/31/16) because, as a single-member LLC, all business activity of the LLC as of the conversion date was included on the tax returns of Lerner New York, Inc., the sole member. As such, the estimated claim in the amount of $4,000 (for the post-conversion period of 9/2105 to 8/2016) should be disallowed. The remaining $1,334.07 in asserted liability appears to have been triggered by fact that Lerner New York Outlet, Inc. filed a short-period return for Fiscal Year 2016 up to the date of its conversion. Lerner New York Outlet, Inc. paid in full the taxes evidenced by the short-period return and no further tax is owing.<br><br>The priority portion of this claim already has been disallowed by prior order of the Court. |

**Schedule 2 - Amended and Superseded Claims**
See paragraph 24

| | | Amended and Superseded Claim | | | Remaining Claim* | | | |
|---|---|---|---|---|---|---|---|---|
| Row # | Claimant | Claim # | Asserted Claim Amount | Asserted Priority | Claim # | Asserted Claim Amount | Asserted Priority | Reason for Disallowance |
| 1 | Parkchester Preservation Company, L.P. | 1357 | $61,761.76 $445,742.37 | Admin Priority General Unsecured | 1545 | $61,761.76 $445,742.37 | Admin Priority General Unsecured | Claim 1357 was amended and superseded by the Remaining Claim |
| 2 | Thor Palmer House Retail, LLC | 1244 | $244,993.64 | General Unsecured | 1543 | $244,993.64 | General Unsecured | Claim 1244 was amended and superseded by the Remaining Claim |

\* The Trust reserves all rights to object to Remaining Claims on any grounds.

Page 1 of 1

Schedule 3 - Late Claims
See paragraph 25

| Row # | Claimant | Claim # | Date Filed | Asserted Amount | Asserted Priority | Reasons for Disallowance |
|---|---|---|---|---|---|---|
| 1 | Guardian Building Services c/o Argo Partners | 1432 | 12/11/2020 | $273,162.54 | General Unsecured | Claim 1432 was filed after the General Claims Bar Date |
| 2 | Jersey Central Power and Light | 1548 | 6/6/2022 | $3,392.44 | General Unsecured | Claim 1548 was filed after the General Claim Bar Date. Additionally, Claim 1548 purports to amend and supersede Claim 363 (which was filed in a higher amount), but the Liquidating Trust has already allowed and made distributions on Claim 363. |
| 3 | Ohio Edison | 1547 | 5/16/2022 | $1,438.38 | General Unsecured | Claim 1547 was filed after the General Claims Bar Date |

Schedule 4 - Overstated Claims
See paragraph 26

| Row # | Claim # | Claimant | Overstated Claim | | Reason for Modification | Modified Claim | |
|---|---|---|---|---|---|---|---|
| | | | Claim Amount | Claim Priority | | Claim Amount | Claim Priority |
| 1 | 1348 | AIG Property Casualty, Inc. and certain affiliates | Unliquidated Amount | Admin Priority | The unsecured portion of this claim has already been fixed by prior order of this Court and is not subject to this Omnibus Objection.  Claim 1348 is overstated to the extent of any claimed unliquidated administrative amounts. The Liquidation Trust is not aware of any additional amounts owing aside from the allowed unsecured claim, nor has the claimant amended Claim 1348 to assert any such additional amounts in the 20 months that have passed since Claim 1348 was filed. | $0.00 | Admin Priority |
| 2 | 735 | Dolphin Mall Associates LLC | $466,520.03 | General Unsecured | Claim 735 is for pre-petition arrears in the amount of $201,887.31 and rejection damages in the amount of $264,632.72. The rejection damages claim is for actual damages since there was less than a year remaining on the lease as of the effective date of rejection, and should be reduced by the Florida sales taxes claimed in the amount of $16,151.32, if and to the extent those taxes will not be remitted to the state of Florida given that the claim is on account of lease termination damages and not regular lease payments.  The claim should be further reduced by $25,935.92 reflecting claimant's mitigation of damages through replacement rent and other collected fees. The total unsecured claim should be $424,432.79. | $424,432.79 | General Unsecured |
| 3 | 953 | Dyker Associates | $932,933.32 | General Unsecured | Modification to this amount is by agreement of the parties | $251,775.34 | General Unsecured |

Page 1 of 2

**Schedule 4 - Overstated Claims**
See paragraph 26

| | | | Overstated Claim | | | Modified Claim | |
|---|---|---|---|---|---|---|---|
| Row # | Claim # | Claimant | Claim Amount | Claim Priority | Reason for Modification | Claim Amount | Claim Priority |
| 4 | 309 | Sterling National Bank | $84,738.30 | General Unsecured | Modification to this amount is by agreement of the parties | $81,831.56 | General Unsecured |

Schedule 5 - Misclassified and Overstated Claims
See paragraph 27

| Row # | Claim # | Claimant | Overstated Claim | | Reasons for Modification | Modified Claim | |
|---|---|---|---|---|---|---|---|
| | | | Asserted Administrative Amount | Asserted General Unsecured Amount | | Administrative Amount | General Unsecured Amount |
| 1 | 568 | Treeco / Hylan LP | $98,600.75 | $350,000.04 | Misclassified: Claim 568 asserts an administrative claim in the amount $98,600.75 for pre-petition arrears under the lease and $350,000.04 for lease rejection damages. The claim asserts that the $98,600.75 was the value of goods that the Debtor received during the 20 days prior to the petition date. The claimant is a landlord and did not provide goods so that it would be entitled to an administrative priority claim under section 503(b)(9) of the Bankruptcy Code. Claimant also asserts that $98,600.75 is the amount necessary to cure any default as of the petition date, and moreover, such amount is very close to the amount of pre-petition arrears included on the Debtors' Schedules ($98,790.33). As such, this amount is more properly classified as a general unsecured claim.<br><br>Overstated: Pursuant to the First Lease Amendment and Extension dated August 20, 2018, the term of the lease naturally expired on January 31, 2020. As such, there are no rejection damages. | $0.00 | $98,600.75 |