| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY  10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>James S. Carr, Esq.<br>Dana P. Kane, Esq.<br>Sean T. Wilson, Esq.<br>KELLEY DRYE & WARREN LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>jcarr@kelleydrye.com<br>dkane@kelleydrye.com<br>swilson@kelleydrye.com<br><br>*Counsel to the Liquidation Trustee* | |
| In re:<br><br>RTW RETAILWINDS, INC.[1]<br><br>                          Debtor. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>**Hearing Date:**    **August 8, 2023**<br>**Hearing Time:**    **10:00 a.m.**<br>**Response Deadline:**    **August 1, 2023** |

**NOTICE OF LIQUIDATION TRUSTEE'S MOTION FOR
ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN
WHICH THE LIQUIDATION TRUSTEE MAY OBJECT TO CLAIMS**

---

[1]     The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445).  By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

4855-7203-9280v.1

**PLEASE TAKE NOTICE** that on August 8, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard, META Advisors LLC, in its capacity as liquidation trustee (the "Liquidation Trustee") of the RTW Liquidation Trust established in the above-captioned case, shall move for entry of an order further extending the period within which the Liquidation Trustee may object to claims (the "Motion"), from August 7, 2023 through and including February 5, 2024, before the Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above, *i.e.,* on or prior to August 1, 2023.

**PLEASE TAKE FURTHER NOTICE** that if you file an objection, you or your attorney must appear at a hearing on the Motion that will be held before the Honorable John K. Sherwood on August 8, 2023 at 10:00 a.m. at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102, Courtroom 3D, with the option to appear via Court Solutions in lieu of in-person participation.  Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, *i.e.*, on August 7, 2023 at 12:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: July 14, 2023

KELLEY DRYE & WARREN LLP

*/s/ James S. Carr*
James S. Carr, Esq.
Dana P. Kane, Esq.
Sean T. Wilson, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com
swilson@kelleydrye.com

and

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Liquidation Trustee*

| | |
|---|---|
| Bradford J. Sandler, Esq. | James S. Carr, Esq. |
| Paul J. Labov, Esq. | Dana P. Kane, Esq. |
| Colin R. Robinson, Esq. | Sean T. Wilson, Esq. |
| PACHULSKI STANG ZIEHL & JONES LLP | KELLEY DRYE & WARREN LLP |
| 780 Third Avenue, 34th Floor | One Jefferson Road, Second Floor |
| New York, NY 10017 | Parsippany, NJ 07054 |
| Telephone: (212) 561-7700 | Telephone: (973) 503-5900 |
| Facsimile: (212) 561-7777 | Facsimile: (973) 503-5950 |
| bsandler@pszjlaw.com | jcarr@kelleydrye.com |
| plabov@pszjlaw.com | dkane@kelleydrye.com |
| crobinson@pszjlaw.com | swilson@kelleydyre.com |

*Counsel to the Liquidation Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RTW RETAILWINDS, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>**Hearing Date:** **August 8, 2023**<br>**Hearing Time:** **10:00 a.m.**<br>**Response Deadline:** **August 1, 2023** |

**LIQUIDATION TRUSTEE'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE LIQUIDATION TRUSTEE MAY OBJECT TO CLAIMS**

META Advisors LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the RTW Liquidation Trust (the "Trust") established in the above-captioned case, by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1(c) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

4855-7203-9280v.1

(the "Local Rules"), extending the period within which the Liquidation Trustee may object to Claims[2] filed against the estates of RTW Retailwinds, Inc. and certain of its affiliates (collectively, the "Debtors") by approximately one hundred eighty (180) days,[3] from August 7, 2023 through and including February 5, 2024.  In support of this Motion, the Liquidation Trustee respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are Bankruptcy Rule 9006(b)(1) and Local Rule 3007-1(c).

## Background

**A.    General Background**

3. On July 13, 2020 (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below).  No trustee or examiner has been appointed in this case.

4. In accordance with the *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Related Chapter 11 Cases*,[4] the Debtors' cases were jointly

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 390] (the "Plan").

[3] This Motion seeks an extension of 182 days, as the 180th day falls on a Saturday.

[4] Docket No. 65.

administered pursuant to Bankruptcy Rule 1015 until the closure of all of the Debtors' cases other than the chapter 11 case of RTW Retailwinds, Inc.[5]

5. On August 12, 2020, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

6. On August 15, 2020, RTW Retailwinds, Inc., Lerner New York Outlet, LLC, Lerner New York Holding, Inc., Lerner New York FTF, LLC, Lernco, Inc., FTF IP Company, Inc., and Lerner New York, Inc. filed amended Schedules.

7. On August 28, 2020 Lerner New York GC, LLC filed amended Schedules.

8. On December 10, 2020, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order")[6] confirming the Plan.

9. On December 31, 2020 (the "Effective Date"), the Plan became effective. *See Notice of (A) Entry of Order Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code and (B) the Effective Date Thereof; and (C) Certain Deadlines* (the "Effective Date Notice").[7]

A. **Appointment, Rights, Powers, and Duties of the Liquidation Trustee and Liquidation Trustee**

10. By operation of the Plan and the Confirmation Order, the Liquidation Trustee was appointed in accordance with the terms of the *Liquidation Trust Agreement and*

---

[5] *See* Docket No. 844.
[6] Docket No. 690.
[7] Docket No. 742.

