| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email:    bsandler@pszjlaw.com<br><br>James S. Carr, Esq.<br>Dana P. Kane, Esq.<br>KELLEY DRYE & WARREN LLP<br>7 Giralda Farms, Suite 340<br>Madison, NJ 07940<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>Email:    jcarr@kelleydrye.com<br>            dkane@kelleydrye.com<br><br>*Counsel to the Liquidation Trustee* | |
| In re:<br><br>RTW RETAILWINDS, INC.,[1]<br><br>                                              Debtor. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>**Hearing Date:        October 7, 2025**<br>**Hearing Time:       10:00 a.m. (ET)**<br>**Response Deadline: September 30, 2025** |

**NOTICE OF HEARING ON MOTION BY LIQUIDATION TRUSTEE FOR ENTRY OF AN ORDER EXTENDING THE TERM OF THE RTW LIQUIDATION TRUST**

**PLEASE TAKE NOTICE** that on **October 7, 2025, at 10:00 a.m.** (prevailing Eastern Time), or as soon thereafter as counsel may be heard, META Advisors LLC, in its capacity as liquidation trustee (the "Trustee") of the RTW Liquidation Trust in the above-captioned case

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed. [Docket No. 844]

4931-2680-2787.5 73215.003

(the "Trust"), shall move for entry of an order extending the term of the Trust (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above, i.e., on or prior to September 30, 2025.

**PLEASE TAKE FURTHER NOTICE** that if you file an objection, you or your attorney must appear at a hearing on the Motion that will be held before the Honorable John K. Sherwood on **October 7, 2025 at 10:00 a.m.** (prevailing Eastern Time). at the United States

Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102, Courtroom 3D, with the option to appear via Zoom in lieu of in-person participation at the following link: https://njb-uscourts.zoomgov.com/j/1602369362?pwd=ypFrt6YBez7L5yHaXySwFXdNa382gb.1, Meeting ID: 160 236 9362, Passcode: 117132.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated:   September 5, 2025                              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   bsandler@pszjlaw.com

and

KELLEY DRYE & WARREN LLP
James S. Carr, Esq.
Dana P. Kane, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email:   jcarr@kelleydrye.com
            dkane@kelleydrye.com

*Counsel to the Liquidation Trustee*

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email:    bsandler@pszjlaw.com<br><br>James S. Carr, Esq.<br>Dana P. Kane, Esq.<br>KELLEY DRYE & WARREN LLP<br>7 Giralda Farms, Suite 340<br>Madison, NJ 07940<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>Email:    jcarr@kelleydrye.com<br>             dkane@kelleydrye.com<br><br>*Counsel to the Liquidation Trustee* |

| | |
|---|---|
| In re:<br><br>RTW RETAILWINDS, INC.,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No. 20-18445 (JKS)<br><br>**Hearing Date:      October 7, 2025**<br>**Hearing Time:      10:00 a.m. (ET)**<br>**Response Deadline: September 30, 2025** |

**MOTION BY LIQUIDATION TRUSTEE FOR ENTRY OF**
**AN ORDER EXTENDING THE TERM OF THE RTW LIQUIDATION TRUST**

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed. [Docket No. 844]

4931-2680-2787.5 73215.003

META Advisors LLC, in its capacity as trustee (the "Trustee") of the RTW Liquidation Trust established in the above-captioned case (the "Trust"), respectfully represents as follows in support of this motion (the "Motion")[2]:

**Preliminary Statement**

1. The Trust is still in the process of prosecuting certain affirmative actions that may result in additional funding into the Trust for the benefit of unsecured creditors, including a litigation claim commenced prior to the Petition Date and tax credits owed to the Debtors' estates from the Internal Revenue Service (the "ERC Credits"). Because the Trust is uncertain as to whether or not these proceeds will be received by December 31, 2025 (the current Trust termination date), the Trustee brings this Motion to extend the life of the Trust to ensure that these valuable assets are monetized for the benefit of general unsecured claim holders. All outstanding claim objections in these cases have been resolved and the Trust has already made three interim distributions to date to general unsecured creditors that have exceeded the high end of the range projected in the Disclosure Statement accompanying the Plan.

**Jurisdiction**

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan (as defined below).

**Background**

3. On July 13, 2020 (the "Petition Date"), RTW Retailwinds, Inc. and certain of its affiliates (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

4. On December 10, 2020, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* ("Confirmation Order")[3] confirming the *Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").[4] On December 31, 2020 (the "Effective Date"), the Plan became effective by its terms.[5]

5. On the Effective Date, the Trust was created pursuant to the terms of the Confirmation Order, Plan and *Liquidating Trust Agreement and Declaration of Trust* (the "Trust Agreement").[6]

6. The Plan provides that the Trust shall dissolve "no later than five (5) years from the Effective Date, unless the Bankruptcy Court, upon motion made prior to the fifth (5th) anniversary . . . determines that a fixed period extension, not to exceed five (5) years, is necessary to facilitate or complete the recovery on and liquidation of the Liquidation Trust Assets." Plan at Art. IV.D. Pursuant to Article IV.D of the Plan and section 9.3 of the Trust Agreement, the initial termination

---

[3] Docket No. 690.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] Docket No. 742.

