**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     bsandler@pszjlaw.com

James S. Carr, Esq.
Dana P. Kane, Esq.
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email:     jcarr@kelleydrye.com
           dkane@kelleydrye.com

*Counsel to the Liquidation Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC.,[1] | Case No. 20-18445 (JKS) |
| Debtor. | **Hearing Date:      June 16, 2026**<br>**Hearing Time:      10:00 a.m. (ET)**<br>**Response Deadline: June 9, 2026** |

**NOTICE OF HEARING ON LIQUIDATING TRUSTEE'S MOTION
TO COMPEL INTERNAL REVENUE SERVICE TO TURN OVER ESTATE
PROPERTY AND ENTRY OF AN ORDER IN AID OF PLAN IMPLEMENTATION**

**PLEASE TAKE NOTICE** that on **June 16, 2026, at 10:00 a.m.** (prevailing Eastern

Time), or as soon thereafter as counsel may be heard, META Advisors LLC, in its capacity as

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed. [Docket No. 844]

4917-0393-6684.4 73215.003

liquidation trustee (the "Trustee") of the RTW Liquidation Trust in the above-captioned case (the "Trust"), shall move for entry of an order compelling turnover of tax credits owed to the Debtors' estates from the Internal Revenue Service to the Trustee (the "Motion"), before the Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents* dated March 27, 2002 (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the *User's Manual for the Electronic Case Filing System* can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above, i.e., on or prior to June 9, 2026.

**PLEASE TAKE FURTHER NOTICE** that if you file an objection, you or your attorney must appear at a hearing on the Motion that will be held before the Honorable John K.

Sherwood on **June 16, 2026 at 10:00 a.m.** (prevailing Eastern Time) at the United States

Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102, Courtroom 3D, with the

option to appear via Zoom in lieu of in-person participation at the following link: https://njb-

uscourts.zoomgov.com/j/1602369362?pwd=ypFrt6YBez7L5yHaXySwFXdNa382gb.1,

Meeting ID: 160 236 9362, Passcode: 117132.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and

served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d),

and the relief requested may be granted without further notice or hearing.

Dated:    May 19, 2026

KELLEY DRYE & WARREN LLP

*/s/ Dana P. Kane*

James S. Carr, Esq.
Dana P. Kane, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email:   jcarr@kelleydrye.com
              dkane@kelleydrye.com

and

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   bsandler@pszjlaw.com

*Counsel to the Liquidation Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     bsandler@pszjlaw.com

James S. Carr, Esq.
Dana P. Kane, Esq.
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email:    jcarr@kelleydrye.com
          dkane@kelleydrye.com

*Counsel to the Liquidation Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| RTW RETAILWINDS, INC.,[1] | Case No. 20-18445 (JKS) |
| Debtor. | **Hearing Date:        June 16, 2026**<br>**Hearing Time:        10:00 a.m. (ET)**<br>**Response Deadline: June 6, 2026** |

**LIQUIDATING TRUSTEE'S MOTION TO COMPEL INTERNAL
REVENUE SERVICE TO TURN OVER ESTATE PROPERTY
AND ENTRY OF AN ORDER IN AID OF PLAN IMPLEMENTATION**

---

[1] The remaining Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed. [Docket No. 844]

META Advisors LLC, in its capacity as trustee (the "Trustee") of the RTW Liquidation Trust established in the above-captioned case (the "Trust"), respectfully represents as follows in support of this motion (the "Motion")[2]:

**Preliminary Statement**

1.      There is no dispute that the Debtors are owed at least $5,929,340.15 from the Internal Revenue Service (the "IRS") on account of certain 2020 COVID-era tax credits (the "ERC Credits"). In fact, the IRS has issued refund checks to the Debtors, in some cases, not less than four times on account of the ERC Credits. However, the Trust is compelled to file this Motion because the IRS continues to send the ERC Credit reimbursement checks to an old address no longer occupied by the Debtors.

2.      Despite repeated and consistent inquiries by the Trust over an extended period of time, the submission of multiple requested IRS forms and powers of attorney, the IRS continues to send the ERC Credit checks to an old, defunct address, by physical mail.

3.      In addition to the ERC Credits for which the IRS has already acknowledged and processed payments, the Debtors are also owed $4,805,272.13 with respect to ERC Credits for additional time periods for which no disposition has yet been issued by the IRS and for which the Trust requires a timely resolution.

4.      Critically, collection of the ERC Credits is the only remaining administrative item left for the Trust to accomplish, and the only obstacle standing in the way of final distributions to unsecured creditors in this case. However, the significant delay in receipt of the ERC Credits has

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan (as defined below).

caused prejudice to the Trust and its beneficiaries by requiring the Trust to stay open longer than expected and to incur additional professional fees and tax filing fees, and preventing creditors from receiving the balance of their recoveries. Further delay by the IRS cannot be tolerated.