*Declaration of Trust* (the "Liquidation Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents") on the Effective Date.  Under the Plan Documents, the Liquidation Trustee is responsible for, among other things, "…the pursuit of objections to, estimation of, and settlements of all Claims, regardless of whether any such Claim is listed on the Debtors' Schedules, other than Claims that are Allowed pursuant to the Plan…."[8]  This includes the authority "to review, reconcile, allow or object to any Claims regardless of whether such Claim was Disputed on the Effective Date, to compromise or settle any Claim regardless of whether such Claim was Disputed on the Effective Date…"[9]

### B.    The Bar Date and Claims Reconciliation Process

11.    On September 29, 2020, the Court entered an order (the "Bar Date Order")[10] establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases.  Specifically, among other things, the Court approved a general bar date of November 6, 2020 applicable to all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code.  The Bar Date Order also established January 11, 2021 as the deadline for all governmental agencies to file written proofs of claim.  Finally, the Plan required the filing of post-petition administrative claims on or prior to January 21, 2021.[11]

---

[8]    Plan § IV.C.111.

[9]    *Id*. § IV.C.112.vii.

[10]    Docket No. 380.

[11]    Plan § I.A.2.

12. To date, in addition to claims included on the Debtors' Schedules, 1,550 Proofs of Claim have been filed against the Debtors in the aggregate approximate amount of over $1 billion across all priority levels, plus unliquidated amounts.

13. Local Rule 3007-1 governs the timing by which claims objections should be brought. It provides, in relevant part:

> (b) Time for Filing. A motion or adversary proceeding objecting to a claim must be filed by the later of:
>
> (1) 60 days after the entry of the order confirming plan; or
>
> (2) 60 days after the claim is filed or amended.
>
> (c) Extension. A request for an extension of the time to object to the allowance of a claim must be brought by motion filed before the expiration of the time to object.[12]

Accordingly, the original deadline for objections to claims, *i.e.*, sixty days after the December 10, 2020 entry of the Confirmation Order, was February 8, 2021 (the "Initial Claims Objection Deadline"). Since the Initial Claims Objection Deadline, the Court has entered five orders[13] extending the deadline to object to claims, the most recent of which established the current date of August 7, 2023 (the "Claims Objection Deadline").

**Relief Requested**

14. By this Motion, and pursuant to Bankruptcy Rule 9006(b)(1) and Local Rule 3007-1(c), the Liquidation Trustee seeks an extension of the Claims Objection Deadline as to claims of all priority levels, for another approximately one hundred eighty (180) days, through and including the later of: (a) February 5, 2024, or (b) one hundred eighty (180) days following

---

[12] D.N.J. LBR 3007-1(b) – (c).

[13] Docket Nos. 891, 941, 1034, 1103 and 1157.

the date that a Proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

15. The Liquidation Trustee further requests that the order approving this Motion be without prejudice to the rights of the Liquidation Trustee to seek further extension of the Claims Objection Deadline.

**Basis for Relief**

16. As discussed above, the Plan vests the discretion to object to claims in the Liquidation Trustee. While the Plan is silent as to the date such challenges must be raised, Local Rule 3007-1 sets forth the timeline by which objections to claims must be made, and it also expressly contemplates extension of the Claims Objection Deadline by order of the Court.

17. Bankruptcy Rule 9006(b) also makes clear that the Court may extend unexpired time periods with or without notice. Specifically, Rule 9006(b) states in relevant part that:

> "(1) *In General* . . . when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . ."

Fed. R. Bankr. P. 9006(b)(1). The Claims Objection Deadline has not expired as of the filing of the Motion, and accordingly, the Court is authorized to grant the relief requested herein.

18. Throughout the post-Effective Date administration of the Debtors' Estates, the Liquidation Trustee has been actively working on rationalizing the Claims pool of all priority levels through its Claims review and reconciliation efforts. To date, the Liquidation Trustee has: (i) filed fourteen omnibus objections addressing approximately 760 claims; (ii) identified approximately 500 scheduled liabilities that were superseded by Proofs of Claim but were not

initially matched by the Debtors' Claims Agent; and (iii) negotiated with creditors to reconcile and resolve by stipulation hundreds of other disputed Claims that have not, to date, been the subject of a filed objection. Since the Claims Objection Deadline was last extended, the Liquidating Trustee resolved more than two dozen claims on an informal basis. Overall, since the inception of the Trust, across all priority levels, the Liquidation Trustee has addressed over 1,800 filed and Scheduled Claims and reduced the Claims pool by over $700 million (plus unliquidated amounts).

19. In tandem with Claims resolution, the Liquidation Trustee has been making distributions as and when Claims have been allowed. Beginning shortly after the Effective Date, all allowed secured, administrative and priority unsecured Claims have been paid in full, net of applicable withholding (if any), on a rolling basis. As to General Unsecured Claims, a first interim distribution of 20% of the Allowed amount of each Claim was first made in May 2022, with periodic "catch-up" distributions of the same 20%, on account of newly-Allowed Claims, made in each of July, October, November and December of 2022.