[6] Docket No. 644.

date of the Trust is five years from the Effective Date, or December 31, 2025, unless otherwise extended by order of the Bankruptcy Court (the "Termination Date").

## Relief Requested

7.  By this Motion, the Trustee requests an extension of the Termination Date for an additional six months through and including July 1, 2026, to allow additional time to ensure that remaining assets may be recovered into the Trust.

## Basis for Relief

8.  Since its appointment, the Trustee has completed its review, reconciliation and objection of over 1,550 claims filed in these chapter 11 cases asserted at over $1 billion. These efforts, among others have enabled the Trust to make three interim distributions to general unsecured claims that have exceeded the amount originally projected in these cases. While the Trust has made tremendous progress in reconciling and allowing claims and making distributions, the Trust is still in pursuit of certain causes of action for the benefit of allowed general unsecured claim holders.

9.  Specifically, the Trust is in the process of pursuing the ERC Credits that are owed to the Debtors' estates by the IRS on account of payroll tax refunds owed on qualified wages, health insurance and other employee benefits that the Debtors paid in 2020. There is a significant backlog on processing such claims and the Trustee's advisors have had difficulty corresponding with the IRS to reach resolution on the ERC Credits. The Trust is informed and believes that the IRS has recently approved a portion of the ERC Credits due to the Trust, but as of this date, the ERC Credits have not yet been received by the Trust.

10. Prior to the Petition Date, the Debtors instituted a legal malpractice action, which matter is pending in the New York Supreme Court at Case No. 150794/2020 (N.Y. Sup Ct. Jan. 22, 2020). Expert discovery is expected to close on the matter on November 14, 2025 with dispositive motions filed by December 19, 2025.

11. Absent an extension granted by the Court, the Trust is scheduled to terminate on December 31, 2025. An extension of time is crucial to allow the Trustee to continue to prosecute the two remaining open matters on behalf of the Trust, the resolution of which are expected to result in additional funds being received by the Trust for the benefit of general unsecured creditor recoveries.

12. The Trustee has the power and authority to perform such functions as are provided in the Plan and the Trust Agreement and any powers reasonably incidental thereto, including seeking Court authority to extend the term of the Trust. More specifically, both the Plan and the Trust Agreement provide that the term of the Trust may be extended by an order of this Court.

13. *See* Plan at Art. IV.D; Trust Agreement § 9.3.

14. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Furthermore, nothing in the Bankruptcy Code may be construed to preclude the Court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*.

16. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed,

4931-2680-2787.5 73215.003               5

as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 Collier on Bankruptcy (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) at 9006-14.  In the context of determining whether "cause" exists regarding requests for extension of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors.  *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

17. An extension of the Trust term is supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ."  Fed. R. Bankr. P. 9006(b).

18. While it would be unusual to find a published decision granting an extension of the term of a post-confirmation liquidating trust where the authority to do so is express in the trust agreement, at least one court has extended the term of a liquidating trust past the authority granted in the trust agreement, where unlike here, a plan modification was required.  *In re Boylan Intern., Ltd.*, 452 B.R. 43, 51 (Bankr. S.D.N.Y. 2001) (holding that the duration of the trust may be extended for an additional two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset").

19. The further extension of the term of the Trust is necessary to complete the prosecution of the open causes of action. Once liquidated, the Trust will initiate a final distribution, allow claimants not less than 60 days to cash final distributions, and file the Trust's final tax returns.  All of this cannot be accomplished within the time period remaining. A further extension

of the term of the Trust will only benefit, not harm, creditors because the Trustee's actions during the extended period should serve to increase the potential distribution to creditors.

20. Based on these facts, the Trustee submits that an extension of the Trust Termination Date is warranted under the circumstances and is necessary to facilitate the administration of the Trust so as to maximize the recovery for creditors of the estate. Accordingly, the Trustee respectfully requests that the term of the Trust be extended through and including July 1, 2026, subject to the Trustee's rights to seek a further extension upon notice and hearing.

## Notice

21. Notice of this Motion will be provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002. The Trustee believes that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that the Court: (i) enter the Proposed Order; and (ii) grant such other and further relief to the Trustee as the Court may deem proper.

Dated: September 5, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com

and

                                KELLEY DRYE & WARREN LLP
                                James S. Carr, Esq.
                                Dana P. Kane, Esq.
                                7 Giralda Farms, Suite 340
                                Madison, NJ 07940
                                Telephone: (973) 503-5900
                                Facsimile: (973) 503-5950
                                Email:   jcarr@kelleydrye.com
                                                    dkane@kelleydrye.com

                                *Counsel to the Liquidation Trustee*

4931-2680-2787.5 73215.003                                             8