### Jurisdiction and Venue

5.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are section 542 of the Bankruptcy Code and rules 6002 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

6.      On July 13, 2020 (the "Petition Date"), RTW Retailwinds, Inc. ("RTW Retail") and certain of its affiliates (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

7.      On December 10, 2020, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* ("Confirmation Order")[3] confirming the *Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").[4]  On December 31, 2020 (the "Effective Date"), the Plan became effective by its terms.[5]

---

[3] Docket No. 690.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] Docket No. 742.

4917-0393-6684.4 73215.003                3

8. On the Effective Date, the Trust was created pursuant to the terms of the Confirmation Order, Plan and *Liquidating Trust Agreement and Declaration of Trust* (the "Trust Agreement").[6]

### The ERC Credits

9. In connection with the Trust's wind-down efforts, the Trust identified potential recoveries through the Employee Retention Credit ("ERC") program, which was created by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act on March 27, 2020, and subsequently expanded and modified by additional acts of Congress to encourage eligible employers to keep employees on their payroll despite experience economic hardship related to COVID-19.

10. Following engagement of tax advisors in January 2021, the Trust submitted the necessary tax returns relating to the ERC Credits. On October 31, 2022, the Trust submitted amended payroll tax returns (Form 941-X) were via certified mail, seeking refunds totaling approximately $10.19 million across four quarters for Debtors Lerner New York, Inc. ("Lerner NY") and $70,000 for a single quarter for RTW Retailwinds, Inc. ("RTW Retail"), as follows:

|  | Lerner NY | RTW Retail |
|---|---|---|
| Q1 2020 | $4,805,272.13 |  |
| Q2 2020 | $2,130,801.27 | $70,000.00 |
| Q3 2020 | $2,875,349.29 |  |
| Q4 2020 | $382,824.74 |  |
| **Total** | **$10,194,247.43** | **$70,000** |

11. Despite the IRS confirming receipt and processing of the returns, the Trust has faced extraordinary and prolonged delays in obtaining the refunds to which it is entitled. Beginning

---

[6] Docket No. 644.

in May 2023, the Trust and its advisors made repeated attempts to follow up with the IRS — including dozens of calls to the IRS Practitioner Hotline, written correspondence to the Brookhaven Refund Inquiry Unit, multiple submissions of Refund Trace forms (Form 3911), an in-person visit to an IRS field office, and two separate applications to the Taxpayer Advocate Service. Through these efforts, the Trust learned that refunds for the second, third, and fourth quarters of 2020 for Lerner New York— totaling approximately $5.929 million in approved credits plus accrued interest as of September 26, 2025— were issued by the IRS (sometimes on multiple occasions) but returned as undeliverable because they were mailed to the Debtors' former corporate address at 330 West 34th Street, New York, New York, which have been vacated.

12. As of the filing of this Motion, despite the Taxpayer Advocate's assurances in March 2026 that refunds would be reissued by March 9, 2026, no refunds have been received by the Trust. The Trust filed a second Taxpayer Advocate application on April 21, 2026, and received a response on May 11, 2026, however, no funds have been received. The Trust understand that the current status of all ERC Credits allocable to Lerner New York is as follows:

| | ERC Credits Approved For Lerner New York | Accrued Interest as of 9/26/2025 | Status |
|---|---|---|---|
| Q1 – 2020 | | | No disposition has yet been issued |
| Q2 – 2020 | $2,130,801.27 | $105,009.58 | Refund Issued and returned four times |
| Q3 – 2020 | $2,875,349.29 | $435,257.27 | Refund Issued and returned twice |
| Q4 – 2020 | $382,824.74 | Unknown | Refund Issued and returned once |
| **Total** | **$5,388,975.30** | **$540,266.85** | |

13. In addition to having mailed ERC Credits payable to Lerner New York to an incorrect address, the IRS has failed to process change-of-authorized-person filings submitted by the Trustee for the following quarters: Q1 and Q4 2020 for Lerner New York and the Q2 2020 for

RTW Retailwinds. Therefore, despite repeated attempts by the Trust, the IRS has failed to recognize the Trust's authority under the Plan with respect to the ERC Credits as follows:

|  | **Lerner NY** | **Trustee Acknowledged as Authorized Person per Plan?** | **RTW Retail** | **Trustee Acknowledged as Authorized Person per Plan?** |
|---|---|---|---|---|
| Q1 2020 | $4,805,272.13 | NO |  |  |
| Q2 2020 | $2,130,801.27 | YES | $70,000 | NO |
| Q3 2020 | $2,875,349.29 | YES |  |  |
| Q4 2020 | $382,824.74 | NO |  |  |

**Relief Requested**

14.     The Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):  (i) compelling turnover of approved ERC Credits for the second, third, and fourth quarters of 2020 of Lerner New York, Inc. owed to the Debtors' estates from the Internal Revenue Service to the Trust, plus any accrued interest; (ii) directing the IRS to acknowledge the Trust as the authorized recipient of the ERC Credits pursuant to the Plan and to update its records to reflect the address for ERC Credits as the Trust's address; (iii) directing the IRS to provide the name and contact information of a person with authority capable of resolving with the Trust the open ERC Credits; and (iv) for any other relief that the Court may find appropriate and just.