20. The Trust made a second interim distribution of 12% in March 2023 to all holders of Allowed General Unsecured Claims.[14] Notably, the aggregate distributions to date of 32% on account of General Unsecured Claims is already within the projected Disclosure Statement range of approximately 31% to 38%.

21. Since March 2023, the Trust (i) made "catch-up" distributions of 32%, representing the aggregate of the first and second interim distributions, during the second calendar quarter of 2023 on account of newly-Allowed Claims; and (ii) reserved 32% of the face amount of all remaining disputed General Unsecured Claims—inclusive of claims that are fully reconciled

---

[14] Consistent with the terms of the Plan and Trust Agreement, distributions for unsecured creditors with Allowed claims who have not provided the required tax identification documentation have not been made.

but whose holders have not provided requested and required tax identification documentation (IRS Form W-9 or W-8, as applicable)—pending final reconciliation and disposition of such Claims.[15]

22. Though the Liquidation Trustee has made significant progress in claims administration, which is only one of the many duties and responsibilities of the Liquidation Trustee under the Plan Documents, there are Claims that remain to be reconciled. The Liquidation Trustee presently estimates that there are fewer than 85 Claims—inclusive of Filed Claims and Scheduled Claims—requiring review, reconciliation, negotiation and/or objection. The Liquidation Trustee requires additional time to review and determine which of these Claims are valid and which might merit an objection.

23. Accordingly, the Liquidation Trustee seeks additional time to review and analyze the remaining unresolved Claims. The Liquidation Trustee submits that extending the Claims Objection Deadline is in the best interests of all stakeholders. The extension sought will afford the Liquidation Trustee, and its respective management and professionals, an opportunity to make more fully informed decisions concerning the resolution of pending Claims, in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors.

24. Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection. Rather, the extension is intended to promote the efficient administration of these cases and the claims allowance process. Absent the requested extension of the Claims Objection Deadline, the Liquidation Trustee will either be precluded from challenging invalid, misclassified, and/or overstated Claims, or it will be forced to file hastily

---

[15] With respect to the handful of secured, administrative and priority unsecured Claims that have not yet been resolved, the Trust has reserved for remaining disputed Claims at a rate of 100% of the face amount.

prepared protective objections without the benefit of a full review and analysis and will incur the cost of doing so.

25. For the reasons set forth above, the Liquidation Trustee submits that extending the Claims Objection Deadline as to Claims of all priority levels – through and including the later of (a) February 5, 2024, or (b) one hundred eighty (180) days following the date that a Proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim – is necessary, prudent, and in the best interests of all stakeholders. This is the sixth requested extension.

### Reservation of Rights

26. The Liquidation Trustee hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

### Notice

27. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002 pursuant to the Effective Date Notice. The Liquidation Trustee respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline as requested herein, and such other and further relief as is just and proper.

Dated: July 14, 2023          KELLEY DRYE & WARREN LLP

*/s/ James S. Carr*
James S. Carr, Esq.
Dane P. Kane, Esq.
Sean T. Wilson, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com
swilson@kelleydyre.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the Liquidation Trustee*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY  10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>James S. Carr, Esq.<br>Dana P. Kane, Esq.<br>Sean T. Wilson, Esq.<br>KELLEY DRYE & WARREN LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>jcarr@kelleydrye.com<br>dkane@kelleydrye.com<br>swilson@kelleydrye.com<br><br>*Counsel to the Liquidation Trustee* | |
| In re:<br><br>RTW RETAILWINDS, INC.,[1]<br><br>                              Debtor. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>(Jointly Administered) |

# ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH
# THE LIQUIDATION TRUSTEE MAY OBJECT TO CLAIMS

The relief set forth on the following pages, numbered two (2) through and including three

(3), is hereby **ORDERED**:

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445).  By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

4855-7203-9280v.1

Page: 2
Debtors: RTW Retailwinds, Inc., *et al.*
Case No.: 20-18445 (JKS)
Caption: Order Further Extending the Period Within Which the Liquidation Trustee May Object to Claims

Upon consideration of the *Liquidation Trustee's Motion for Entry of an Order Further Extending the Period Within Which the Liquidation Trustee May Object to Claims* (the "Motion")[2] filed by META Advisors LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the RTW Liquidation Trust established in the above-captioned chapter 11 case, and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time period within which the Liquidation Trustee may file objections to Claims of all priority levels is enlarged and extended through and including the later of: (a) February 5, 2024, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim (the "Claims Objection Deadline").

3. This Order shall be without prejudice to the rights of the Liquidation Trustee to seek further extensions of the Claims Objection Deadline.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Page:     3
Debtors:  RTW Retailwinds, Inc., *et al.*
Case No.: 20-18445 (JKS)
Caption:  Order Further Extending the Period Within Which the Liquidation Trustee May Object to Claims

      4.      This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.