**Basis for Relief**

**A.     The ERC Credits Vested in the Trust Pursuant to the Plan and the IRS Should Be Compelled to Turn Over Such Property to the Trustee.**

15.     Pursuant to section 541 of the Bankruptcy Code, the commencement of a case under the Bankruptcy Code creates an estate, "comprised of all . . . property, wherever located and by whomever held" including, but not limited to "all legal or equitable interests of the debtor in

property as of the commencement date" and "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." *See* 11 U.S.C. § 541(a). The scope of section 541(a) is undoubtedly broad and includes both tangible and intangible property. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). All of the ERC Credits accrued in 2020 prior to the December 31, 2020 Effective Date. Therefore, as of the Effective Date, the ERC Credits were property of the Debtors' estates.

16.     The Plan provides that "On the Effective Date, ***all of the Debtors' Assets shall automatically be transferred to and vest in the Liquidating Trust*** free and clear of all Claims, Liens, Interests, encumbrances, and contractually imposed restrictions except as otherwise provided herein."  Plan at IV.A (emphasis added). Accordingly, as of the December 31, 2020, the ERC Credits automatically transferred to and were vested in the Trust.

17.     The Plan further provides that the Bankruptcy Court retains exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases pursuant to sections 105(a) and 1142 of the Bankruptcy Code. *See* Plan at Art. XI. Section 1142 of the Bankruptcy Code authorizes the Bankruptcy Court to enter necessary orders and to direct any party to effect a transfer of property dealt with by the Plan as follows:

> The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

11 U.S.C. § 1142(b). "Section 1142(b) grants courts authority to compel parties to take actions considerably broader than merely ministerial acts. Pursuant to section 1142(b), the court may issue any order necessary for the implementation of the plan." Vol. 8 COLLIER ON BANKRUPTCY ¶

1142.03[1] (Richard Levin & Henry J. Sommer eds., 16th ed.) (citing *In re Riverside Nursing Home*, 137 B.R. 134, 138 (Bankr. S.D.N.Y 1992) (section 1142(b) "expressly authorizes the court to direct a recalcitrant debtor or other party to perform acts necessary to consummate the plan").

18.    Pursuant to section 1142(b) of the Bankruptcy Code, the Bankruptcy Court has broad authorization to grant the relief that the Trust requires in aid of implementation of the Plan. The Trust's ability to administer the Plan for the benefit of beneficiaries has been severely hampered due to the IRS's (i) continued possession of the ERC Credits that belong to the Debtors' estates, and by virtue of the Plan and Confirmation Order, vested automatically in the Trust and (ii) refusal to acknowledge the Trustee as the authorized person on behalf of the Trust entitled to receive the ERC Credits despite the clear vesting language under the Plan.

19.    In addition, all of the traditional elements that would satisfy the turnover requirements under the Bankruptcy Code are present here as well. Pursuant to section 542 of the Bankruptcy Code, "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code] . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."   11 U.S.C. § 542(a). Where an entity in possession of property of the estate fails to voluntarily turn over the estate property, a debtor in possession may seek to compel turnover. *Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011). To do so, a debtor must establish (a) the property is in the possession, custody, or control of another entity; (b) the property can be used in accordance with the provisions of section 363; and (c) the property has more than inconsequential value to the debtor's estate. *Id.*

20.     As of the Effective Date, the ERC Credits constituted property of the Debtors' estates. Further, each of the factors required to establish an action for turnover is present. First, the ERC Credits are in the possession of the IRS. Second, the ERC Credits (i.e., cash) constitute property that could be used in accordance with section 363. Lastly, the ERC Credits have more than inconsequential value to the Debtors' estates. According to the tax returns filed by the Trustee, Trustee is entitled to over $10,262,000 plus interest. Further, according to the transcripts from the IRS, approximately $6 million of ERC credits plus interest has already been approved and refunds issued. However, such refunds have never made their way to the Trust, but instead have been returned multiple times to the IRS as undeliverable mail. Not only have they been repeatedly sent to an address that the Debtors no longer occupy, the IRS has refused to acknowledge the Trust, acting by and through the Trustee, as the authorized recipient of such ERC Credits. Thus, the IRS should be compelled to turn over the ERC Credits to the Trustee and update its records to reflect that the Trust is the correct beneficiary of the ERC Credits.

### Notice

21.     Notice of this Motion will be provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Internal Revenue Service; (c) the Brookhaven Refund Inquiry Unit, (d) the Office of the United States Attorney General, District of New Jersey, and (e) all parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002. The Trustee believes that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

4917-0393-6684.4 73215.003                              9

## No Prior Request

22.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court: (i) enter the Proposed Order; and (ii) grant such other and further relief to the Trustee as the Court may deem proper.

Dated:   May 19, 2026

KELLEY DRYE & WARREN LLP

*/s/ Dana P. Kane*

James S. Carr, Esq.
Dana P. Kane, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email:   jcarr@kelleydrye.com
            dkane@kelleydrye.com

and

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   bsandler@pszjlaw.com

*Counsel to the Liquidation Trustee*

4917-0393-6684.4 73215.003                              10